| | |
|---|---|
| LAW OFFICES OF WILLIAM C. REIL | |
| BY: William C. Reil, Esquire | |
| Identification No. 26833 | |
| 1515 Market Street, Suite 1200 | |
| Philadelphia, PA 19102 | |
| 215-564-1636 | ATTORNEY FOR PLAINTIFF |
| DR. ORIEN L. TULP : | UNITED STATES DISTRICT |
| President of the : | COURT FOR THE EASTERN |
| University of Science, Arts, and Technology : | DISTRICT OF PENNSYLVANIA |
| vs. : | |
| EDUCATIONAL COMMISSION FOR : | 2:18-cv-05540-WB |
| FOREIGN MEDICAL GRADUATES : | |
| and : | |
| DR. WILLIAM W. PINSKY : | |
| President and CEO : | |
| Educational Commission for : | |
| Foreign Medical Graduates : | JURY TRIAL DEMANDED |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY AND/OR PERMANENT INJUNCTION

### I. BACKGROUND

The pertinent facts set forth in plaintiff's complaint are incorporated herein by reference. Paragraph 10 of the complaint, which constitutes a summary, is as follows:

> 10. In an attempt to close down the USAT and sanction Dr. Tulp, defendant ECFMG has refused to allow students of USAT to take necessary medical examinations. Defendant ECFMG has effectively closed USAT, by refusing to release scores for students who paid for the examinations. Doctors who graduated from USAT have been unable to commence their residency due to the refusal of the Board to issue an appropriate certification. ECFMG has also sent misleading "affidavits" to many USAT students and threatened many students with "irregular behavior" in order to sanction Dr. Tulp and force closure of the University, which he founded. He is President, CEO, and an equal owner of the University. Thus, ECFMG tortiously interfered with the educational contract between the students of USAT, the University, and Dr. Tulp, denied due process to Dr. Tulp and the students of USAT, and improperly used an "affidavit" [*See* Exhibit D] to coerce information from students. [Pinsky letter, *See* Exhibit A.] In addition, the Board placed information in the World Directory of Medical Schools, prior to any hearing or legal process, advising that it would no longer recognize the test scores of USAT graduates after January 1, 2019. *See* Exhibit B.

At this time, defendants have effectively closed USAT, and violated the rights of plaintiff, Dr. Tulp, as set forth in the complaint.

## II.   ARGUMENT AND CONCLUSIONS OF LAW

### Requirement for a Preliminary Injunction

To secure preliminary injunctive relief, plaintiff must establish her need for immediate relief by showing (1) she is likely to succeed on the merits; and (2) denial of preliminary injunctive relief will result in irreparable harm to her before a trial on the merits can take place. See *BP Chems. Ltd. V. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 263 (3d Cir. 2000). When reviewing an application for preliminary injunctive relief, the Court should also consider whether (3) granting an injunction will result in irreparable harm to the non-moving party and/or whether harm to the moving party outweighs the harm to the non-moving party and (4) granting the injunction is in the public interest. See *Acierro v. New Castle Co.*, 40 F.3d 645, 647, 653 (3d Cir. 1994).

A plaintiff seeking a permanent injunction must demonstrate: (1) actual success on the merits of the underlying dispute; (2) irreparable injury; (3) the inadequacy of remedies available at law; (4) that the balance of hardship between the plaintiff and defendant weigh in favor of injunctive relief; and (5) that the public interest would not be disserved by the injunction. See *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001); *Ciba-Geigy Corp. v. Bolar Pharmaceutical Co., Inc.*, 747 F.2d 844, 850 (3d Cir. 1984).

Plaintiff satisfies the requirements for the issuance of a preliminary injunction and/or a Temporary Restraining Order. The actions of ECFMG were in violation of Dr.

Tulp's rights, as set forth in the complaint, and will cause the effective closure of USAT and the exclusion of Dr. Tulp as a medical educator for at least five years.

## III. CONCLUSION

For all the foregoing reasons, plaintiff respectfully requests this Court to grant a Preliminary and/or Permanent Injunction as indicated in the proposed Order.

Respectfully submitted,

*William C. Reil*

William C. Reil, Esquire
FOR: Tommy Swate, Esquire
Attorneys for Plaintiff
File I.D. No. WCR1962
Attorney I.D. No. 26833
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635
December 28, 2018