| | |
|---|---|
| DR. ORIEN L. TULP : | UNITED STATES DISTRICT |
| President of the : | COURT FOR THE EASTERN |
| University of Science, Arts, and Technology : | DISTRICT OF PENNSYLVANIA |
| vs. : | |
| EDUCATIONAL COMMISSION FOR : | 2:18-cv-05540-WB |
| FOREIGN MEDICAL GRADUATES : | |
| and : | |
| DR. WILLIAM W. PINSKY : | |
| President and CEO : | |
| Educational Commission for : | |
| Foreign Medical Graduates : | JURY TRIAL DEMANDED |

## **ORDER FOR A PERMANENT AND/OR PRELIMINARY INJUNCTION**

AND NOW, this _____ day of _____, 2019, upon consideration of plaintiff's motion for a permanent and/or preliminary injunction, and any response by defendants thereto, it is hereby ORDERED and DECREED that defendants are enjoined from taking any further adverse action against plaintiff, and defendants are to immediately resume processing the medical examinations of the students of USAT, and release their examination scores, and remove the negative advisory from the sponsor notes on the World Directory of Medical Schools listing for the USAT College of Medicine.

BY THE COURT:

_____
Honorable Wendy Beetlestone
United States District Court Judge

LAW OFFICES OF WILLIAM C. REIL
BY: William C. Reil, Esquire
Identification No. 26833
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635                                    ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| DR. ORIEN L. TULP | UNITED STATES DISTRICT |
| President of the | COURT FOR THE EASTERN |
| University of Science, Arts, and Technology: | DISTRICT OF PENNSYLVANIA |
| vs. | |
| EDUCATIONAL COMMISSION FOR | 2:18-cv-05540-WB |
| FOREIGN MEDICAL GRADUATES | |
| and | |
| DR. WILLIAM W. PINSKY | |
| President and CEO | |
| Educational Commission for | |
| Foreign Medical Graduates | JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION FOR
## A PRELIMINARY AND/OR PERMANENT INJUNCTION

Plaintiff, Dr. Orien L. Tulp, through his undersigned counsel, requests the Court to Order a Preliminary and/or Permanent Injunction, and in support thereof, it is averred as follows:

1. The plaintiff is Dr. Orien L. Tulp, hereafter referred to as "Dr. Tulp", an adult individual whose address for service of process is at 4288 Youngfield Street, Wheat Ridge, CO 80033. At all times material herein, plaintiff was President of the University of Science, Arts, and Technology ("USAT"), and had an ownership interest in the University. USAT is located in Montserrat, but its US administrative office is located at the address in the caption, and students take classes in Montserrat and the US via a distance education format.

2. A defendant is the Educational Commission for Foreign Medical Graduates, hereafter referred to as "ECFMG" or "the Board", which is an unincorporated association, whose address for service of process is 3624 Market Street, Philadelphia, PA 19104.

According to their mission statement, the ECFMG is an organization which purports to certify medical school students and graduates to practice medicine in the United States.

3. A defendant is Dr. William W. Pinsky, the President and CEO of the ECFMG, whose address for service of process is indicated in the caption. *See* Exhibit A, to the complaint.

4. On or about 12/24/18, plaintiff filed a complaint for tortious interference of contract, violation of his constitutional rights to due process, fraudulent and negligent misrepresentation, and abuse of process against defendants. *See* paragraph 10 of the complaint, which is a summary.

5. Unless defendants are enjoined from illegally blocking the necessary medical licensure of USAT students and finding "irregular behavior" against Dr. Tulp without a fair hearing, Dr. Tulp will suffer irreparable harm, since the University will effectively and immediately be closed by the actions of the defendants. *See* Exhibits A and D of the complaint.

6. ECFMG found Dr. Tulp to have committed "irregular behavior" which essentially excludes plaintiff for at least five years from participation in medical school education. Dr. Tulp does not concede that ECFMG has any jurisdiction over him.

7. ECFMG charged, and threatened to charge, USAT students with "irregular behavior" because they did not fill out an "affidavit" sent to them by ECFMG. Such "affidavit" requested documents and was tantamount to an illegal *subpoena duces tecum*.

8. ECFMG has placed in the World Directory of Medical Schools language which essentially conveys to students that USAT will no longer operate. This was done on an ex parte basis, well before any hearing was scheduled.

9. The Board set up a hearing on 11/28/18 for Dr. Tulp, only, in Philadelphia, at the address in the caption to address so-called "irregular behavior." After a few minutes, with no witnesses called, Board counsel announced that the hearing was terminated. Prior to the hearing, the Board took the position that Dr. Tulp had the burden of proof on the issue of "irregular behavior" for which he had been charged by the Board. The Board set 20 minutes as the duration of the hearing. No testimony was taken or exhibits received in evidence, before Board counsel terminated the hearing. No Transcript of the proceedings has been received. Dr. Pinksy indicated in his letter of December 14, 2018 to Dr. Tulp that Dr. Tulp had been found guilty of "irregular behavior" by the ECFMG, which body would take action to effectively close USAT and penalize its students and graduates.

10. The factual basis and legal grounds for this Motion are contained in the complaint, and it is averred that plaintiff's right to relief is clear.

11. Plaintiff avers that he is likely to succeed on the merits of the claim.

12. The complaint and summons has been served on ECFMG and Dr. Pinksy. This motion will be served on defendants by rush service. No attorney has yet entered an appearance or contacted plaintiffs' counsel indicating representation of defendants.

13. Because of the emergency nature of the situation which plaintiff has been thrust into by the defendants, a hearing with the Court is requested as soon possible.

WHEREFORE, Plaintiff requests the Court to award appropriate legal, equitable and injunctive relief, as indicated in the suggested Order to this Motion.

Respectfully submitted,

*William C. Reil*

William C. Reil, Esquire
FOR: Tommy Swate, Esquire
Attorneys for Plaintiff
File I.D. No. WCR1962
Attorney I.D. No. 26833
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635
December 28, 2018

| | |
|---|---|
| LAW OFFICES OF WILLIAM C. REIL | |
| BY: William C. Reil, Esquire | |
| Identification No. 26833 | |
| 1515 Market Street, Suite 1200 | |
| Philadelphia, PA 19102 | |
| 215-564-1636 | ATTORNEY FOR PLAINTIFF |
| DR. ORIEN L. TULP : | UNITED STATES DISTRICT |
| President of the : | COURT FOR THE EASTERN |
| University of Science, Arts, and Technology : | DISTRICT OF PENNSYLVANIA |
| vs. : | |
| EDUCATIONAL COMMISSION FOR : | 2:18-cv-05540-WB |
| FOREIGN MEDICAL GRADUATES : | |
| and : | |
| DR. WILLIAM W. PINSKY : | |
| President and CEO : | |
| Educational Commission for : | |
| Foreign Medical Graduates : | JURY TRIAL DEMANDED |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY AND/OR PERMANENT INJUNCTION

### I. BACKGROUND

The pertinent facts set forth in plaintiff's complaint are incorporated herein by reference. Paragraph 10 of the complaint, which constitutes a summary, is as follows:

> 10. In an attempt to close down the USAT and sanction Dr. Tulp, defendant ECFMG has refused to allow students of USAT to take necessary medical examinations. Defendant ECFMG has effectively closed USAT, by refusing to release scores for students who paid for the examinations. Doctors who graduated from USAT have been unable to commence their residency due to the refusal of the Board to issue an appropriate certification. ECFMG has also sent misleading "affidavits" to many USAT students and threatened many students with "irregular behavior" in order to sanction Dr. Tulp and force closure of the University, which he founded. He is President, CEO, and an equal owner of the University. Thus, ECFMG tortiously interfered with the educational contract between the students of USAT, the University, and Dr. Tulp, denied due process to Dr. Tulp and the students of USAT, and improperly used an "affidavit" [*See* Exhibit D] to coerce information from students. [Pinsky letter, *See* Exhibit A.] In addition, the Board placed information in the World Directory of Medical Schools, prior to any hearing or legal process, advising that it would no longer recognize the test scores of USAT graduates after January 1, 2019. *See* Exhibit B.

At this time, defendants have effectively closed USAT, and violated the rights of plaintiff, Dr. Tulp, as set forth in the complaint.

## II. ARGUMENT AND CONCLUSIONS OF LAW

### Requirement for a Preliminary Injunction

To secure preliminary injunctive relief, plaintiff must establish her need for immediate relief by showing (1) she is likely to succeed on the merits; and (2) denial of preliminary injunctive relief will result in irreparable harm to her before a trial on the merits can take place. See *BP Chems. Ltd. V. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 263 (3d Cir. 2000). When reviewing an application for preliminary injunctive relief, the Court should also consider whether (3) granting an injunction will result in irreparable harm to the non-moving party and/or whether harm to the moving party outweighs the harm to the non-moving party and (4) granting the injunction is in the public interest. See *Acierro v. New Castle Co.*, 40 F.3d 645, 647, 653 (3d Cir. 1994).

A plaintiff seeking a permanent injunction must demonstrate: (1) actual success on the merits of the underlying dispute; (2) irreparable injury; (3) the inadequacy of remedies available at law; (4) that the balance of hardship between the plaintiff and defendant weigh in favor of injunctive relief; and (5) that the public interest would not be disserved by the injunction. See *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001); *Ciba-Geigy Corp. v. Bolar Pharmaceutical Co., Inc.*, 747 F.2d 844, 850 (3d Cir. 1984).

Plaintiff satisfies the requirements for the issuance of a preliminary injunction and/or a Temporary Restraining Order. The actions of ECFMG were in violation of Dr.

Tulp's rights, as set forth in the complaint, and will cause the effective closure of USAT and the exclusion of Dr. Tulp as a medical educator for at least five years.

## III. **CONCLUSION**

For all the foregoing reasons, plaintiff respectfully requests this Court to grant a Preliminary and/or Permanent Injunction as indicated in the proposed Order.

Respectfully submitted,

*William C. Reil*

William C. Reil, Esquire
FOR: Tommy Swate, Esquire
Attorneys for Plaintiff
File I.D. No. WCR1962
Attorney I.D. No. 26833
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635
December 28, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the attached document (s) was served upon all other parties on January 4, 2019 or their counsel of record by:

| | |
|---|---|
| _____ | Regular First Class Mail |
| _____ | Facsimile |
| _____ | Certified Mail |
| _____X_____ | Hand-Delivery |
| _____ | Electronic Filing |

*William C. Reil*
William C. Reil, Esquire
Attorney for Plaintiff
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635
ID: 26833
01/04/19