# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. ORIEN L. TULP, <br><br> Plaintiff, <br><br> v. <br><br> EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES and DR. WILLIAM W. PINSKY, <br><br> Defendants. | ) <br> ) <br> ) Case No. 2:18-cv-05540-WB <br> ) <br> ) Hon. Wendy Beetlestone <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA FOR THE APPEARANCE OF DR. WILLIAM W. PINSKY

January 10, 2019

Elisa P. McEnroe, PA Bar No. 206143
Matthew D. Klayman, PA Bar No. 319105
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:     +1.215.963.5917
Facsimile:      +1.215.963.5001
elisa.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

*Attorneys for the Educational Commission for Foreign Medical Graduates and Dr. William W. Pinsky*

**I. INTRODUCTION**

Defendants Educational Commission for Foreign Medical Graduates ("ECFMG") and Dr. William W. Pinsky move this Court to quash the subpoena issued by Plaintiff Dr. Orien L. Tulp to compel Dr. Pinsky's appearance at the hearing scheduled for Friday, January 11, 2019. The subpoena was issued so close to the hearing that it failed to give Dr. Pinsky reasonable time to comply and places an undue burden on Dr. Pinsky, who is traveling internationally until January 12 in connection with a preexisting professional commitment. Additionally, the Court should quash the subpoena because it was not properly served. ECFMG will have two other knowledgeable executives present at the hearing, despite the subpoenas on them also being defective.

**II. BACKGROUND**

On December 24, 2018, Plaintiff filed suit against ECFMG and Dr. William W. Pinsky, alleging various tort claims and violations of due process. ECF No. 1. On January 2, 2019, Plaintiff filed a Motion for Preliminary and/or Permanent Injunction and asked the Court to hold an emergency hearing. ECF No. 3. Defendants were served with a copy of the Motion on January 4, 2019. ECF No. 5. That same day, the Court scheduled a hearing on the Motion for Friday, January 11, 2019. ECF No. 9. Neither Plaintiff's Complaint nor his Motion for Preliminary and/or Permanent Injunction suggests that Dr. Pinsky has unique knowledge relevant to his claims.

On Monday, January 7, 2019, Plaintiff attempted to serve subpoenas to compel the attendance of Dr. Pinsky and two other ECFMG executives, Kara Corrado and Lisa Cover. *See* Ex. A (Dr. Pinsky Subpoena); Ex. B (Corrado Subpoena); Ex. C (Cover Subpoena). The subpoenas were not delivered by personal service to Dr. Pinsky, Ms. Corrado, or Ms. Cover, as

required by Fed. R. Civ. P. 45(b)(1), but rather were left with ECFMG's receptionist. *See* Decl. of Kara Corrado ¶¶ 3-4 (attached as Ex. D). Nor were the subpoenas accompanied by payment of "the fees for 1 day's attendance and the mileage allowed by law," as required by Fed. R. Civ. P. R. 45(b)(1). *See id.* ¶¶ 5-6.

Dr. Pinsky is travelling internationally on business in connection with a preexisting professional commitment. *See id.* ¶ 7. His travel plans have been in place since mid-November 2018 and were booked since December 16, 2018—before either this lawsuit or the motion at issue were filed. *See id.* Dr. Pinsky's commitment includes participation at professional events out of the country on January 10 and 11, and he is not scheduled to return to the United States until January 12. *See id.*

### III.  LEGAL STANDARD

The Court must grant a motion to quash or modify a subpoena if the subpoena "fails to allow a reasonable time to comply" or "subjects a person to undue burden." Fed R. Civ. P. 45(d)(3)(A)(i), (iii). In connection with a claim of undue burden, if the party seeking to challenge the subpoena demonstrates a "clearly defined and serious injury," the Court must balance the subpoenaing party's "interest in disclosure" and the subpoenaed party's "interest in non-disclosure." *In re Domestic Drywall Antitrust Litigation*, 300 F.R.D. 234, 239 (E.D. Pa. 2014). This involves balancing relevance, need, confidentiality, and harm. *Frank Brunkhorst Co. v. Ihm*, No. 12-0217, 2012 WL 5250399, at *5 (E.D. Pa. Oct. 23, 2012).

The Federal Rules also provide that "serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

## IV. ARGUMENT

The subpoena to Dr. Pinsky should be quashed for at least four reasons, each of which would be independently sufficient.

*First*, Plaintiff's delivery of the subpoena in such close proximity to Friday's injunction hearing denied Dr. Pinsky a reasonable time to adjust his pre-planned international business travel in order to comply with the subpoena. Dr. Pinsky's travel plans have been in place since November 2018, and mere days' notice is not sufficient time for him to adjust his longstanding commitment. It is particularly unreasonable to require Dr. Pinsky to upend his travel in light of Plaintiff's delay in seeking injunctive relief. Plaintiff's allegations stem from actions taken by ECFMG between August 2018 and mid-December 2018, and Plaintiff's failure to seek injunctive relief earlier should not excuse his failure to give Dr. Pinsky reasonable time to comply with a subpoena now. *See Lanin v. Borough of Tenafly*, 515 F. App'x 114, 118 (3d Cir. 2013) ("Delay in seeking enforcement of rights [through preliminary injunctive relief] . . . tends to indicate at least a reduced need for such drastic, speedy action.").

*Second*, the subpoena should also be quashed because it would be unduly burdensome to require Dr. Pinsky to return from his pre-planned international business trip in order to appear at Friday's hearing. Dr. Pinsky and ECFMG would suffer harm if Dr. Pinsky were forced to abandon his pre-scheduled travel plans. It would not be possible to have Dr. Pinsky carry out the purpose for his travel and return in time for the hearing. *See* Ex. D ¶ 7. Not only will ECFMG incur additional expense for rush tickets (if even possible), but Dr. Pinsky would be prevented from carrying out his work obligations, thereby resulting in harm to Dr. Pinsky and ECFMG.

*Third*, there is no need for Dr. Pinsky to attend the hearing because counsel will be appearing on his behalf and other ECFMG executives—with the same or better knowledge of the

3

relevant facts—will be available to testify about the issues raised in Plaintiff's Motion.  Plaintiff issued subpoenas to two other ECFMG executives, Kara Corrado and Lisa Cover.  Both Ms. Corrado and Ms. Cover plan to attend Friday's hearing (despite the defects in the subpoenas issued to them, *see infra* at 5 n.1) and are familiar with the facts underlying the dispute.  *See id.* ¶¶ 8-9.  Although Dr. Pinsky is a named defendant, the only allegations in the Complaint involving him relate to actions taken by "the ECFMG Committee," Compl. ¶ 51, and both Ms. Corrado and Ms. Cover are in a position to speak to the actions of the ECFMG Committee in question.  *See, e.g.*, *id.*; Ex. E (excerpts of transcript from Dr. Tulp's hearing before the ECFMG Medical Education Credentials Committee showing Ms. Corrado and Ms. Cover were in attendance).  There is no need for Dr. Pinsky to attend the hearing and testify when information relevant to Plaintiff's claims can be answered just as easily by other ECFMG executives who are able to rearrange their local business obligations to attend.  Accordingly, the Court should quash the subpoena directed to Dr. Pinsky given the undue burden it places on him.

     *Fourth*, the Court should quash the subpoena directed to Dr. Pinsky because it was not served properly.  "Serving a subpoena requires ***delivering a copy to the named person*** and, if the subpoena requires that person's attendance, ***tendering the fees for 1 day's attendance and the mileage allowed by law***."  Fed. R. Civ. P. 56(b)(1) (emphases added).  Neither of these requirements were met.  Plaintiff did not deliver a copy of the subpoena to Dr. Pinsky.  *See* Ex. D ¶ 4.  Rather, a process server left the subpoena with ECFMG's receptionist.  *Id.*  Because "[t]he longstanding interpretation of Rule 45 has been that personal service of subpoenas is required," *Yarus v. Walgreen Co.*, Civ. A. No. 14-1656, 2015 WL 4041955, at *2 (E.D. Pa. July 1, 2015) (quoting 9A Wright, Miller, Kane, & Marcus, *Federal Practice & Procedure* § 2454 (3d ed. 214)), and personal service on Dr. Pinsky was not made, service was improper and the

4

subpoena should be quashed. Additionally, Plaintiff did not "tender[] the fees for 1 day's attendance and the mileage allowed by law" as required by Rule 45 in connection with a subpoena requiring a person's attendance, like the subpoena directing Dr. Pinsky to attend Friday's hearing. *See* Ex. D ¶ 6. Failure to meet this requirement of Rule 45 provides an additional reason to quash the subpoena directed to Dr. Pinsky. *See Burns v. Lavender Hill Herb Farm, Inc.*, Civ. A. No. 01-7019, 2005 WL 256459, at *1–2 (E.D. Pa. February 1, 2005) (subpoena served improperly when left in waiting room of subpoenaed party's employment and plaintiff failed to tender required fees).[1]

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court quash the subpoena directed to Dr. Pinsky.

Respectfully submitted,

Dated: January 10, 2019

*/s/ Elisa P. McEnroe*
Elisa P. McEnroe, PA Bar No. 206143
Matthew D. Klayman, PA Bar No. 319105
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5917
Facsimile: +1.215.963.5001
elisa.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

*Attorneys for the Educational Commission for Foreign Medical Graduates and Dr. William W. Pinsky*

---

[1] We note these service deficiencies as additional grounds for quashing the subpoena directed to Dr. Pinsky and excusing Dr. Pinsky from attendance at Friday's hearing on account of his pre-planned international business travel. As noted above, Ms. Corrado and Ms. Cover will attend Friday's hearing notwithstanding identical deficiencies in service of the subpoenas directed to them.

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this date, I caused true and correct copies of the foregoing document to be served via electronic filing upon the following counsel of record via the ECF system and/or U.S. mail:

>TOMMY SWATE
>403 WILD PLUM
>HOUSTON, TX 77013
>
>WILLIAM C. REIL
>1515 MARKET ST SUITE 1200
>PHILADELPHIA, PA 19102
>215-564-1635
>Fax: 215-564-4292
>Email: billreillaw@gmail.com
>
>*Attorneys for Plaintiff*

DATED: January 10, 2019          */s/ Elisa P. McEnroe*
                                                  Elisa P. McEnroe