**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DR. ORIEN L. TULP, | | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EDUCATIONAL COMMISSION FOR | ) | |
| FOREIGN MEDICAL GRADUATES and | ) | |
| DR. WILLIAM W. PINSKY, | ) | Case No. 2:18-cv-05540-WB |
| | ) | |
| Defendants. | ) | Hon. Wendy Beetlestone |
| | ) | |

<u>**JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN**</u>

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on January 17, 2019, and submit to Chambers the following report of their meeting for the Court's consideration:

**1.      Discussion of Claims, Defenses and Relevant Issues**

<u>Plaintiff's Position</u>.  Significant issues involve interference with contract, misrepresentation, and abuse of process, state action and due process, and irreparable harm. See complaint and motion for preliminary injunction. Plaintiff's Summary from the Complaint, paragraph 10, reads as follows:

In an attempt to close down the USAT and sanction Dr. Tulp, defendant ECFMG has refused to allow students of USAT to take necessary medical examinations. Defendant ECFMG has effectively closed USAT, by refusing to release scores for students who paid for the examinations. Doctors who graduated from USAT have been unable to commence their residency due to the refusal of the Board to issue an appropriate certification. ECFMG has also sent misleading "affidavits" to many USAT students and threatened many students

1

with "irregular behavior" in order to sanction Dr. Tulp and force closure of the University, which he founded. He is President, CEO, and an equal owner of the University. Thus, ECFMG tortiously interfered with the educational contract between the students of USAT, the University, and Dr. Tulp, denied due process to Dr. Tulp and the students of USAT, and improperly used an "affidavit" [*See* Exhibit D] to coerce information from students. [Pinsky letter, *See* Exhibit A.] In addition, the Board placed information in the World Directory of Medical Schools, prior to any hearing or legal process, advising that it would no longer recognize the test scores of USAT graduates after January 1, 2019. *See* Exhibit B.

Defendants' Position.  The facts of this case are set forth in detail in Defendants' Opposition to the motion for injunctive relief (ECF No. 12).  In short,  Plaintiff Dr. Orien L. Tulp asks this Court to force the Educational Commission for Foreign Medical Graduates ("ECFMG")—a private non-profit organization that certifies whether ***international*** medical graduates ("IMGs") have met minimum requirements to be eligible for residency programs in the United States—to recognize the University of Science, Arts and Technology ("USAT") as a legitimate foreign medical school based in Montserrat, despite ECFMG's findings that USAT provided medical education at unauthorized satellite locations in the United States and that Dr. Tulp lied to ECFMG about those locations.  Dr. Pinsky is the President and CEO of ECFMG. Following a thorough investigation that confirmed USAT's unauthorized operations in the United States, ECFMG decided that students and graduates of USAT would no longer be eligible for ECFMG certification (a step in the process toward admission in a residency program in the United States) effective as of January 1, 2019.  ECFMG also advised Dr. Tulp of an allegation that he had engaged in conduct subversive to ECFMG (so-called "irregular behavior") by, among other things, lying to ECFMG about USAT's operations in the United States.  After disclosure to Dr. Tulp of the evidence of his misconduct and a full hearing where Dr. Tulp was represented by

counsel (but refused to present any evidence), ECFMG's Medical Educational Credentials Committee determined that Dr. Tulp had engaged in irregular behavior.  The Credentials Committee decided that ECFMG would not accept documents signed/certified by Dr. Tulp for a minimum of five years, and the prohibition would end upon a satisfactory petition by Dr. Tulp demonstrating his familiarity and willingness to comply with ECFMG's policies.

Dr. Tulp is not entitled to damages or injunctive relief because his claims fail as a matter of law and as a matter of fact.  ECFMG has not interfered with any existing or prospective contractual relationships between Dr. Tulp and USAT students.  ECFMG's conduct was entirely proper and was not motivated by specific intent to harm Dr. Tulp.  Dr. Tulp's due process claims are meritless because ECFMG is not a state actor, its actions do not implicate Dr. Tulp's protected liberty or property interests, and Dr. Tulp was afforded due process, including a full pre-decision hearing in which he was represented by counsel.  Nor has ECFMG made any misrepresentations; all of its statements about its decisions with respect to USAT and Dr. Tulp were accurate.  And ECFMG is not liable for abuse of process simply because it required USAT students submit affidavits attesting to their status as international medical graduates in connection with their applications for ECFMG certification.

Defendants anticipate needing discovery from Dr. Tulp and various third parties (including USAT, USAT students, USAT faculty, and potentially even various federal, state, and foreign regulatory bodies) about USAT's operations in Montserrat and the United States, along with discovery about Dr. Tulp's approach to the ECFMG Certification process.

**2.     Initial                                                                                              Disclosures**

The parties have agreed to exchange initial disclosures by January 23, 2019 consistent with Federal Rule of Civil Procedure 26(a)(1).

Additionally, ECFMG has already informally provided significant documentation to

Dr. Tulp in advance of his personal appearance before the ECFMG Medical Education Credentials Committee.

3.      **Formal Discovery**

The parties have agreed there is no need to exceed the standard number of interrogatories or depositions provided for in the Federal Rules of Civil Procedure.

Plaintiff's Position.  Plaintiff expects to serve the usual discovery, including interrogatories, request for production of documents, and request for admissions. Particularly, with regard to any correspondence with Dr. Tulp, USAT, or its students. Plaintiff may depose the parties and anyone with personal knowledge of any claim or defense, or policy applicable thereto. Plaintiffs do not necessarily agree with defendants here, but wish to see how defendants' proposed discovery is to be carried out.

Defendants' Position.  Defendants anticipate deposing and serving discovery requests on Dr. Tulp.  Defendants also anticipate serving subpoenas for depositions and/or for the production of documents from third parties, including USAT, USAT faculty, and USAT students.  Defendants may seek discovery regarding USAT's authorization to operate as a medical school in Montserrat and/or in the United States from various regulatory authorities, including the government of Montserrat, the United States Department of Education, and relevant state departments of education.  Defendants believe this case should proceed on the Court's standard discovery track, with ninety (90) days from the date of the Rule 16 conference to complete discovery.

4.      **Electronic Discovery**

The parties have agreed there is unlikely to be substantial electronic discovery. Accordingly, they do not anticipate needing an order regarding electronic discovery at this time.

5.      **Expert Witness Disclosures**

Plaintiff's Position.  Plaintiffs have not retained any expert witnesses at this time, but request the right to obtain expert reports and supply them to defendants in a timely fashion.

Defendants' Position.  Defendants propose that the parties stage their exchange of expert reports (with Plaintiff submitting first and Defendants second) and that expert discovery and potential *Daubert* motions be completed within 180 days from the date of the Rule 16 conference.

**6.     Early Settlement or Resolution**

The parties have not engaged in settlement discussions and believe that such discussions are premature in light of the pending motion for injunctive relief and the forthcoming motion to dismiss.  Counsel has advised their respective clients of alternative dispute resolution options.  If the Court deems it appropriate, the parties would willingly participate in ADR, arbitration, mediation, or other settlement efforts.

Plaintiff believes that the referral of this case to a Magistrate Judge would streamline issues and discovery and could lead to a settlement. Dr. Tulp is 82 years old. Plaintiff would propose that a settlement involving the retirement of Dr. Tulp as a medical educator, at a future date to be negotiated between the parties, may resolve this case.

**7.     Trial Date**

The parties expect to be ready for trial by October 2019.

**8.     Other Matters**

The parties intend to submit an umbrella confidentiality order in this case to protect student confidentiality and other confidentiality concerns.

Plaintiff needs to see the particulars of the proposed confidentiality order. It is noted that defendants have already contacted and sent affidavits to numerous USAT students.

**The parties agree that for the preliminary injunction of January 24, 2019, that defendants will produce witnesses Kara Corrado, J.D., and Lisa L. Cover, who are employees of ECFMG, but plaintiff will withdraw the subpoena for Dr. William W. Pinsky whom plaintiffs understand is out of the country.**

The parties the reserve the right to amend this document depending upon events which may create additional discovery.

Dated: January 17, 2019

_William C. Reil_

Counsel for Plaintiff

Dated: January 17, 2019

Counsel for Defendants