**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DR. ORIEN L. TULP, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:18-cv-05540-WB |
| | ) | |
| v. | ) | Hon. Wendy Beetlestone |
| | ) | |
| EDUCATIONAL COMMISSION FOR | ) | |
| FOREIGN MEDICAL GRADUATES and | ) | |
| DR. WILLIAM W. PINSKY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

February 21, 2019

Elisa P. McEnroe, PA Bar No. 206143
Matthew D. Klayman, PA Bar No. 319105
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:     +1.215.963.5917
Facsimile:     +1.215.963.5001
elisa.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

*Attorneys for the Educational Commission for
Foreign Medical Graduates and Dr. William
W. Pinsky*

## <u>TABLE OF CONTENTS</u>

I.      **INTRODUCTION**.................................................................................................... 1

II.     **ARGUMENT** ........................................................................................................... 1

      A.     Dr. Tulp Mischaracterizes the Allegations and Exhibits of the Complaint ........... 1

      B.     Nothing In the Opposition Changes That Dr. Tulp's Allegations Fail ................. 4

            1.     Dr. Tulp's Due Process Claims Fail as a Matter of Law ........................... 4

            2.     Dr. Tulp's Misrepresentation Claims Fail as a Matter of Law ................. 7

            3.     Dr. Tulp's Abuse of Process Claims Fail as a Matter of Law ................... 7

            4.     Dr. Tulp's Tortious Interference Claims Fail as a Matter of Law ............ 8

      C.     Dr. Tulp Should Not Be Granted Leave to File an Amended Complaint............. 9

III.    **CONCLUSION** .......................................................................................... 10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................................................4

*Barnum v. Milbrook Care Ltd. Partnership*,
850 F. Supp. 1227 (S.D.N.Y. 1994)........................................................................1

*Bell Atl. Corp. v. Twombly*,
550 U.S. 554 (2007)...................................................................................................4

*Biliski v. Red Clay Consol. School Dist. Bd. Of Educ.*,
574 F.3d 214 (3d Cir. 2009).....................................................................................5

*BP Envtl. Servs., Inc. v. Republic Servs., Inc.*,
946 F. Supp. 2d 402 (E.D. Pa. 2013) ......................................................................8

*Budhun v. Reading Hosp. & Med. Ctr.*,
765 F.3d 245 (3d Cir. 2014).....................................................................................3

*Byers v. Intuit, Inc.*,
No. 07-4753, 2009 WL 948651 (E.D. Pa. Mar. 18, 2009) ....................................1

*Gonzaga Univ. v. Doe*,
536 U.S. 290 (2002)...................................................................................................8

*Grayson v. Mayview State Hospital*,
293 F.3d 103 (3d Cir. 2002).....................................................................................9

*Hawksbill Sea Turtle v. FEMA*,
126 F.3d 461 (3d Cir. 1997).....................................................................................5

*Hishon v. King & Spalding*,
467 U.S. 69 (1984).....................................................................................................4

*McKeesport Hospital v. Accreditation Council for Graduate Medical Education*,
24 F.3d 519 (3d Cir. 1994)........................................................................................6

*McTernan v. City of York, Pennsylvania*,
577 F.3d 521 (3d Cir. 2009).....................................................................................5

*Monell v. Dep't of Soc. Servs. of the City of New York*,
436 U.S. 658 (1978)...................................................................................................4

# TABLE OF AUTHORITIES
(continued)

**Page**

*Opoku v. ECFMG*,
    574 F. App'x 197 (3d Cir. 2014) ................................................................6

*Rockman v. Aciukewicz*,
    No. 1434 MDA 2013, 2014 WL 10937492 (Pa. Super. Apr. 1, 2014), and (2) .......................7

*Santiago v. Warminster Twp.*,
    629 F.3d 121 (3d Cir. 2010)....................................................................7

*Sciarra v. Reliance Standard Life Ins. Co.*,
    No. 97-1363, 1998 WL 564481 (E.D. Pa. Aug. 26, 1998) .......................................6

*Smith v. NCAA*,
    139 F.3d 180 (3d Cir. 1998).....................................................................9

*Snyder v. Baxter Healthcare, Inc.*,
    393 F. App'x. 905 (3d Cir. 2010) ..............................................................3

*Walnut St. Assocs., Inc. v. Brokerage Concepts, Inc.*,
    20 A.3d 468 (Pa. 2011) ........................................................................9

**Statutes**

42 Pa. Cons. Stat. § 8343(b)(1).....................................................................3

42 U.S.C. § 1983.....................................................................................7

Federal Education Records Protection Act .......................................................8

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) .........................................................1, 7, 10

Restatement (Second) of Torts § 772, cmt..........................................................9

I.      **INTRODUCTION**

Dr. Tulp's Opposition does not meaningfully address any of the arguments raised in Defendants' Motion to Dismiss.  He cites inapplicable legal standards and mischaracterizes both the allegations and claims purportedly set forth in the Complaint, but he fails to explain away the deficiencies in his pleading that Defendants identified in the Motion to Dismiss.  Because those deficiencies are fatal to each of Dr. Tulp's claims, Dr. Tulp has failed to state any claim against ECFMG or Dr. Pinsky, and this Court should dismiss the Complaint in its entirety and with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

II.     **ARGUMENT**

      A.      **Dr. Tulp Mischaracterizes the Allegations and Exhibits of the Complaint.**

As an initial matter, Dr. Tulp's Opposition contains numerous factual assertions that are belied by the actual allegations and exhibits of the Complaint.  Those mischaracterizations – described in detail below – should be rejected.  *See Byers v. Intuit, Inc.*, No. 07-4753, 2009 WL 948651, at *2 (E.D. Pa. Mar. 18, 2009) ("When allegations in a complaint are contradicted by the materials appended to or referenced in the complaint, 'the document controls and the court need not accept as true the allegations of the complaint.'" (quoting *Barnum v. Milbrook Care Ltd. Partnership*, 850 F. Supp. 1227, 1232–33 (S.D.N.Y. 1994)).

Dr. Tulp mischaracterizes the limited sanction ECFMG imposed on him after it found that he engaged in irregular behavior.  Dr. Tulp was not, as he claims, "barred" by ECFMG from serving "as a medical educator for at least five years."  Opp. 7.  Nor was Dr. Tulp subjected to a "permanent sanction" as he contends in the Opposition.  *Id.*  Rather, per the letter from ECFMG attached to the Complaint and on which Dr. Tulp relies, ECFMG's only action with respect to Dr. Tulp was to decide that it would "not accept any documents signed/certified by [Dr. Tulp] for ECFMG on behalf of USAT, or any other medical school, for a minimum of five years from today;

thereafter, the prohibition shall end only upon a petition to ECFMG conclusively demonstrating to the satisfaction of the ECFMG Committee a familiarity with, and willingness to adhere to, ECFMG policies." Compl. Ex. A. The Complaint and its exhibit thus undermine the unsupported assertions in the Opposition that Dr. Tulp is facing a "permanent sanction" and that ECFMG has "barred" Dr. Tulp from serving as a medical educator.

In support of Dr. Tulp's mischaracterization of the limited sanction, Dr. Tulp contends that ECFMG has "no basis to exercise jurisdiction over Dr. Tulp" and act as it did. Opp. 15. This mischaracterizes ECFMG's action. As is clear from the Complaint and its exhibits, ECFMG decided, following its own investigation and a hearing, that it would no longer accept his signature. That is not a question of jurisdiction, but rather a question of whether ECFMG must believe Dr. Tulp notwithstanding its finding that he lied to ECFMG. The notion of "jurisdiction" is a red herring.

Dr. Tulp also mischaracterizes the timing of ECFMG's decision to punish Dr. Tulp and the extent to which ECFMG's limited sanction on him was made public. In the Opposition, Dr. Tulp relies on an October 2018 update to the ECFMG Sponsor Note about USAT in the World Directory of Medical Schools to argue that ECFMG decided to punish him before his November 2018 hearing. *See* Opp. 7. But the Sponsor Note, attached to the Complaint, makes **no** reference to Dr. Tulp whatsoever. *See* Compl. Ex. B. To the extent Dr. Tulp relies on his mischaracterization of the Sponsor Note to argue that ECFMG prejudged Dr. Tulp's case and decided he was guilty of irregular behavior before the November 2018 hearing, the argument is – again – directly contradicted by Dr. Tulp's own pleading.

Dr. Tulp also mischaracterizes the content of the affidavits issued by ECFMG, claiming that ECFMG threatened USAT students who failed to complete affidavits with "irregular

-2-

behavior." Opp. 16. This, again, is directly contradicted by Dr. Tulp's own pleading. The affidavit, which Dr. Tulp attached to his Complaint, contains a warning that any student who included **false information** on an affidavit could face allegations of "irregular behavior." Compl. Ex. D. The claim that ECFMG forced students to complete affidavits under threat of "irregular behavior" is thus belied by the affidavit itself.

Dr. Tulp further contends that "neither notice of charges nor the right to present evidence was allowed by the ECFMG" at Dr. Tulp's irregular behavior hearing. Opp. 14. That is contrary not just to the allegations in the Complaint, but also to the Court's findings at the preliminary injunction hearing, which are preclusive on this issue. *See infra*.

Beyond mischaracterizing the facts, Dr. Tulp's Opposition also misstates his own claims. Dr. Tulp suggests repeatedly that the Complaint contains a defamation claim. *See* Opp. 10, 17. But the Complaint does not purport to state a defamation claim[1], and Dr. Tulp cannot try to overcome Defendants' Motion to Dismiss based on a claim not alleged in the Complaint. *See Snyder v. Baxter Healthcare, Inc.*, 393 F. App'x. 905, 907 n. 4 (3d Cir. 2010) ("[A] motion to dismiss attacks claims contained by the four corners of the complaint.").

---

[1] Even if Dr. Tulp had included a defamation claim in his Complaint, such a claim would fail based on the factual allegations already asserted. In Pennsylvania, truth is an affirmative defense to a defamation claim and may be raised at the motion to dismiss stage if it is true on the face of the Complaint. 42 Pa. Cons. Stat. § 8343(b)(1); *see Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245,259 (3d Cir. 2014). As laid out in Defendants' Memorandum of Law, Dr. Tulp has failed to identify any falsehood or misrepresentation ECFMG made: (1) none of the ECFMG correspondence attached to the Complaint supports Plaintiff's contention that ECFMG held itself out as a government agency; and (2) the Sponsor Note at issue is completely accurate in that it describes ECFMG's process for considering USAT students and graduates after January 1, 2019, and Dr. Tulp has not alleged how it is inaccurate. Defs.' MOL 11. As the Complaint does not allege an untrue statement, had Plaintiff brought a defamation claim it would fail.

**B.      Nothing In the Opposition Changes That Dr. Tulp's Allegations Fail.**

In his Opposition, Dr. Tulp urges the Court to dismiss his Complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69 (1984). After *Bell Atl. Corp. v. Twombly* and *Ashcroft v. Iqbal*, however, this is no longer the applicable standard for evaluating the adequacy of a pleading. 550 U.S. 554, 563 (2007) (explaining that the "no set of facts" standard "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival."). Accordingly, the Court shall dismiss all of Dr. Tulp's claims against ECFMG because they fail under the appropriate standard: Dr. Tulp does not state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**1.      Dr. Tulp's Due Process Claims Fail as a Matter of Law.**

The arguments set forth in Dr. Tulp's Opposition do not save his due process claims from dismissal for several reasons.

***First***, the Court ruled at the preliminary injunction hearing that ECFMG is not a state actor. *See* Jan. 24, 2019 Hr'g Tr. 131: 2–4 ("While the lack of state action ultimately dooms Plaintiff's constitutional claims, it if far from the only problem with the § 1983 clai[m]s.").[2] **That ruling has preclusive effect and Dr. Tulp's due process claims should therefore be dismissed.** The Third Circuit has held that a district court's findings and conclusions on a preliminary injunction motion may "have preclusive effect if the circumstances make it likely that the findings are 'sufficiently firm' to persuade the court that there is no compelling reason for permitting them to

---

[2] Although Plaintiff now cites *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 (1978) as a way that ECFMG can be held liable for the actions of its employers, *Monell* is not applicable here given that ECFMG is neither a municipal corporation nor a local government unit.

be litigated again." *Hawksbill Sea Turtle v. FEMA*, 126 F.3d 461, 474 n.11 (3d Cir. 1997).  Where

the issues in a motion to dismiss and a motion for preliminary injunction are "exactly the same"

and the plaintiff "had a full opportunity to present their arguments at the hearing on the preliminary

injunction, . . . there is no reason to prolong the inquiry." *McTernan v. City of York, Pennsylvania*,

577 F.3d 521, 531 (3d Cir. 2009).

Here, at the preliminary injunction hearing, the Court heard extensive testimony[3] and

received numerous documents into evidence, ultimately ruling that Dr. Tulp was unlikely to

succeed on the merits of his due process claim because, *inter alia*, Defendants were not state actors

and even if they were Dr. Tulp received ample procedural protections, including notice and an

opportunity to be heard.[4]  *See* Jan. 24, 2019 Hr'g Tr. 129:18–131:1 (mentioning that the Third

Circuit "has held that as a private not-for-profit organization, ECFMG is a private party and not a

state actor" and that none of the circumstances apply under which a private actor can be found to

engage in state action); 131:10–11 ("In this case, there was notice and an opportunity to be

heard.").  Nothing in the Opposition suggests that the inquiry at the motion-to-dismiss stage would

be any different or that the Court's ruling should be set aside.  It therefore has preclusive effect,

and Dr. Tulp's due process claims should be dismissed with prejudice.

---

[3] *See, e.g.*, Jan. 24, 2019 Hr'g Tr. 9:21–10:3 (receiving testimony from K. Corrado that ECFMG "is a nonprofit, private organization," that is not an accrediting agency); 10:11–15 (receiving testimony from K. Corrado that "Generally, the licensing boards in the United States will require ECFMG certification for international medical students, but it's the discretion of each state board who they license.").

[4] In the Opposition, Dr. Tulp contends that there was "virtually no hearing." Opp. 8.  As laid out in the exhibits attached to the Complaint and as found by the Court at the preliminary injunction hearing, Dr. Tulp was given repeated notice of the charges against him, the policies and procedures that would guide the Medical Credentials Committee's decision, and his opportunity to be heard. Compl. Exs. A, E, & F.  This was more than adequate process, especially since "[t]here is no inexorable requirement that oral testimony must be heard in every administrative proceeding in which it is tendered." *Biliski v. Red Clay Consol. School Dist. Bd. Of Educ.*, 574 F.3d 214, 221–22 (3d Cir. 2009).

*Second*, even absent the Court's ruling, Dr. Tulp's contention that ECFMG was delegated powers by state medical boards – and that its actions should therefore be deemed that of a state actor – is contrary to Third Circuit case law regarding entities analogous to ECFMG in the medical education field.   Opp. 14.   As already discussed in Defendants' Memorandum of Law, in *McKeesport Hospital v. Accreditation Council for Graduate Medical Education*, "the evaluation and accreditation of medical education in this country is neither a traditional nor an exclusive state action," so such actions are not delegations of state power.   24 F.3d 519, 524 (3d Cir. 1994). Accordingly, ECFMG's limited role in graduate medical education – a step removed from accreditation – does not rise to the level of an entity exercising a delegated state power which would subject it to the requirements of the Fourteenth Amendment.   Dr. Tulp has not identified a single case in which ECFMG or its executives have been held to be state actors.   Nor has Dr. Tulp articulated a compelling justification for rejecting the many cases from numerous jurisdictions – including the Third Circuit – holding that ECFMG is not a state actor.[5]   Absent the existence of any delegation of a state power and/or authority, ECFMG could not have exceeded a state authority in these circumstances, despite Plaintiff's multiple attempts to argue so.

*Third*, Dr. Tulp has failed to respond to Defendants' arguments that the absence of allegations against Dr. Pinsky makes dismissal of the claim against him especially appropriate. Dr. Tulp briefly argues that liability is appropriate under the doctrine of *respondeat superior* that applies to state tort actions.   *See* Opp. 3.   But Dr. Tulp has not brought any state tort claims **against**

---

[5] Indeed, the Court relied on the Third Circuit's decision in *Opoku v. ECFMG*, 574 F. App'x 197 (3d Cir. 2014) when denying Dr. Tulp's preliminary injunction motion and holding that Defendants are not state actors.   Jan. 24, 2019 Hr'g 129:18–23.   Although district courts are not bound by the Third Circuit's unpublished opinions, there is no bar to citing to such opinions and many courts do so, finding such opinions "instructive," particularly where the ruling involves the same party and issue.   *Sciarra v. Reliance Standard Life Ins. Co.*, No. 97-1363, 1998 WL 564481, at *8 n.7 (E.D. Pa. Aug. 26, 1998).

**Dr. Pinsky**.  Rather, Dr. Tulp summarizes the fourth cause of action – the only cause of action against Dr. Pinsky – "as violation of procedural and substantive due process."  Opp. 5. Accordingly, liability is controlled by 42 U.S.C. § 1983, and Dr. Pinsky cannot be held liable for a constitutional violation on a theory of *respondeat superior*.  *See Santiago v. Warminster Twp.*, 629 F.3d 121, 131-34 (3d Cir. 2010).

### 2.     Dr. Tulp's Misrepresentation Claims Fail as a Matter of Law.

The Opposition includes no arguments in connection with Dr. Tulp's claims for fraudulent and/or negligent misrepresentation.  As noted in Defendants' Memorandum of Law, Dr. Tulp has failed to allege any misrepresentations.  Defs.' MOL 11.  The closest Dr. Tulp comes to addressing this deficiency in his misrepresentation claims is his argument that the absence of a misrepresentation is really an "affirmative defense" that is "not the subject of the 12(b)(6) inquiry." Opp. 10.  But the existence of misrepresentation is an element of the *prima facie* case of fraudulent or negligent misrepresentation, and for the reason set forth in Defendants' Memorandum of Law, Dr. Tulp simply has not plausibly alleged a false statement by Defendants.  Defs.' MOL 10-11. Nor did Dr. Tulp address the arguments in Defendants' Memorandum of Law that his misrepresentation claims must be dismissed for failure to allege reliance, fraudulent intent, or failure to make a reasonable investigation.

### 3.     Dr. Tulp's Abuse of Process Claims Fail as a Matter of Law.

In support of his claim for abuse of process, Dr. Tulp relies on the conclusory allegation that ECFMG was "attempting to pose as a governmental agency" in the affidavits it issued to USAT students, despite the absence of any factual basis in the Complaint to support such a conclusion.  Opp. 8; *see also* Defs.' MOL 13–14.  Similarly, Dr. Tulp's Opposition fails to address (1) Pennsylvania case law stating that an affidavit does not constitute "legal process" to trigger an abuse of process claim, *see Rockman v. Aciukewicz*, No. 1434 MDA 2013, 2014 WL 10937492,

-7-

at *6 (Pa. Super. Apr. 1, 2014), and (2) direction from the Supreme Court that private parties like Dr. Tulp may not sue to enforce the Federal Education Records Protection Act ("FERPA"), thus weakening his reliance on FERPA as a basis for his abuse of process claim, *see Gonzaga Univ. v. Doe*, 536 U.S. 290–91 (2002).  The Opposition does not explain how the bare allegations in the Complaint are sufficient to set forth a claim for abuse of process claim.  As a result, that claim should be dismissed.

### 4.       Dr. Tulp's Tortious Interference Claims Fail as a Matter of Law.

The Opposition also does nothing to rectify the glaring deficiencies in Dr. Tulp's claims for tortious interference.  In the Opposition, Dr. Tulp asserts without any citation to the Complaint that he "had a contract as the President and CEO with USAT, his university."  Nowhere in the Complaint does Dr. Tulp allege that he has a contractual relationship with USAT or that his interference claim is premised on that contractual relationship.  Next, Dr. Tulp argues that "the students at USAT had implied contracts with the university and Dr. Tulp arising out of their payment of tuition."  Opp. 16.  The Complaint makes no mention of any alleged implied contracts and, as explained in Defendants' MOL, it is implausible to believe that Dr. Tulp had a contractual relationship with USAT students when the students presumably contract with the school itself.

Dr. Tulp also ignores entirely the argument in Defendants' MOL that it is plain on the face of the Complaint that ECFMG was privileged and justified to act as it did.  To the extent Dr. Tulp tries to argue that such privilege or justification is an affirmative defense not proper at the motion to dismiss stage, he misunderstands Pennsylvania law because "the absence of privilege or justification" is an element of his *prima facie* case.  *See BP Envtl. Servs., Inc. v. Republic Servs., Inc.*, 946 F. Supp. 2d 402, 407 (E.D. Pa. 2013).  And as was the case with respect to the misrepresentation claims, Dr. Tulp has not alleged that any information provided by Defendants was false, and "[t]here is of course no liability for interference with a contract . . . on the part of

-8-

one who merely gives truthful information to another."  Restatement (Second) of Torts § 772, cmt. b; *Walnut St. Assocs., Inc. v. Brokerage Concepts, Inc.*, 20 A.3d 468, 479 & n.13 (Pa. 2011).

### C.      Dr. Tulp Should Not Be Granted Leave to File an Amended Complaint.

A district court may deny leave to amend on the ground that an amendment would be futile. *See Smith v. NCAA*, 139 F.3d 180, 190 (3d Cir. 1998).  An amendment is considered futile "if the pleading, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."  *Id.*  Here, granting Dr. Tulp's request for an opportunity to amend his Complaint would be futile for at least two reasons.

*First*, Dr. Tulp has given no indication as to how any of the allegations in the Complaint would be amended to successfully state a claim when the Complaint in its current form fails to state any claims for relief.  Thus, for example, it has already been ruled that ECFMG is not a state actor, and it would be futile to permit Dr. Tulp a renewed opportunity to allege a due process claim when ECFMG's status as a private actor under the circumstances is fatal to that claim.

*Second*, the Court has already heard testimony and evidence from Dr. Tulp in the context of a preliminary injunction hearing, which hearing resulted in a ruling that Dr. Tulp is unlikely to succeed on the merits of his due process claim.  Dr. Tulp had every opportunity to present some evidence to successfully state a claim against Defendants and he failed to do so.  Unlike the *pro se* plaintiff who was granted leave to amend in *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002), Dr. Tulp is represented by counsel and still has not made any efforts to cure his admitted "dearth of factual allegations."  Opp. 16.  There is no reason to believe that given an opportunity to replead, Dr. Tulp would set forth sufficient facts now to state a claim against Defendants.

Dr. Tulp's deficient Complaint is not merely an "imperfect statement of the legal theor[ies] supporting the claim[s] asserted," as he contends, *see* Opp. 7; he has not and will not be able to

include sufficient factual allegations in his pleading to support key elements of the constitutional and tort claims he has sought to bring against Defendants.

## III.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice and without leave to file an amended complaint.

Dated: February 21, 2019                                        Respectfully submitted,

*/s/ Elisa P. McEnroe*
Elisa P. McEnroe, PA Bar No. 206143
Matthew D. Klayman, PA Bar No. 319105
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:      +1.215.963.5917
Facsimile:      +1.215.963.5001
elisa.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

*Attorneys for the Educational Commission for Foreign Medical Graduates and Dr. William W. Pinsky*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on this date, I caused true and correct copies of the foregoing

document to be served via electronic filing upon the following counsel of record via the ECF

system and/or e-mail:

TOMMY SWATE
403 WILD PLUM
HOUSTON, TX 77013

WILLIAM C. REIL
1515 MARKET ST SUITE 1200
PHILADELPHIA, PA 19102
215-564-1635
Fax: 215-564-4292
Email: billreillaw@gmail.com

*Attorneys for Plaintiff*

DATED:  February 21, 2019                    */s/ Elisa P. McEnroe*
                                             Elisa P. McEnroe