## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. ORIEN L. TULP, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 2:18-cv-05540-WB |
| | ) | |
| v. | ) | Hon. Wendy Beetlestone |
| | ) | |
| EDUCATIONAL COMMISSION FOR | ) | |
| FOREIGN MEDICAL GRADUATES and | ) | |
| DR. WILLIAM W. PINSKY, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

### DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG"),[1] by and through its undersigned counsel, hereby answers the Complaint filed by Dr. Orien L. Tulp in accordance with the numbered paragraphs thereof as follows:

### PARTIES

1.     The plaintiff is Dr. Orien L. Tulp, hereafter referred to as "Dr. Tulp", an adult individual whose address for service of process is at 4288 Youngfield Street, Wheat Ridge, CO 80033. At all times material herein, plaintiff was President of the University of Science, Arts, and Technology ("USAT"), and had an ownership interest in the University. USAT is located in Montserrat, but its US administrative office is located at the address in the caption, and students take classes in Montserrat and the US via a distance education format.

**ANSWER**:     ECFMG admits in part and denies in part the allegations of this paragraph. ECFMG admits that Dr. Orien L. Tulp is the plaintiff in this lawsuit.  ECFMG denies that USAT students "take classes in Montserrat and the US via a distance education format."  ECFMG lacks

---

[1] On March 26, 2019, the Court dismissed all claims against Dr. William W. Pinsky.  As a result, this filing is made by and on behalf of ECFMG only, the sole remaining defendant.

knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

2.      A defendant is the Educational Commission for Foreign Medical Graduates, hereafter referred to as "ECFMG" or "the Board", which is an unincorporated association, whose address for service of process is 3624 Market Street, Philadelphia, PA 19104. According to their mission statement, the ECFMG is an organization which purports to certify medical school students and graduates to practice medicine in the United States.

**ANSWER**:   ECFMG admits in part and denies in part the allegations of this paragraph. ECFMG admits that is headquartered at 3624 Market Street, Philadelphia, PA 19104.  ECFMG further admits that, among other things, it certifies that foreign medical graduates have met certain minimum criteria for entry into graduate medical education in the United States.  ECFMG denies that it is an unincorporated association and that it "certif[ies] medical school students and graduates to practice medicine in the United States."   ECFMG denies the remaining allegations of this paragraph.

3.      A defendant is Dr. William W. Pinsky, the President and CEO of the ECFMG, whose address for service of process is indicated in the caption. *See* Exhibit A, attached and incorporated herein.

**ANSWER**:   ECFMG admits in part and denies in part the allegations of this paragraph. ECFMG admits that Dr. William W. Pinsky is the President and CEO of ECFMG and that ECFMG is headquartered at 3624 Market Street, Philadelphia, PA 19104.  ECFMG denies that Dr. Pinsky is a defendant in this lawsuit because the Court has dismissed all claims against Dr. Pinsky. ECFMG denies the remaining allegations of this paragraph.

4.      ECFMG is an organization sponsored by various medical organizations, including the Federation of State Medical Boards. Through the ECFMG's certification process, it gives medical students and medical graduates a certification of eligibility (essentially a license) to apply for a ACGME [Accreditation Council for Graduate Medical Education] certified residency program of postgraduate specialty training that can lead to medical licensure of the applicant. A residency program is a certified program that trains students who have graduated from a medical school and taken a series of examinations or tests administered by way of the United States Medical Licensing Examination [the USMLE]. The state medical boards have given ECFMG the power to examine and certify international medical graduates [IMGs] as competent to undertake residency

training in the USA. Without the certification (license) from the ECFMG, a foreign medical graduate cannot start the process of being licensed as a physician in the United States.

**ANSWER**:    ECFMG admits in part and denies in part the allegations of this paragraph. ECFMG admits that, among other things, it certifies that foreign medical graduates have met certain minimum criteria for entry into graduate medical education in the United States. ECFMG further admits that ACGME has elected to require foreign medical graduates who enter ACGME-accredited programs to be certified by ECFMG. ECFMG specifically denies that "[t]he state medical boards have given ECFMG the power to examine and certify international medical graduates [IMGs] as competent to undertake residency training in the USA." ECFMG denies the remaining allegations of this paragraph.

5.     The action of the ECFMG is in granting authority to apply for a residency program is state action. The ECFMG's authority, which is in essence a license to apply for a residency program, has a close nexus to the various state medical boards. Without the ECFMG certificate, the ACGME postgraduate programs will not permit the applicant to start the training that will in essence allow the gate to be closed to obtaining a medical residency and eventual license to practice medicine in the USA. Without the residency training, the medical graduate cannot obtain a full unrestricted medical license. The state medical boards have granted the power to the ECFMG to screen foreign medical students for licensure. State action is established because of this delegation of screening power. *Jackson v. Metro Edison Co.,* 419 U.S. 345, 351.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent that a response is required, ECFMG admits in part and denies in part the allegations of this paragraph. ECFMG admits that ACGME has elected to require foreign medical graduates who enter ACGME-accredited programs to be certified by ECFMG. ECFMG specifically denies that "[t]he state medical boards have granted the power to the ECFMG to screen foreign medical students for licensure." ECFMG denies the remaining allegations of this paragraph.

6.     The ECFMG has placed itself in a position of interdependence with the state medical boards. The ECFMG cannot be considered to be a private entity because the ECFMG reports to the state medical boards but also reports to the National Practitioner Data Bank. The

ECFMG would not exist without the powers delegated by the state medical boards. *Burton v. Wilmington Parkway Authority,* 365 U.S. 715, 725 (1961).

**ANSWER**:   The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

7.     Because the ECFMG's actions are delegated state actions, the ECFMG is required to give both procedural and substantive Fourteenth Amendment due process rights.

**ANSWER**:   The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

## JURISDICTION AND VENUE

8.     The Court has jurisdiction under Diversity of Citizenship, the Civil Rights Act (42 U.S.C.A. 1983) and the Due Process clause of the United States Constitution, with pendent jurisdiction to consider any claims arising under state law.

**ANSWER**:   The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.

9.     Venue is properly before the Court, since all defendants are located and conduct business in the Eastern District of Pennsylvania.

**ANSWER**:   The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG admits that it is headquartered and conducts business in the Eastern District of Pennsylvania.

## SUMMARY

10.     In an attempt to close down the USAT and sanction Dr. Tulp, defendant ECFMG has refused to allow students of USAT to take necessary medical examinations. Defendant ECFMG has effectively closed USAT, by refusing to release scores for students who paid for the examinations. Doctors who graduated from USAT have been unable to commence their residency due to the refusal of the Board to issue an appropriate certification. ECFMG has also sent misleading "affidavits" to many USAT students and threatened many students with "irregular

behavior" in order to sanction Dr. Tulp and force closure of the University, which he founded. He is President, CEO, and an equal owner of the University. Thus, ECFMG tortiously interfered with the educational contract between the students of USAT, the University, and Dr. Tulp, denied due process to Dr. Tulp and the students of USAT, and improperly used an "affidavit" [*See* Exhibit DI to coerce information from students. [Pinsky letter, *See* Exhibit A.] In addition, the Board placed information in the World Directory of Medical Schools, prior to any hearing or legal process, advising that it would no longer recognize the test scores of USAT graduates after January 1, 2019. *See* Exhibit B.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  Moreover, the allegations of this paragraph refer to written documents that speak for themselves, and Plaintiff's characterization of them is, therefore, denied.  To the extent that a response is required, ECFMG admits in part and denies in part the allegations of this paragraph.  ECFMG admits that it imposed a limited sanction on Plaintiff after finding that he engaged in "irregular behavior" (as defined by and consistent with ECFMG's Policies and Procedures Regarding Irregular Behavior), which finding was made after Plaintiff was given notice of the allegations of "irregular behavior," copies of ECFMG's Policies and Procedures Regarding Irregular Behavior and documentary evidence considered making the finding of "irregular behavior," and an opportunity to be heard at an in-person hearing before ECFMG's Medical Education Credentials Committee.  ECFMG further admits that it sent blank affidavit forms to USAT students applying to ECFMG for services to gather information about their medical school coursework.  ECFMG denies that it "has refused to allow students of USAT to take necessary medical examinations."  ECFMG denies that it "has effectively closed USAT, by refusing to release scores for students who paid for the examinations."  ECFMG denies that "[d]octors who graduated from USAT have been unable to commence their residency due to the refusal of the Board to issue an appropriate certification."  ECFMG denies that the blank affidavits sent to USAT students were "misleading," "threatened" students with "irregular behavior," were sent "to sanction Dr. Tulp and force closure of" USAT.  ECFMG lacks knowledge or information

sufficient to form a belief about the truth of the allegation that Plaintiff "is President, CEO, and an equal owner of" USAT.  ECFMG specifically denies that Plaintiff was denied due process. ECFMG denies the remaining allegations of this paragraph.

## GENERAL ALLEGATIONS

11.     ECFMG sent to USAT a letter implying that the school would be closed on or about 01/01/19 because the Board would no longer recognize the scores of its students in taking the three-part United States Medical Licensing Examination. This action prohibits applicants from sitting for the USMLE, which is required for unrestricted medical licensure.

**ANSWER**:     The allegations of this paragraph refer to a letter that is a written document that speaks for itself, and Plaintiff's characterization of it is, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

12.     On 11/21/18, Kara Corrado, J.D., Vice President for Operations of the Board, sent a letter to counsel for USAT indicating two concerns: 1) that USAT's authority to conduct its medical education program amounted to "irregular behavior" because USAT had not been certified by a governmental entity in the United States, and 2) the allegation that USAT was operating medical school campuses in the United States. *See* Exhibit E. On October 18, 2018, Lisa Cover, a Senior Vice President with ECFMG, wrote a letter to Dr. Tulp advising him of the allegation that he engaged in "irregular behavior". *See* Exhibit F.

**ANSWER**:     The allegations of this paragraph refer to letters that are written documents that speaks for themselves, and Plaintiff's characterization of them is, therefore, denied.  To the extent that a response is required, ECFMG admits in part and denies in part the allegations of this paragraph.  ECFMG admits that Kara Corrado, the ECFMG Vice President of Operations, sent a letter to counsel for Plaintiff on November 21, 2018 that, *inter alia*, (i) confirmed Plaintiff would make personal appearance with his attorneys at a hearing before the ECFMG Medical Education Credentials Committee on November 28, 2018 in connection with allegations of "irregular behavior" against Plaintiff, (ii) corrected numerous misstatements set forth in a letter from counsel for Plaintiff dated November 13, 2018, and (iii) as ECFMG had already done multiple times, invited Plaintiff and USAT to provide evidence to ECFMG that USAT's operations in the United

States were authorized.   ECFMG further admits that Lisa Cover, the ECFMG Senior Vice

President for Business Development and Operations, sent a letter to Plaintiff on October 18, 2018,

which (i) gave Plaintiff notice of the allegations of "irregular behavior" against Plaintiff, (ii)

enclosed numerous documents supporting the allegations of "irregular behavior" against Plaintiff,

and (iii) invited Plaintiff to make a personal appearance before the ECFMG Medical Education

Credentials Committee at a hearing regarding the allegations of "irregular behavior" against

Plaintiff, pursuant to the Committee's policies and procedures.   ECFMG denies the remaining

allegations of this paragraph.

13.     USAT has a certification from the government of Montserrat, allowing it to operate
temporary venues due to an active volcano on the island. Such certification had been recognized
by the Board without incident since 2003. USAT also operates online courses for the majority of
its basic sciences course requirements via a specially developed SPOC [small platform online
courses, developed by USAT]. A true and correct copy of the certification from Montserrat is
attached and incorporated as Exhibit C.

**ANSWER**:     The allegations of this paragraph refer to a written document that speaks for

itself, and Plaintiff's characterization of it is, therefore, denied.   To the extent that a response is

required, ECFMG admits in part and denies in part the allegations of this paragraph.   ECFMG

admits that before ECFMG learned of USAT's unauthorized operations in the United States,

ECFMG treated USAT as a foreign medical school located in Montserrat based on authorization

by Montserrat to operate there.   ECFMG lacks knowledge or information sufficient to form a belief

about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

14.     Students from USAT have each paid well over $1,000 to the Board to take
necessary medical exams, and the Board has refused to release their scores because of alleged
misconduct by Dr. Tulp, and an assignment by the Board of "irregular behavior" arising out of an
illegal affidavit issued to students of USAT. "Irregular behavior" may be a permanent admonition
on a student or physician's official record, and make residency difficult, if not impossible.

**ANSWER**:   ECFMG admits in part and denies in part the allegations of this paragraph.

ECFMG admits that a finding of "irregular behavior" results in a permanent annotation of that

finding in ECFMG's records.  ECFMG denies the remaining allegations of this paragraph.

15.    The Board set up a hearing on 11/28/18 for Dr. Tulp, only, in Philadelphia, at the address in the caption to address so-called "irregular behavior". After a few minutes, with no witnesses called, Board counsel announced that the hearing was terminated. Prior to the hearing, the Board took the position that Dr. Tulp had the burden of proof on the issue of "irregular behavior" for which he had been charged by the Board. The Board set 20 minutes as the duration of the hearing. No testimony was taken or exhibits received in evidence, before Board counsel terminated the hearing. No Transcript of the proceedings has been received. The Board indicated that on 01/01/19 it will issue a finding of "irregular behavior" to Dr. Tulp effectively closing USAT.

**ANSWER**:   ECFMG admits in part and denies in part the allegations of this paragraph.

ECFMG admits that a hearing about the allegations of "irregular behavior" against Plaintiff was

held on November 28, 2018 before ECFMG's Medical Education Credentials Committee pursuant

to the Committee's policies and procedures.  ECFMG admits that it allotted 20 minutes for the

hearing (consistent with ECFMG's ordinary practice) and that the hearing concluded sooner

because Plaintiff (through his counsel) refused to engage and became argumentative.  ECFMG

denies the remaining allegations of this paragraph.

16.    There was no jurisdiction over, or relationship with, Dr. Tulp to compel him to attend the hearing by the Board, and he made a special appearance while not agreeing to jurisdiction. ECFMG has no jurisdiction over Dr. Tulp, or legal relationship with Dr. Tulp, or the power to enter any sanction against him. The Board has no contractual or statutory authority over Dr. Tulp.

**ANSWER**:   The allegations of this paragraph contain conclusions of law to which no

response is required and they are, therefore, denied.  To the extent that a response is required,

ECFMG denies the allegations of this paragraph.

17.    The Board would not give Dr. Tulp sufficient discovery to conduct an adequate defense. Also, the Board has never requested any curricula, student records, or any documentation from USAT.

**ANSWER**:   ECFMG denies the allegations of this paragraph.

18.     The term "irregular behavior" is void for vagueness, since "irregular behavior" is so broad that it essentially amounts to any behavior which the Board does not approve. There is no intelligible standard to ascertain "irregular behavior" with the exception of the fiat by the ECFMG. There is no due process mechanism to effectively challenge a finding of "irregular behavior" which can amount to an indefinite suspension of United States medical licenses by the Board without formal notification of such assignment to the individual concerned.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no

response is required and they are, therefore, denied.  To the extent that a response is required,

ECFMG denies the allegations of this paragraph.

19.     There is no reasonable way to ascertain the standards for "irregular behavior" in the instant case, prior to any adjudication.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no

response is required and they are, therefore, denied.  To the extent that a response is required,

ECFMG denies the allegations of this paragraph.

20.     The Board has effectively closed USAT by not allowing its students and graduates to complete the necessary medical examinations beyond January 1, 2019, and has tortiously interfered with the relationship of the students of USAT and Dr. Tulp, the President of the University.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no

response is required and they are, therefore, denied.  To the extent that a response is required,

ECFMG denies the allegations of this paragraph.

**FIRST CAUSE OF ACTION**
**Plaintiff v. ECFMG**

21.     Plaintiff incorporates all prior paragraphs as though fully set forth herein.

**ANSWER**:     ECFMG incorporates its responses to the previous paragraphs as though

fully set forth herein.

22.     This cause of action is for the illegal actions of the ECFMG (the Board) in tortiously interfering with the contract between the students of USAT and plaintiff Dr. Orien Tulp, the University President and co-owner.

**ANSWER**:    The Court dismissed Plaintiff's First Cause of Action, and thus no response to this paragraph is required.

23.    The Board allegedly refused to release scores of necessary medical exams to students and graduates of USAT, de facto, closing the University.

**ANSWER**:    The Court dismissed Plaintiff's First Cause of Action, and thus no response to this paragraph is required.

24.    The Board published, in the World Directory of Medical Schools, a warning to students that it would not recognize USAT with respect to necessary medical qualifying examinations after January 1, 2019. *See* Exhibit B.

**ANSWER**:    The Court dismissed Plaintiff's First Cause of Action, and thus no response to this paragraph is required.

25.    The Board sent illegal "affidavits" to students in an attempt to intimidate them from continuing as students at USAT. These alleged affidavits threatened medical students with perjury, as well as "irregular behavior", and also directed the students to provide certain documentary evidence, such as a copy of their passport. This "affidavit" by the Board was an abuse of process, and constituted fraudulent or negligent representation, since it was tantamount to a "subpoena duces tecum" without first having a legal proceeding. The Board had no power to issue these so-called affidavits. These affidavits are also a violation of Federal Education Records Protection Act (FERPA). Students are predominantly US citizens and are entitled to such protection under FERPA.

**ANSWER**:    The Court dismissed Plaintiff's First Cause of Action, and thus no response to this paragraph is required.

26.    The purpose of the ECFMG doing this was to effectively remove Dr. Tulp as President of the University by discouraging students from registering or continuing their education at USAT, including verbal recommendations from ECFMG case workers. The Board issued "affidavits" and threatened to find students of USAT guilty of "irregular behavior".

**ANSWER**:    The Court dismissed Plaintiff's First Cause of Action, and thus no response to this paragraph is required.

27.    There was no hearing before the students of USAT were sent emails by the ECFMG telling them that they may have been assigned "irregular behavior" and that their scores would not be released to medical institutions to be accepted for residency applications or other ECFMG services.

**ANSWER**:    The Court dismissed Plaintiff's First Cause of Action, and thus no response

to this paragraph is required.

28.    ECFMG alleges to be a private organization which permits the administration of qualifying examinations for foreign medical students and international medical graduates and passes information to the state licensing agencies in the United States. De facto, the ECFMG is a quasi-governmental agency that issues certificates, that are essentially licenses, to foreign medical students and physicians upon completion of their certification process, and it holds itself out to medical students and others as a governmental entity.

**ANSWER**:    The Court dismissed Plaintiff's First Cause of Action, and thus no response

to this paragraph is required.

29.    As a result of the illegal actions of the Board in refusing to release the scores of the students of the plaintiff, the plaintiff has suffered, and will continue to suffer, irreparable harm including, but not limited to, the immediate closing of USAT College of Medicine and the removal of Dr. Tulp as a medical educator under the cloud of an indefinite sentence of "irregular behavior" for a duration of not less than 5 years.

**ANSWER**:    The Court dismissed Plaintiff's First Cause of Action, and thus no

response to this paragraph is required.

30.    Dr. Tulp will also suffer loss of his position as President of the University, as well as direct monetary damages resulting from the closing of USAT, arising out of the actions of ECFMG to close USAT, and to preclude its students from practicing medicine or engaging in postgraduate training in the USA, and the discouraging of any students from attending an institution where they cannot receive required certification from the ECFMG Board to qualify for licensure or registration to practice medicine in the USA.

**ANSWER**:    The Court dismissed Plaintiff's First Cause of Action, and thus no response

to this paragraph is required.

WHEREFORE, the Court is requested to order ECFMG to immediately resume processing the medical examinations of students of USAT, and release their examination scores, and remove the negative advisory from the sponsor notes on the World Directory of Medical Schools listing for the USAT College of Medicine, and to award such other injunctive and equitable relief as appropriate, plus damages, interest, and attorneys fees.

**ANSWER:**    The Court dismissed Plaintiff's First Cause of Action, and thus no response

to this WHEREFORE clause is required.

## SECOND CAUSE OF ACTION
### Plaintiff v. ECFMG

31.     Plaintiff incorporates all prior paragraphs as though fully set forth herein.

**ANSWER**:     ECFMG incorporates its responses to the previous paragraphs as though fully set forth herein.

32.     This cause of action is for violation of due process by the ECFMG (the Board).

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.

33.     The Board violated the due process rights of Dr. Tulp by finding him guilty of "irregular behavior" when it had no jurisdiction over Dr. Tulp, or any direct contact with him prior to a finding of "irregular behavior".

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

34.     The Board violated the due process rights of Dr. Tulp by illegally withholding necessary medical examination for USAT students and graduates in an attempt to sanction plaintiff and to force closure of USAT.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

35.     The Board violated the due process rights of Dr. Tulp by sending misleading affidavits to students of USAT, which affidavits were illegal and designed to intimidate the students from attending USAT. The Board stated that as January 1, 2019, students of USAT may not apply to ECFMG for certification. Essentially, the Board engaged in an illegal scheme to destroy USAT and Dr. Tulp by publishing the demise of the University in the World Directory of Medical Schools before any notification of such intent by the ECFMG.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

36.     The Board violated the due process rights of Dr. Tulp by failing to award him or the students of his college a legitimate hearing before taking adverse action. The Board commingled the adjudicatory and investigative functions, particularly through the use of affidavits sent to students to secure documentary evidence under the threat of "irregular behavior". *See Lyness v. Corn., State Bd. of Medicine* 529 Pa. 535 (1992).

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no

response is required and they are, therefore, denied.  To the extent that a response is required,

ECFMG denies the allegations of this paragraph.

37.     ECFMG is estopped from denying that it is a governmental or quasi-governmental entity, *inter alia,* because no disclaimer that it was a private entity to that effect was placed on the affidavits sent to thousands of USAT students. In point of fact, the opposite was implied.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no

response is required and they are, therefore, denied.  To the extent that a response is required,

ECFMG denies the allegations of this paragraph.

38.     The Board has acted as a governmental entity, and is estopped from denying the same.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no

response is required and they are, therefore, denied.  To the extent that a response is required,

ECFMG denies the allegations of this paragraph.

39.     When the Board corresponded with USAT and with its students, there was no disclaimer that the Board was not acting on behalf of any governmental authorization, or that it was allegedly a private entity, and the students were not required by law to respond to the affidavit or provide any documents. Students were required to complete "affidavits" under penalty of a finding of "irregular behavior" and denial of ECFMG services.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no

response is required and they are, therefore, denied.  To the extent that a response is required,

ECFMG denies the allegations of this paragraph.

40.     Under the doctrine of state action, the Board has failed to exercise due process in its dealings with USAT and its students as is required by the Due Process Clause of the Pennsylvania and US Constitutions.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

41.    The Board has failed to show due process to USAT students, as heretofore mentioned. The affidavits indicated that the Board has illegally commingled the adjudicatory and prosecutorial functions, in violation of due process.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

42.    As a result of the Board acting as a quasi-governmental entity, Dr. Tulp and his University suffered the damages as previously enumerated.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

WHEREFORE, the Court is requested to order ECFMG to immediately resume processing the medical examinations of students of USAT, and release their examination scores, and remove the negative advisory from the sponsor notes on the World Directory of Medical Schools listing for the USAT College of Medicine, and to award such other injunctive and equitable relief as appropriate, plus damages, interest, and attorneys fees.

**ANSWER:**    In response to this WHEREFORE clause, ECFMG denies that Plaintiff is entitled to any type of remedy, relief, or damages whatsoever, including the relief requested in this WHEREFORE clause.  ECFMG denies the remaining allegations of this paragraph.

### THIRD CAUSE OF ACTION
### Plaintiff v. ECFMG

43.    Plaintiff incorporates all prior paragraphs as though fully set forth herein.

**ANSWER**:    ECFMG incorporates its responses to the previous paragraphs as though fully set forth herein.

44.     This is a cause of action for fraudulent misrepresentation, abuse of process, and negligent representation against the ECFMG (the Board).

**ANSWER**:     The Court dismissed Plaintiff's Third Cause of Action, and thus no response

to this paragraph is required.

45.     As heretofore indicated, the Board committed the aforementioned torts through the following acts and omissions:

> (a)     representing itself as an official governmental agency;

> (b)     distributing affidavits to intimidate USAT students, which affidavits did not have a disclaimer or conform to law;

> (c)     placing misleading information about USAT into the World Directory of Medical Schools without notice, and which was designed to intimidate students and to effectively force closure of USAT;

> (d)     using illegal affidavits whose purpose was to gather documents and evidence of alleged culpable behavior by USAT and Dr. Tulp, all of which was in violation of FERPA, the Family Educational Rights and Privacy Act;

> (e)     violating FERPA by not receiving the requisite consent of students to their educational records.

**ANSWER**:     The Court dismissed Plaintiff's Third Cause of Action, and thus no response

to this paragraph and its subparts is required.

46.     As indicated in the prior counts, the Board has held itself out as a governmental agency. The Board has never indicated to those that it dealt with, in particular the students, that it is not an official governmental agency.

**ANSWER**:     The Court dismissed Plaintiff's Third Cause of Action, and thus no response

to this paragraph is required.

47.     Accordingly, the Board is estopped by its conduct to deny that it is required to show due process, as if it were a governmental entity.

**ANSWER**:     The Court dismissed Plaintiff's Third Cause of Action, and thus no response

to this paragraph is required.

WHEREFORE, the Court is requested to order ECFMG to immediately resume processing the medical examinations of students of USAT, and release their examination scores, and remove the negative advisory from the sponsor notes on the World Directory of Medical Schools listing

for the USAT College of Medicine, and to award such other injunctive and equitable relief as appropriate, plus damages, interest, and attorneys fees.

**ANSWER:**   The Court dismissed Plaintiff's Third Cause of Action, and thus no response to this WHEREFORE clause is required.

### FOURTH CAUSE OF ACTION
### Plaintiff v. All Defendants

48.   Plaintiff incorporates all prior paragraphs as though fully set forth herein.

**ANSWER**:   ECFMG incorporates its responses to the previous paragraphs as though fully set forth herein.

49.   This cause of action arises out of the 12/14/18 letter by Dr. William W. Pinsky, which is attached and incorporated as Exhibit A.

**ANSWER**:   The Court dismissed Plaintiff's Fourth Cause of Action, and thus no response to this paragraph is required.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

50.   Dr. Pinsky is the President and CEO of the ECFMG, and in that capacity, he authorized the illegal actions of the ECFMG, heretofore described.

**ANSWER**:   The Court dismissed Plaintiff's Fourth Cause of Action, and thus no response to this paragraph is required.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

51.   On 12/14/18, Dr. Pinsky sent a letter [Exhibit A] to Dr. Orien L. Tulp, addressing him as Professor and President of USAT at its main location in Montserrat.

**ANSWER**:   The Court dismissed Plaintiff's Fourth Cause of Action, and thus no response to this paragraph is required.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

52.   In this letter, Dr. Pinsky indicated, *inter alia,* essentially, that the ECFMG Committee had determined that, for a minimum period of five years, from the date of the letter, that Dr. Tulp was banned from submitting any documents or having any dealings with the ECFMG on behalf of USAT or otherwise.

16

**ANSWER**:   The  Court  dismissed  Plaintiff's  Fourth  Cause  of  Action,  and  thus  no response to this paragraph is required.

53.    This indefinite ban of Dr. Tulp for allegedly engaging in "irregular behavior" was arbitrarily imposed by the ECFMG Committee for alleged unproven false statements, none of which allegations were actually documented.

**ANSWER**:   The  Court  dismissed  Plaintiff's  Fourth  Cause  of  Action,  and  thus  no response to this paragraph is required.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

54.    This ban effectively precludes Dr. Tulp from operating, or being involved with, any medical school, in any capacity, for an indefinite period of time, subject to the unfettered discretion of ECFMG.

**ANSWER**:   The  Court  dismissed  Plaintiff's  Fourth  Cause  of  Action,  and  thus  no response to this paragraph is required.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

55.    This ban effectively closes USAT, as an institution for medical students, for an indefinite period of time, if not permanently.

**ANSWER**:   The  Court  dismissed  Plaintiff's  Fourth  Cause  of  Action,  and  thus  no response to this paragraph is required.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

56.    Actions which allegedly are announced in Dr. Pinsky's letter have already been instituted by the ECFMG such as the ban on the World Directory of Medical Schools website and the shutdown of the portal and the blocking of student scores and the affidavits.

**ANSWER**:   The  Court  dismissed  Plaintiff's  Fourth  Cause  of  Action,  and  thus  no response to this paragraph is required.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

57.    The ban by the ECFMG, as set forth in the letter of Dr. Pinsky, also means that the operations of the USAT in the United States must be shut down, and the students from the United States will be separated from USAT, which will have to be closed if the actions of the ECFMG are not reversed. Two of the three administrative conference venues have been closed due to the

actions of the ECFMG. Students have been forced to transfer to other medical schools to continue their education past January 1, 2019. As previously mentioned, the bulk of the USAT Basic Sciences Program is delivered via an advanced SPOC [Small Program Online Course program developed by USAT and delivered worldwide, thereby negating any requirement for a fixed US Campus]. The ECFMG or Dr. Pinsky has never asked for any information about the structure or content of the Basic Sciences Program.

**ANSWER**:   The Court dismissed Plaintiff's Fourth Cause of Action, and thus no response to this paragraph is required.   To the extent that a response is required, ECFMG denies the allegations of this paragraph.

58.   The actions of the ECFMG on Dr. Tulp and the students of USAT amount to a violation of procedural and substantive due process, as follows:

(a)   banning Dr. Tulp without a proper hearing;

(b)   banning Dr. Tulp without an evidentiary basis;

(c)   forcing closure of USAT and causing its students to be dismissed in an arbitrary and capricious manner;

(d)   requiring, at a hearing on 11/28/18, that USAT assume the burden of proof and allotting 20 minutes for the hearing;

(e)   terminating the hearing on 11/28/18 without receiving any evidence from Dr. Tulp;

(f)   finding Dr. Tulp guilty of "irregular behavior" without jurisdiction and due process, and effectively forcing closure of USAT College of Medicine without legal process, and constructively dismissing the students of USAT in violation of the law.

**ANSWER**:   The Court dismissed Plaintiff's Fourth Cause of Action, and thus no response to this paragraph and its subparts is required.   To the extent that a response is required, ECFMG denies the allegations of this paragraph and its subparts.

WHEREFORE, the Court is requested to order ECFMG to immediately resume processing the medical examinations of students of USAT, and release their examination scores, and remove the negative advisory from the sponsor notes on the World Directory of Medical Schools listing for the USAT College of Medicine, and to award such other injunctive and equitable relief as appropriate, plus damages, interest, and attorneys fees.

**ANSWER:**   The Court dismissed Plaintiff's Fourth Cause of Action, and thus no response to this WHEREFORE clause is required.   To the extent that a response is required, ECFMG denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, ECFMG alleges the following affirmative defenses.   ECFMG presently has insufficient knowledge or information to form a belief as to whether there are additional defenses than those stated below.   Therefore, ECFMG expressly reserves the right to assert additional defenses.

1.      The Complaint fails to state a due process claim upon which relief may be granted.

2.      Plaintiff's due process claim fails because ECFMG afforded Plaintiff due process.

3.      Plaintiff's due process claim fails because Plaintiff had notice and an opportunity to be heard.

4.      Plaintiff's due process claim is barred because Plaintiff has not suffered any actual injury or damage.

5.      Plaintiff is not entitled to relief under the doctrine of unclean hands.

6.      Plaintiff failed to mitigate his purported damages.

Respectfully submitted,

DATED:  April 9, 2019

*/s/ Elisa P. McEnroe*
Elisa P. McEnroe, PA Bar No. 206143
Matthew D. Klayman, PA Bar No. 319105
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:      +1.215.963.5917
Facsimile:      +1.215.963.5001
elisa.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

*Attorneys for the Educational Commission for*
*Foreign Medical Graduates*

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that on this date, I caused true and correct copies of the foregoing document to be served via electronic filing upon the following counsel of record via the ECF system and/or e-mail:

TOMMY SWATE
403 WILD PLUM
HOUSTON, TX 77013

WILLIAM C. REIL
1515 MARKET ST SUITE 1200
PHILADELPHIA, PA 19102
215-564-1635
Fax: 215-564-4292
Email: billreillaw@gmail.com

*Attorneys for Plaintiffs*

DATED:  April 9, 2019                    */s/ Elisa P. McEnroe*
                                              Elisa P. McEnroe