**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DR. ORIEN L. TULP, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:18-cv-05540-WB |
| | ) |
| v. | ) Hon. Wendy Beetlestone |
| | ) |
| EDUCATIONAL COMMISSION FOR | ) |
| FOREIGN MEDICAL GRADUATES and | ) |
| DR. WILLIAM W. PINSKY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT
EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES'
MOTION FOR SUMMARY JUDGMENT**

**I.      The Educational Commission for Foreign Medical Graduates**

1.      Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") is a private non-profit organization based in Philadelphia, Pennsylvania. *See* JA0001 (*About ECFMG: Statement of Values, Mission, and Purposes*, ECFMG, https://www.ecfmg.org/about/statement-of-values.html, Dkt. No. 12-2).

2.      ECFMG promotes quality health care for the public by, among other things, certifying physicians who received their basic medical degree from an international medical school (known as international medical graduates or "IMGs") for entry into graduate medical education in the United States. *See* JA0001 (*About ECFMG: Statement of Values, Mission, and Purposes*, ECFMG, https://www.ecfmg.org/about/statement-of-values.html, Dkt. No. 12-2); *see also* JA0184-JA0185 (Tr. of Jan. 24, 2019 Preliminary Injunction Hearing (hereinafter "Injunction Hr'g. Tr.") 9:21-10:1).

1

3.       ECFMG's responsibilities include (among other things):  (i) certifying the readiness of IMGs for entry into graduate medical education and healthcare systems in the United States through an evaluation of their qualifications, (ii) providing complete, timely, and accessible information to IMGs regarding entry into graduate medical education in the United States, and (iii) verifying credentials and providing other services to health care professionals world wide.  *See* JA0001 (*About ECFMG: Statement of Values, Mission, and Purposes*, ECFMG, https://www.ecfmg.org/about/statement-of-values.html, Dkt. No. 12-2).

4.       To verify an applicant's credentials as part of ECFMG's certification process, ECFMG collects documentation, including records relating to an applicant's attendance at a recognized international medical school.  *See* JA0010-JA0012 (ECFMG, *2019 Information Booklet* 5-7 (last updated Sept. 13, 2018), https://www.ecfmg.org/2019ib/2019ib.pdf, Dkt. No. 12-4).

5.       An "international medical school" is "an education facility located in a country **outside of the United States and Canada** with its primary campuses and main operations **located in that country**."  JA0003 (ECFMG Medical School Policy, Dkt. No. 12-3) (emphases added).

6.       If an international medical school has a branch campus outside the country where its primary campus is purportedly located, ECFMG "may require confirmation from the appropriate government authority" in the branch campus country that "the branch campus is authorized to operate as a medical school in the branch campus country" and that the international medical school "awards degrees that meet the medical education eligibility requirements for licensure to practice medicine in the branch campus country."  JA0003 (ECFMG Medical School Policy, Dkt. No. 12-3).

7.      Once an applicant's record is verified and complete and the applicant passes certain required substantive exams, ECFMG issues the applicant a certificate.  *See* JA0010-JA0012 (ECFMG, *2019 Information Booklet* 5-7 (last updated Sept. 13, 2018), https://www.ecfmg.org/2019ib/2019ib.pdf, Dkt. No. 12-4).

8.      This certificate signals that an IMG seeking admission to a U.S. graduate medical program has met certain minimum standards of eligibility, including graduation from a *bona fide* international medical school.  *See* JA0010-JA0012 (ECFMG, *2019 Information Booklet* 5-7 (last updated Sept. 13, 2018), https://www.ecfmg.org/2019ib/2019ib.pdf, Dkt. No. 12-4).

## II.     ECFMG's Policies and Procedures Regarding Irregular Behavior

9.      ECFMG's publicly available Policies and Procedures Regarding Irregular Behavior define "irregular behavior" to include:

> all actions or attempted actions on the part of applicants, examinees, potential applicants, others when solicited by an applicant and/or examinee, or any other person that would or could subvert the examination, certification or other processes, programs or services of ECFMG, including, but not limited to, the ECFMG Exchange Visitor Sponsorship Program, ECFMG International Credentials Services (EICS), the Electronic Portfolio of International Credentials (EPIC), and Electronic Residency Application Service (ERAS) Support Services at ECFMG.  Such actions or attempted actions are considered irregular behavior, regardless of when the irregular behavior occurs, and regardless of whether the individual is certified by ECFMG.

JA0029 (ECFMG, *2019 Information Booklet* 24 (last updated Sept. 13, 2018), https://www.ecfmg.org/2019ib/2019ib.pdf, Dkt. No. 12-4).

10.     ECFMG's Policies and Procedures Regarding Irregular Behavior provide: "Examples of irregular behavior include, but are not limited to, ***submission of any falsified or altered document to ECFMG, whether submitted by the individual or by a third party, such as a medical school, on behalf of the individual***; failing to comply with United States Medical Licensing Examination or ECFMG policies, procedures, and/or rules; ***falsification of information on applications, submissions, or other materials to ECFMG***; taking an examination when not

eligible to do so, or submission of any falsified or altered ECFMG document to other entities or individuals."  JA0029 (ECFMG, *2019 Information Booklet* 24 (last updated Sept. 13, 2018), https://www.ecfmg.org/2019ib/2019ib.pdf, Dkt. No. 12-4) (emphases added); *see* JA0032-JA0033 (ECFMG, *2019 Information Booklet* 27-28 (last updated Sept. 13, 2018), https://www.ecfmg.org/2019ib/2019ib.pdf, Dkt. No. 12-4) (irregular behavior includes providing false information or documents to ECFMG)); *see also* JA0204 (Injunction Hr'g Tr. 29:9-14).

11.     Irregular behavior charges can be brought against any individuals who are involved in the process of application for ECFMG certification or "any other person that would or could subvert the examination, certification or other processes programs or services of ECFMG," including medical school officials.  JA0029 (ECFMG, *2019 Information Booklet* 24 (last updated Sept. 13, 2018), https://www.ecfmg.org/2019ib/2019ib.pdf, Dkt. No. 12-4); *see* JA0351-JA0352, JA0355-JA0356 (Tr. of Deposition of Dr. William W. Pinsky (hereinafter "Pinsky Dep.") 41:24-42:3, 45:22-46:7).

12.     ECFMG's Policies and Procedures Regarding Irregular Behavior describe ECFMG's process for investigating suspected irregular behavior, determining whether an individual engaged in irregular behavior, and taking appropriate action if a finding of irregular behavior is made.  *See* JA0029-JA0033 (ECFMG, *2019 Information Booklet* 24-28 (last updated Sept. 13, 2018), https://www.ecfmg.org/2019ib/2019ib.pdf, Dkt. No. 12-4).

13.     ECFMG's Policies and Procedures Regarding Irregular Behavior set forth the following steps for addressing suspected irregular behavior:

    a.   "After receipt of a report or other information suggesting irregular behavior on the part of an individual, ECFMG staff will review the information and will assess whether there is sufficient evidence of irregular behavior.  When indicated and

feasible, staff will conduct a follow-up investigation to gather additional information." JA0030 (ECFMG, *2019 Information Booklet* 25 (last updated Sept. 13, 2018), https://www.ecfmg.org/2019ib/2019ib.pdf, Dkt. No. 12-4).

b.  "If ECFMG staff finds that there exists a reasonable basis to conclude that an individual may have engaged in irregular behavior, the matter will be referred to the Medical Education Credentials Committee." JA0030 (ECFMG, *2019 Information Booklet* 25 (last updated Sept. 13, 2018), https://www.ecfmg.org/2019ib/2019ib.pdf, Dkt. No. 12-4).

c.  The individual who may have engaged in irregular behavior "will be advised in writing of the nature of the alleged irregular behavior and will be provided with a copy of the *Policies and Procedures Regarding Irregular Behavior*." JA0030 (ECFMG, *2019 Information Booklet* 25 (last updated Sept. 13, 2018), https://www.ecfmg.org/2019ib/2019ib.pdf, Dkt. No. 12-4); *see* JA0199 (Injunction Hr'g Tr. 24:10-17).

d.  "The individual will be given an opportunity to provide written explanation and to present other relevant information. Any such written explanation or other relevant information must be received by ECFMG by the deadline set forth in ECFMG's writing to the individual. Submissions received after the deadline will be considered by the Medical Education Credentials Committee at its discretion." JA0030 (ECFMG, *2019 Information Booklet* 25 (last updated Sept. 13, 2018), https://www.ecfmg.org/2019ib/2019ib.pdf, Dkt. No. 12-4).

e.  "The individual may also request the opportunity to appear personally before the Medical Education Credentials Committee, and may be represented by legal

counsel, if the individual so wishes." JA0030 (ECFMG, *2019 Information Booklet* 25 (last updated Sept. 13, 2018), https://www.ecfmg.org/2019ib/2019ib.pdf, Dkt. No. 12-4); *see* JA0199 (Injunction Hr'g Tr. 24:10-17).

f.  "In instances in which the individual appears personally before the Medical Education Credentials Committee, a stenographic or audio recording will be made of that portion of the proceedings during which the individual is in attendance. Any statements made by the individual during a personal appearance before the Medical Education Credentials Committee will be under oath." JA0030-JA0031 (ECFMG, *2019 Information Booklet* 25-26 (last updated Sept. 13, 2018), https://www.ecfmg.org/2019ib/2019ib.pdf, Dkt. No. 12-4).

g.  "All pertinent information regarding the irregular behavior, including any explanation or other information that the individual may provide, will be provided to the Medical Education Credentials Committee. The Medical Education Credentials Committee, based on the information available to it, will determine whether the preponderance of the evidence indicates that the individual engaged in irregular behavior." JA0031 (ECFMG, *2019 Information Booklet* 26 (last updated Sept. 13, 2018), https://www.ecfmg.org/2019ib/2019ib.pdf, Dkt. No. 12-4).

h.  "If the Medical Education Credentials Committee determines that the individual engaged in irregular behavior, the Medical Education Credentials Committee will determine what action(s) will be taken as a result of the irregular behavior." JA0031 (ECFMG, *2019 Information Booklet* 26 (last updated Sept. 13, 2018), https://www.ecfmg.org/2019ib/2019ib.pdf, Dkt. No. 12-4).

    i.    "ECFMG will notify the individual whether the Medical Education Credentials Committee determined the individual engaged in irregular behavior and of any action(s) taken pursuant thereto." JA0031 (ECFMG, *2019 Information Booklet* 26 (last updated Sept. 13, 2018), https://www.ecfmg.org/2019ib/2019ib.pdf, Dkt. No. 12-4).

    j.    "The Medical Education Credentials Committee's determination of irregular behavior and any action(s) taken pursuant thereto (a 'decision' of the Medical Education Credentials Committee) may be appealed to the Review Committee for Appeals if the individual has a reasonable basis to believe the Medical Education Credentials Committee did not act in compliance with the Medical Education Credentials Committee Policies and Procedures or that the Medical Education Credentials Committee's decision was clearly contrary to the weight of the evidence before it. The notice of appeal must be received by ECFMG within thirty (30) days of the date on which the notification advising the individual of the Medical Education Credentials Committee's decision was mailed to the individual. The appeal of a decision of the Medical Education Credentials Committee is governed by the Rules of Appellate Procedure." JA0031-JA0032 (ECFMG, *2019 Information Booklet* 26-27 (last updated Sept. 13, 2018), https://www.ecfmg.org/2019ib/2019ib.pdf, Dkt. No. 12-4).

14.    ECFMG's Policies and Procedures Regarding Irregular Behavior also allow individuals to submit petitions for reconsideration of a decision of the Medical Education Credentials Committee. *See* JA0032 (ECFMG, *2019 Information Booklet* 27 (last updated Sept. 13, 2018), https://www.ecfmg.org/2019ib/2019ib.pdf, Dkt. No. 12-4).

III.    **Dr. Orien L. Tulp**

15.     Plaintiff Dr. Orien L. Tulp is the President of the University of Science, Arts, and Technology Montserrat ("USAT"), a medical school with its primary campus and main operations supposedly in Montserrat.  JA0451 (Tr. of Deposition of Dr. Orien L. Tulp (hereinafter "Tulp Dep.") 24:2-6).

16.     For years, Dr. Tulp was an "authorized signatory" for USAT, meaning that ECFMG would accept his signature on submissions to ECFMG made on behalf of USAT.  *See* JA0474-JA0477 (Tulp Dep. 47:16-50:13).

17.     Dr. Tulp was one of several "authorized signatories" for USAT.  *See* JA0474-JA0475 (Tulp Dep. 47:16-48:23); *see also* JA0212-JA0213 (Injunction Hr'g Tr. 37:2-16).

18.     Dr. Tulp has never earned money from USAT.  JA0519 (Tulp Dep. 92:21-23).

19.     Dr. Tulp is not, and has not previously been, paid by USAT.  JA0519 (Tulp Dep. 92:10-15).

20.     Dr. Tulp retired 20 years ago, and his income is derived entirely from pensions, including a military pension, Social Security, and a teacher's retirement pension.  JA0519-0521 (Tulp Dep. 92:16-94:10).

IV.     **Dr. Tulp Provided False Information to ECFMG During Its Investigation of USAT's Unauthorized Operations in the United States.**

21.     In July and August of 2018, ECFMG received information indicating that USAT was offering classes in Miami, Florida.  *See* JA0092 (Aug. 8, 2018 email to ECFMG); JA0093-JA0097 (Aug. 14, 2018 email from C. Ostwalt to S. Mealy).

22.     On August 21, 2018, D. Scott Mealey, ECFMG's Manager of Medical Education Resources & Operations Support, sent a letter to Dr. Tulp via email, which stated:

Dear Dr. Tulp,

It has recently come to the attention of the Educational Commission for Foreign Medical Graduates (ECFMG) that USAT in Montserrat is operating a satellite (or branch) campus in Miami, Florida.

In order for students and graduates of an international medical school, such as USAT, to have eligibility to apply for ECFMG Certification, ECFMG policy requires confirmation from the appropriate government authority in the branch campus country that the branch campus is authorized to operate as a medical school in such branch campus country.

In light of this, ECFMG requests that USAT provide documentation from the United States Department of Education and/or the Florida Department of Education confirming that USAT's Miami branch campus is authorized to operate as a medical school in the United States. This documentation should cover the whole time period that the USAT Miami branch campus has been in operation.

JA0098; *see* JA0219 (Injunction Hr'g Tr. 44:9-18); JA0256, (Injunction Hr'g Tr. 81:4-82:11 (Dr. Tulp testifying that he received the August 21, 2018 letter)).

23.     The letter asked Dr. Tulp to provide the requested documentation "confirming that USAT's Miami branch campus is authorized to operate as a medical school in the United States" by September 3, 2018. JA0098. ECFMG never received documentation showing that USAT is authorized to conduct education in the United States. JA0220 (Injunction Hr'g Tr. 45:6-9).

24.     Later on August 21, 2018, Dr. Tulp responded to Mr. Mealey via email, writing:

Dear Mr. Mealey

This is incorrect information. The Miami location is an information and testing site only, where a pre-usmle examination [an NBME] may be administered, and an Orientation for new students is conducted prior to their traveling to the Caribbean.. It is NOT a campus. Our ONLY Campus is located in Olveston, Montserrat, British West Indies.

Actually, recall that Montserrat is a volcanic Island, and the license issued to USAT in September, 2003 DOES actually permit the establishment of off-campus lecture and administrative sites as needed. USAT has students on island on a year round basis in its origination.

I hope this will clarify your concern.

JA0099; *see* JA0260-JA0262 (Injunction Hr'g Tr. 85:16-87:8 (Dr. Tulp testifying that he sent this email)).

25.     Between August 21, 2018 and September 14, 2018, ECFMG received information that USAT was providing medical education lectures not only at its Miami site, but also at sites in Tampa, Florida and Dallas, Texas.  *See* JA0102 (Sept. 14, 2018 letter from K. Corrado to Dr. O. Tulp).

26.     On September 14, 2018, Kara Corrado, ECFMG's Vice President for Operations, sent a letter to Dr. Tulp via email, which stated:

> Dear Dr. Tulp:
>
> This is a follow-up to our August 21, 2018 letter in which ECFMG requested information from you about the University of Science, Arts & Technology (USAT) Faculty of Medicine's satellite (or branch) campus in Miami, FL.  In response, you indicated, 'The Miami location is an information and testing site only, where a pre-usmle examination [an NBME] may [be] administered, and an Orientation for new students is conducted prior to their traveling to the Caribbean.  It is NOT a campus. Our ONLY Campus is located in Olveston, Montserrat, British West Indies.'  We thank you for your quick reply.'
>
> ECFMG has since received information that USAT is providing medical education lectures not only at its Miami site, but also at sites in Tamp, FL, and Dallas, TX.
>
> It is critical that ECFMG ensure that information regarding international medical schools and their students provided to ECFMG complies with ECFMG policies and requirements. Therefore, ECFMG continues its review of this matter.  This letter is to advise you that, as part of its review, ECFMG has reached out to students and graduates of USAT in order to collect information from them regarding their attendance at USAT.
>
> Effective today, USAT students and graduates seeking services related to ECFMG Certification, including registration for USMLE examinations, release of USMLE scores, issuance of an ECFMG Certificate, or issuance of ECFMG Certification Status Reports to residency programs, must complete and submit an affidavit attesting to the accuracy of the medical school information provided to ECFMG.  Services will not be provided to individuals who do not complete the affidavit.  ECFMG has provided instructions about this process directly to the students and graduates.

JA0102; *see* JA0216 (Injunction Hr'g Tr. 41:5-13 ("We had had information that USAT was operating a campus in the United States in Florida.  And Dr. Tulp had indicated that that was not correct.  So we still were getting information contrary to that.  So we decided to send the affidavit to the students to get information from the students about where they actually did their basic sciences.")).

27.      ECFMG sent an affidavit to USAT students and graduates seeking ECFMG services, asking them to certify under penalty of perjury and under penalty of a finding of irregular behavior (1) their dates of attendance at USAT, and (2) the location where they took their basic science courses.  *See* JA0119 (Affidavits Attesting to Medical School Attendance and Education Received at USAT); *see also* JA0191, JA0223 (Injunction Hr'g Tr. 16:1-6, 48:2-8 ("Essentially, in order to receive ECFMG services, they need to complete that affidavit and submit to ECFMG. And once ECFMG has reviewed it and accepted it, then we will continue to provide services to those graduates and students.")).

28.      More than 300 students submitted affidavits to ECFMG indicating that they took classes in the United States, and not a single student indicated that he or she took all of his or her basic science courses in Montserrat.  *See* JA0175 (Jan. 10, 2019 Declaration of K. Corrado ¶ 4, Dkt. No. 12-10).

29.      There were also a "number of affidavits" from USAT students where "Dr. Tulp ha[d] provided information that conflicted with the affidavit information that ECFMG got from the students." JA0193 (Injunction Hr'g Tr. 18:7-16).

30.      A second affidavit was later circulated to USAT students and graduates, in which ECFMG sought information about whether USAT students and graduates were given "advance standing" or exempted from taking required courses at USAT based on credits earned outside of USAT.  JA0120-JA0121 (Affidavits Attesting to Medical School Attendance and Education Received at USAT).

## V.    ECFMG Initiated Irregular Behavior Proceedings Concerning Dr. Tulp.

31.      On October 18, 2018, Lisa Cover, ECFMG's Senior Vice President for Business Development and Operations, sent a letter to Dr. Tulp advising him of allegations that he

individually and in his capacity as an official at USAT engaged in irregular behavior by providing false information to ECFMG.  *See* JA0115-JA0118 (Oct. 18, 2018 letter from L. Cover to Dr. O. Tulp).

32.     At the beginning of the letter, Ms. Cover detailed the allegations of irregular behavior as follows:

> Dear Dr. Tulp:
>
> I am writing to advise you of the allegation that you, individually and in your capacity as an official of the University of Science, Arts & Technology (USAT) Faculty of Medicine, Montserrat, engaged in irregular behavior in connection with providing false information to ECFMG.  Specifically, you provided false information to ECFMG when you (1) notified ECFMG that USAT does not operate a branch campus in Miami, Florida and (2) certified to the attendance dates of several USAT students and graduates when ECFMG has information that these students were not attending USAT during some of the time periods to which you certified.  The details of ECFMG's allegation are set forth below.

JA0115.

33.     The letter included a section entitled "**Details of Allegation**" that summarized the allegation of "*False Information Regarding U.S. Branch Campuses*" as follows:

**Details of Allegation**
*False Information Regarding U.S. Branch Campuses*
        On August 21, 2018, ECFMG advised you that we had become aware that USAT was operating a "branch" campus in Miami, Florida.  We advised you that in order for students and graduates of an international medical school, such as USAT, to have eligibility to apply for ECFMG Certification, ECFMG policy requires confirmation from the appropriate government authority in the branch campus country that the branch campus is authorized to operate as a medical school in such branch campus country. Therefore, we requested that USAT provide documentation from the United States Department of Education and/or the Florida Department of Education confirming that USAT's Miami branch campus is authorized to operate as a medical school in the United States. We indicated that this documentation should cover the whole time period that the USAT Miami branch campus has been in operation.

        In response to ECFMG's August 21, 2018 letter, you replied:

        "This is incorrect information.  The Miami location is an information and testing site only,  where a pre-usmle examination [an NBME] may administered, and an Orientation for new students is conducted prior to their traveling to the

Caribbean.. It is NOT a campus.  Our ONLY Campus is located in Olveston, Montserrat, British West Indies.

Actually, recall that Montserrat is a volcanic Island, and the license issued to USAT in September, 2003 DOES actually permit the establishment of off-campus lecture and administrative sites as needed.  USAT has students on island on a year round basis since its origination." [emphasis in original]

After receiving your reply, ECFMG received information that USAT was also providing medical education lectures not only at its Miami site, but also at sites in Tampa, Florida, Dallas, Texas, and Puerto Rico.  As a result and to ensure that information regarding international medical schools and their students provided to ECFMG complies with ECFMG policies and requirements, ECFMG notified you that ECFMG would require USAT students and graduates to complete an affidavit, attesting to the accuracy of the medical school information provided to ECFMG.

In response to ECFMG's affidavit request, many USAT students and graduates have certified that they have not completed any courses on Montserrat, but instead completed courses on site in the United States at the direction of USAT officials due to volcanic and hurricane activity on Montserrat. ECFMG also received a copy of the "2018 University of Science, Arts and Technology Lecture Conference Schedule" which shows lectures occurring in Florida and Texas.  We note that there are no lectures scheduled for Montserrat.  We also note that graduation occurs in Miami, Florida.

This directly conflicts with the information that you provided, i.e. that "the Miami location is an information and testing site only,  where a pre-usmle examination [an NBME] may administered, and an Orientation for new students is conducted prior to their traveling to the Caribbean.. It is NOT a campus.  Our ONLY Campus is located in Olveston, Montserrat, British West Indies." [emphasis in original].  Further, though USAT's agreement with the Montserrat government indicates that USAT "agrees to maintain operations in Monserrat with regard to its Medical and other programmes for the duration of the agreement unless unforeseen circumstances and/or natural disaster arise that the MCL-USAT may choose to relocate to an area of convenience for the MCL-USAT for a time period to be determined by MCL-USAT.  This would not effect any permission granted to MCL-USAT by the government of Montserrat," ECFMG has no record of receipt of any official communication from you or any other USAT official indicating that USAT relocated due to volcanic activity, from 2003 until present.

In ECFMG's September 15, 2017 announcement "Relocation of Caribbean Medical Schools Impacted by Hurricane Irma" ECFMG advised: "Schools that have relocated or plan to relocate their operations to the United States or elsewhere as a result of Hurricane Irma should provide ECFMG with: a) a formal notice to ECFMG that includes the address of where the school is temporarily located and the expected date of when the school will return to its home country, b) copies of approvals from the home country governmental authorities, and c) copies of approvals from the accrediting

> agency, if any. This information should be e-mailed to Medical Education Resources at medschoolreview@ecfmg.org, along with any questions or comments." ECFMG has no record of receipt of any correspondence from you or any other USAT official that USAT was relocating to the United States due to Hurricane Irma, or any other hurricane.

JA0115-JA0117.

34.     The letter then summarized the allegation of "*Certification of False Information Regarding Students Attendance Dates*" as follows:

> ***Certification of False Information Regarding Students Attendance Dates***
> During the course of the investigation into USAT's branch campuses, ECFMG has discovered information that indicates that you provided false information to ECFMG regarding the attendance dates of some of your students on some of their applications for United States Medical Licensing Examinations (USMLE). Specifically, you certified that students were attending USAT during time periods which they were not actually attending USAT.
>
> It is ECFMG's usual practice to consider any action or attempted actions by any person that would or could subvert the processes, programs or services of ECFMG to be *irregular behavior*. See Section A.1. of the enclosed *ECFMG Medical Education Credentials Committee Policies and Procedures*. Examples of irregular behavior include the provision of false information or falsified credentials to ECFMG. ECFMG investigates and considers allegations of irregular behavior in order to protect the integrity of its processes, programs, and services. The ECFMG Committee can impose serious sanctions if it finds irregular behavior has been committed.
>
> The review into the matters described in this letter are ongoing. ECFMG reserves the right to amend or make additional allegations of irregular behavior, in accordance with its policies and procedures, should ECFMG obtain information that supports such amendment or additional allegations.

JA0117.

14

35.   The letter concluded by summarizing the forthcoming "**ECFMG Medical Education Credentials Committee Review of this Allegation**" as follows:

---

**ECFMG Medical Education Credentials Committee Review of this Allegation**

This matter will be referred to the ECFMG Committee for review at its next scheduled meeting on November 28, 2018 in Philadelphia. The ECFMG Committee will consider the information presented and take action in accordance with the enclosed *ECFMG Medical Education Credentials Committee Policies and Procedures*.

You will have the opportunity to appear personally before the ECFMG Committee, accompanied by legal counsel, if you so wish. Please indicate in your response if you wish to appear personally before the ECFMG Committee in your individual and/or official capacities. If you do wish to make a personal appearance, I will notify you of the particular time and location of the meeting.

The following documents will be included in the Agenda for the ECFMG Committee's review:

- ECFMG's August 21, 2018 letter to you and your August 21, 2018 e-mail reply;

- ECFMG's September 14, 2018 letter to you, including a copy of the affidavit sent to USAT students on September 14, 2018;
- Copy of "2018 University of Science, Arts and Technology Lecture Conference Schedule"
- September 15, 2017 ECFMG Announcement "Relocation of Caribbean Medical Schools Impacted by Hurricane Irma";
- Copy of "An Agreement Between the Government of Montserrat and Medical College of London (MCL) University of Science, Arts, and Technology (Montserrat) LTD. (USAT)"
- Affidavits completed by USAT students; and
- This letter.

Copies of these documents, with the exception of the completed affidavits by students, are enclosed.

**Please provide a response to ECFMG by November 1, 2018.** In your response, please note whether you wish to make a personal appearance before the ECFMG Committee. All documents should be submitted to Ms. Kara Corrado, Vice President for Operations, at the address above or via e-mail at kcorrado@ecfmg.org. If you have any questions, please do not hesitate to call me at (215) 883-7318.

---

JA0117-JA0118.

36.     The letter was sent to o.tulp@usat.edu, which is one of the email addresses used by Dr. Tulp.  *See* JA0115; JA0260 (Injunction Hr'g Tr. 85:16-19); JA0479 (Tulp Dep. 52:12-16).

37.     In the time period between Ms. Cover's October 18, 2018 letter and the November 28, 2018 meeting of the Medical Education Credentials Committee, counsel for Dr. Tulp exchanged numerous letters with ECFMG relating to the allegations of irregular behavior against Dr. Tulp and the November 28, 2018 irregular behavior proceeding.  *See, e.g.*, JA0124-JA0126 (Oct. 23, 2018 letter from T. Swate to K. Corrado, incorrectly dated Sept. 23, 2018); JA0127-JA0129 (Oct. 26, 2018 letter from K. Corrado to T. Swate); JA0130-JA133 (emails between K. Corrado ECFMG and counsel for Dr. Tulp dated Nov. 9-14, 2018); JA0134-JA0136 (emails between ECFMG and counsel for Dr. Tulp dated Nov. 9-16, 2018).

38.     On October 23, 2018, ECFMG received a letter from attorney Tommy Swate dated September 23, 2018.  *See* JA0124-JA0126 (letter from T. Swate to K. Corrado, incorrectly dated Sept. 23, 2018); JA0127 (letter from K. Corrado confirming receipt on Oct. 23, 2018 of letter from T. Swate dated Sept. 23, 2018).  In that letter, Mr. Swate explained that he represented USAT and would attend the November 28, 2018 proceeding described in Ms. Cover's October 18, 2018 letter to Dr. Tulp.  He also sought to confirm that Ms. Cover's October 18, 2018 letter to Dr. Tulp contained all the allegations to be discussed at the November 28, 2018 proceeding and requested the complete file to be reviewed by the Medical Education Credentials Committee at that proceeding.  JA0124-JA0126.

39.     On October 26, 2018, Ms. Corrado responded to Mr. Swate in a letter sent via email,

writing:

Dear Mr. Swate:

I am writing in response to your letters dated September 15, 2018 and September 23,
2018. These letters were received at ECFMG on October 16, 2018 and October 23, 2018
respectively. We understand from your letters that you have been retained as counsel for
University of Science, Arts & Technology (USAT) Faculty of Medicine, Montserrat. Your letters
appear to conflate the issue that USAT is operating branch campuses in the United States
without appropriate documentation with the allegations of irregular behavior for Dr. Tulp. We
take this opportunity to clarify these issues for you.

**Allegations of Irregular Behavior for Dr. Orien Tulp**

ECFMG has *not* alleged irregular behavior on the part of USAT (the institution). The
allegations of irregular behavior are specific to Dr. Tulp, both individually and in his capacity as
an official of USAT. Therefore, before providing you with any materials relating to allegations of
irregular behavior concerning Dr. Tulp, we ask that you advise ECFMG whether you also
represent Dr. Tulp individually, in addition to USAT. We will be happy to share the entire case
file that will be reviewed by the ECFMG Medical Education Credentials Committee ("ECFMG
Committee") with you once you have officially advised that you are Dr. Tulp's legal counsel.

Please note that only Dr. Tulp is entitled to request a personal appearance at the
ECFMG Committee hearing, with his legal counsel, as outlined in ECFMG's Policies and
Procedures for Irregular Behavior. ECFMG will not permit any other person or official, from
USAT or otherwise, to appear instead of Dr. Tulp at his hearing. If you are Dr. Tulp's legal
counsel, Dr. Tulp has the right for you to appear with him at the hearing. There is no right or
need for "local counsel" or "paralegals" to attend; therefore, they will not be permitted to attend
Dr. Tulp's hearing.

Further, in your September 23, 2018 letter, you indicate that "a decision has already
been made regarding October 18, 2018 allegations because the ECFMG has posted on various
websites warning to USAT students that after January 1, 2018 USAT students will no longer be
eligible to apply for the various Step tests." This is incorrect. No decision regarding the
allegations against Dr. Tulp has been made as the ECFMG Committee has not yet reviewed
these allegations. ECFMG carefully follows its policies and procedures, maintaining fairness and
integrity throughout its processes. We trust this information disabuses you of the notion that
ECFMG's "proceedings are not neutral."

JA0127.

40.     On November 9, 2018, Ms. Corrado emailed Mr. Swate and William Reil, another

attorney who had communicated with ECFMG on behalf of Dr. Tulp and USAT, writing:

Gentleman:

I am following up on ECFMG's October 26, 2018 letter to you regarding USAT. We
understand that you both are counsel for USAT.

As you know, ECFMG will review the allegations of irregular behavior for Dr. Tulp on
November 28, 2018.   Dr. Tulp has a right to a personal appearance at that meeting
with his legal counsel.

Please reply to this email by November 14, 2018 and indicate:
 If you are representing Dr. Tulp in this matter; and
 If Dr. Tulp plans to attend the meeting in person (and if so, which of his attorneys will be present).

If we do not receive a reply from you on or before November 14, 2018, we will
assume that Dr. Tulp is not making a personal appearance.  Dr. Tulp's case is
scheduled to be reviewed on November 28, 2018 whether or not he makes a
personal appearance.

JA0132.

41.     Later that day, Mr. Swate responded via email and wrote, in part:  "Mr. Riel [sic]

and I will represent Dr. Tulp at the hearing on October [sic] 28th.  Please send a copy of the

October [sic] 28 agenda and written policy and procedure to my attention at swatemd@aol.com.

Please forward copies of all documents submitted to the committee members prior to the hearing."

JA0131.

42.     On November 14, 2018, Ms. Corrado responded via email and wrote, "Thank you

for your email. As we understand that you and Mr. Reil are representing Dr. Tulp in the matter

related to the allegations of irregular behavior, I am sending the materials that the ECFMG

Committee will review when considering these allegations. I will send the attachments in 5

separate emails, as they are quite large. Please let me know if you have not received them. Please note that this email will also be provided to the Committee."  JA0130.

43.     In the email, Ms. Corrado also wrote, "**Dr. Tulp is scheduled to appear before the ECFMG Committee with you and Mr. Reil (Dr. Tulp's attorneys) on Wednesday November 28, 2018 at 9:00 AM at the Rittenhouse Hotel, 210 West Rittenhouse Square, Philadelphia, PA 19103.  Please arrive by 8:45 AM.**  In accordance with ECFMG's standard practice, Dr. Tulp will be scheduled for 20 minutes, during which time he will have the opportunity to present his response to these allegations (either personally or through his counsel) and the ECFMG Committee members, ECFMG counsel, and staff will have the opportunity to ask questions.  After that, Dr. Tulp may provide a brief, closing statement." JA0130 (emphasis in original).

44.     On November 14, 2018, ECFMG emailed to Tommy Swate the materials that the Medical Education Credentials Committee would review at its meeting on November 28, 2018 relating to the allegations of irregular behavior concerning Dr. Tulp.  JA0134.

45.     On November 16, 2018, Ms. Corrado emailed Dr. Tulp's counsel and wrote, "I am writing to confirm that you have received the materials that the ECFMG Committee will review at its meeting on November 28, 2018 related to the allegations of irregular behavior for Dr. Tulp." JA0134.  Ms. Corrado also wrote, "All documents were emailed to you on Wednesday, November 14, 2018.  I have also sent the documents to you via Federal Express today."  JA0134.  *See* JA 0215 (Injunction Hr'g Tr. 40:10-15 ("Yes, so we provide the materials to individuals prior to the hearing.  Those materials were sent via email to Dr. Tulp's counsel.")).

46.     That same day, Mr. Swate responded, "Thank you.  I have received documents[.]" JA0134.

## VI.  Dr. Tulp and His Counsel Appeared Before the Medical Education Credentials Committee.

47.     On November 28, 2018, Dr. Tulp appeared before the Medical Education Credentials Committee.  *See* JA0144 (Tr. of Medical Education Credentials Committee Hr'g Regarding Dr. Orien L. Tulp (hereinafter "MECC Hr'g Tr.") 6:18-22); JA0521-JA0522 (Tulp Dep. 94:17-95:20).   He was accompanied by his attorneys, Mr. Swate and Mr. Reil.   JA0135 (ECFMG00000506).

48.     Dr. Tulp and his counsel were again provided with a copy of the materials that would be considered by the Medical Education Credentials Committee.  *See* JA0145-JA0148 (MECC Hr'g Tr. 7:13-8:15, 8:19-24, 9:24-10:4); *see also* JA0361-JA0362, JA0365-JA0363 (Pinsky Dep. 51:24-52:3, 55:17-56:8 ("[T]he board received the same documents that had been sent to Dr. Tulp and his attorneys.  The board had that material and they reviewed that prior to coming to the committee meeting.")); JA0134 (Nov. 16, 2018 email from T. Swate confirming receipt of documents from ECFMG).

49.     At the outset of the hearing, the members of the Medical Education Credentials Committee and ECFMG's representatives introduced themselves to Dr. Tulp and his counsel. JA0142-JA0143 (MECC Tr. 4:6-5:23).

50.     Ms. Corrado then summarized the allegations of irregular behavior for the Committee as follows:  "The allegation is that Dr. Orien Tulp, professor and president of USAT engaged in irregular behavior in connection with providing false information to ECFMG, specifically that Dr. Tulp provided false information to ECFMG regarding USTAT's [sic] United States branch campuses and certifying to the attendance dates of several USTAT [sic] students and graduates when ECFMG has information that these students were not attending USTAT [sic]." JA0144 (MECC Tr. 6:1-22).

51.     Mr. Swate then made an opening statement on behalf of Dr. Tulp.  He began by stating, "I've asked and I've asked and I've asked for the packet that was presented to the committee members.  I would like a copy of the packet, the information that was submitted to the committee members so that I will know what was considered by the committee before we came here today because you're considering information that I may or may not know about."  JA0145-JA0146 (MECC Tr. 7:14-8:1).

52.     Counsel for ECFMG directed Mr. Swate to the copy of the materials printed for him and reminded Mr. Swate that the materials had been provided to him "on more than one occasion prior to this proceeding, which is our usual practice even without you asking."  JA0146 (MECC Tr. 8:10-14); *see* JA0147-JA0148 (MECC Tr. 9:24-10:4 (explaining that the materials were sent by email on November 14 and by Federal Express)).

53.     Mr. Swate then presented a series of arguments on behalf of Dr. Tulp, including that (a) ECFMG lacked jurisdiction over Dr. Tulp, (b) ECFMG had no written contract with Dr. Tulp, (c) ECFMG should have the "sole and exclusive burden of proof," and (d) ECFMG appeared to be "co-mingling . . . the prosecutorial and jury functions."  JA0149-JA0155 (MECC Tr. 11:17-17:2).

54.     Mr. Swate concluded, "That is our opening statement.  If you have any questions, you can address them to me.  ***Dr. Tulp will not be answering any questions.***"  JA0154-JA0155 (MECC Tr. 16:22-17:2) (emphasis added).

55.     Counsel for ECFMG repeatedly invited Dr. Tulp and his counsel to present a substantive response or statement regarding the charges of irregular behavior against Dr. Tulp. *See, e.g.*, JA0155-JA0158, JA0162-JA0163 (MECC Tr. 17:3-7; 18:5-8, 17-21; 19:9-14; 19:23-20:2; 20:18-21; 24:9-25:1; 25:11-16).

56.     At one point during the proceeding, counsel for ECFMG asked whether "USTAT [sic] provide[d] any student with any medical school basic science education in the United States." JA0157-JA0158 (MECC Tr. 19:23-20:2).  Mr. Swate responded, "Well, yes, it did," but counsel for ECFMG noted for the record that Dr. Tulp was "shaking his head, no, and you [Mr. Swate] just said, yes.  So maybe you should let your client speak to respond."  JA0158 (MECC Tr. 20:3-8).  In response, Mr. Swate stated, "***Dr. Tulp is not going to be talking today.  The next time you hear him talk is going to be in federal court.***"  JA0158 (MECC Tr. 20:9-12).

57.     Counsel for ECFMG specifically asked for clarification of what Dr. Tulp meant when he used the word "campus" in his email to ECFMG, but Dr. Tulp and his counsel refused to provide any clarification.  JA0162-JA0164 (MECC Tr. 24:16-26:11).

58.     Indeed, Dr. Tulp's counsel also refused to answer questions, stating, "I'm not a witness.  So you don't get to cross-examine me."  JA0160 (MECC Tr. 22:12-14).

59.     Mr. Swate repeatedly stated that he was "prepared to go through every page" of the evidence presented to the Medical Education Credentials Committee.  JA0161 (MECC Tr. 23:17-18); *see* JA0162 (MECC Tr. 24:6-7); JA0169 (MECC Tr. 31:10-11).  But when asked by counsel for ECFMG to explain how the materials showed that Dr. Tulp did not provide false information to ECFMG, Mr. Swate responded repeatedly that he did not bear the burden of proof.  *See, e.g.*, JA0157 (MECC Tr. 19:7-17); JA0161-JA0162 (MECC Tr. 23:19-24:1).

60.     Toward the end of the hearing, in response to Mr. Swate again referencing his "ability to go through" the materials, counsel for ECFMG again asked Mr. Swate whether "there [was] anything in particular you [Mr. Swate] want to go through." JA0164 (MECC Tr. 26:20-22).

61.     When counsel for ECFMG finally attempted to terminate the hearing, Mr. Swate said, "ECFMG is terminating this prior to us presenting our evidence."  JA0169 (MECC Tr. 31:2-

4).  In response, counsel for ECFMG stated, "We asked you to present evidence, and all you did was present legal argument.  What's your offer of proof? What would you like to provide?" JA0169 (MECC Tr. 31:5-9).  Mr. Swate responded, "We'll go through every page of this."  JA0169 (MECC Tr. 31:10-11).  But when counsel for ECFMG asked Mr. Swate to identify specifically the evidence he wanted to address, Mr. Swate responded, "I'm asking your evidence.  You're the one presenting the evidence and I'm asking what it is?"  JA0169-JA0170 (MECC Tr. 31:23-32:2).

62.      Counsel for ECFMG then adjourned the hearing.  Dr. Tulp refused to testify or present any evidence explaining or clarifying why the evidence previously gathered by ECFMG and disclosed to Dr. Tulp did not warrant a finding of irregular behavior.  JA0170 (MECC Tr. 32:3-10).

## VII.   ECFMG Determines that Dr. Tulp Engaged in Irregular Behavior.

63.     On December 14, 2018, ECFMG notified Dr. Tulp that the Medical Education Credentials Committee had completed its review and determined that Dr. Tulp had engaged in irregular behavior, writing:

> Dear Dr. Tulp:
>
> I am writing to inform you that the ECFMG Medical Education Credentials Committee ("ECFMG Committee") has completed its review of the allegation that you, individually and in your capacity as an official of University of Science, Arts & Technology (USAT) Faculty of Medicine, Montserrat, engaged in irregular behavior in connection with providing false information to ECFMG. Specifically, you provided false information to ECFMG when you (1) notified ECFMG that USAT does not operate a branch campus in Miami, FL and (2) certified to the attendance dates of several USAT students and graduates when ECFMG has information that these students were not attending USAT during some of the time periods to which you certified.
>
> In advance of the review, the members of the ECFMG Committee were provided with the documents listed in ECFMG's October 18, 2018 letter and ECFMG's November 14, 2018 emails. A hardcopy of the complete file was also sent to your attorney, Mr. Tommy Swate, on November 16, 2018 via Federal Express. On November 16, 2018, Mr. Swate acknowledged receipt of this complete file. You made a personal appearance before the ECFMG Committee accompanied by your legal counsel, Mr. Swate. A copy of the transcript of the proceedings will be sent to you as soon as it is available.
>
> The ECFMG Committee considered the documentation presented to it and Mr. Swate's statements. Following careful review, the ECFMG Committee determined that you engaged in irregular behavior in connection with providing false information to ECFMG.
>
> The ECFMG Committee has determined that ECFMG will not accept any documents signed / certified by you for ECFMG on behalf of USAT, or any other medical school, for a minimum of five years from today; thereafter, the prohibition shall end only upon a petition to ECFMG conclusively demonstrating to the satisfaction of the ECFMG Committee a familiarity with, and willingness to adhere to, ECFMG polices. Your ECFMG Medical School Web Portal (EMSWP) account will remain deactivated.
>
> In light of the ECFMG Committee's findings, the ECFMG Sponsor Note for USAT in the *World Directory of Medical Schools (World Directory)* will be updated as follows:

> *In 2018, ECFMG determined that a certain official of the University of Science Arts & Technology engaged in irregular behavior in connection with providing false information to ECFMG.*
>
> This note will remain in USAT's ECFMG Sponsor Note in the *World Directory* for five years, regardless of whether USAT changes its name, ownership, and/or location.
>
> Additionally, in accordance with the ECFMG *Policies and Procedures Regarding Irregular Behavior*, a permanent annotation that you engaged in irregular behavior will be included in your ECFMG record. ECFMG may report the ECFMG Committee's determination of irregular behavior to the Federation of State Medical Boards of the United States, U.S. state and international medical licensing authorities, directors of graduate medical education programs, and to any other organization or individual who, in the judgment of ECFMG, has a legitimate interest in such information.
>
> As noted in the enclosed ECFMG *Rules of Appellate Procedure*, decisions of the ECFMG Medical Education Credentials Committee may be appealed within the 30-day time period specified.

JA0172-JA0173.

64.   The action taken regarding Dr. Tulp in connection with the finding of irregular behavior was limited to Dr. Tulp's role as an authorized signatory on behalf of USAT.  *See* JA0214 (Injunction Hr'g Tr. at 39:7-14).

65.   The action does not disqualify USAT from having an authorized signatory.  *See* JA0214-JA0215 (Injunction Hr'g Tr. at 39:24-40:1); *see also* JA0475-JA0476 (Tulp Dep. 48:24-49:11).   Excluding Dr. Tulp, USAT has two authorized signatories who can sign documents submitted to ECFMG on behalf of USAT.  JA0476 (Tulp Dep. 48:24-49:11).

66.   Dr. Tulp testified that he is involved in opening a new medical school in the British Virgin Islands.  JA0271-JA0272, JA0274 (Injunction Hr'g Tr. 96:15-97:4, 99:3-12); JA0455 (Tulp Dep. 28:21-24).

67.   Dr. Tulp never appealed from the decision of the Medical Education Credentials Committee as permitted by ECFMG's Policies and Procedures Regarding Irregular Behavior.  JA0549 (May 2, 2019 Declaration of K. Corrado ¶ 3).

68.     Dr. Tulp never petitioned for reconsideration of the Medical Education Credentials Committee's decision as permitted by ECFMG's Policies and Procedures Regarding Irregular Behavior.  JA0549-JA0550 (May 2, 2019 Declaration of K. Corrado ¶ 4).

**VIII.   The ECFMG Sponsor Note for USAT in the World Directory of Medical Schools**

69.     The World Directory of Medical Schools is a listing of the world's medical schools. ECFMG uses "a sponsor note in the World Directory on a medical school to indicate to the public and to the students and graduates of that school whether or not those students and graduates are eligible to apply to ECFMG for certification.  So it's the way in which [ECFMG] communicate[s] publicly the eligibility, if you will, of the school's graduates to start the process of ECFMG certification."  JA0220-JA0221 (Injunction Hr'g Tr. 45:17-46:6).

70.     On or around September 24, 2018, ECFMG updated its Sponsor Note for USAT to include the following language:

> Currently students and graduates of USAT are subject to enhanced procedures that must be met in order to be eligible for ECFMG Certification related services, including but not limited to:  ECFMG Certification, USMLE examinations that lead to ECFMG certification, and Electronic Residency Application Service (ERAS) Support Services.  ECFMG will provide information and instructions to applicants upon receipt of application.

JA0103-JA0107 (ECFMG00000498-ECFMG00000502); JA0550 (May 2, 2019 Declaration of K. Corrado ¶ 5).

71.     USAT was given notice of the "enhanced procedures" described in the Sponsor Note via letter from Ms. Corrado dated September 14, 2018.  JA0550 (May 2, 2019 Declaration of K. Corrado ¶ 6); *see* JA0102 (Sept. 14, 2018 letter from K. Corrado to Dr. O. Tulp).

72.     On or around October 18, 2018, ECFMG updated its Sponsor Note for USAT again, to include the following language:

Note: As of January 1, 2019, students and graduates of this medical school with a graduation year of 2019 and later are not eligible to apply to ECFMG for ECFMG Certification, which also renders them ineligible to apply to ECFMG for the United States medical Licensing Examinations (USMLE) as a step towards ECFMG Certification.

JA0550 (May 2, 2019 Declaration of K. Corrado ¶ 7); *see* JA0122-JA0123 (Oct. 18, 2018 email from C. Bede to S. Mealey and K. Corrado).

73.     USAT was given notice of the change to the Sponsor Note via letter from Ms. Corrado dated October 18, 2018.  JA0550 (May 2, 2019 Declaration of K. Corrado ¶ 8); *see* JA0113-JA0114 (Oct. 18, 2018 letter from K. Corrado to Dr. O. Tulp).

74.     ECFMG's Sponsor Note currently has both the language added in September 2018 and the language added in October 2018.  *See* JA0548.

75.     ECFMG did not update its Sponsor Note for USAT to reflect the finding of irregular behavior against Dr. Tulp.  JA0550 (May 2, 2019 Declaration of K. Corrado ¶ 9); *see* JA0548; JA0390-JA0391 (Pinsky Dep. 80:17-81:4).

## IX.     Procedural History

76.     At the injunction hearing on January 24, 2019, the Court asked Dr. Tulp's counsel to confirm "exactly what causes of action are being asserted."  JA0180 (Injunction Hr'g Tr. 5:3-7).

77.     The Court twice described Dr. Tulp's due process claim as "a § 1983 claim" alleging that ECFMG violated Dr. Tulp's "procedural due process" or "procedural and substantive due process" rights "as protected by the 14th Amendment," and Dr. Tulp's counsel twice responded, "Yes, Your Honor."  JA0180 (Injunction Hr'g Tr. 5:18-22); JA0181 (Injunction Hr'g Tr. 6:5-11).

78.     The Court denied Dr. Tulp's Motion for a Preliminary and/or Permanent Injunction at the conclusion of the January 24, 2019 hearing.  In explaining its decision, the Court specifically noted that "[i]n this case, there was notice and an opportunity to be heard."  JA0306 (Injunction Hr'g Tr. 131:5-11).

79.     ECFMG served discovery requests on Dr. Tulp asking him to describe in detail his alleged damages and produce any and all documents he would use to support a damages award, but Dr. Tulp provided no such description or documents.   JA0413 (ECFMG Request for Production No. 37 seeking "[a]ll documents and communications relating to the remedies you seek, including each element of damages or other relief to which you allegedly are entitled"); JA0409 (ECFMG Interrogatory No. 10 asking Dr. Tulp to "[d]escribe in detail any and all remedies that you seek in connection with this lawsuit"); JA0416-JA0427 (Dr. Tulp's discovery responses).

Dated: May 3, 2019                              Respectfully submitted,

                                                /s/ Elisa P. McEnroe
                                                Elisa P. McEnroe, PA Bar No. 206143
                                                Matthew D. Klayman, PA Bar No. 319105
                                                MORGAN, LEWIS & BOCKIUS, LLP
                                                1701 Market Street
                                                Philadelphia, PA  19103-2921
                                                Telephone:     +1.215.963.5917
                                                Facsimile:     +1.215.963.5001
                                                elisa.mcenroe@morganlewis.com
                                                matthew.klayman@morganlewis.com

                                                *Attorneys for the Educational Commission for*
                                                *Foreign Medical Graduates*