| | | |
|---|---|---|
| DR. ORIEN L. TULP | : | UNITED STATES DISTRICT |
| | : | COURT FOR THE EASTERN |
| vs. | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| EDUCATION COMMISSION FOR | : | CASE NO: 2:18-cv-05540-WB |
| FOREIGN MEDICAL GRADUATES | : | |
| and DR. WILLIAM C. PINSKY | : | HONORABLE WENDY BEETLESTONE |

**STATEMENT OF DISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S ANSWER TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

1. The administrative hearing by he ECFMG on 11/28/18 for Dr. Tulp was fundamentally unfair and violated common law due process. (Number 14 on Plaintiff's Appendix, Transcript of ECFMG Hearing for Dr. Tulp (11-28-18), PA0670-PA0702).

2. Defendants' violated Dr. Tulp's right to common law due process by publishing on the WDOMS before his hearing. This impacted the hearing because it implied that Dr. Tulp was guilty of irregular behavior or misconduct before he had his hearing. (PA0556-PA0558, PA0573).

3. There is no evidence, in the record of the administrative hearing of Dr. Tulp, from which the ECFMG could have found him guilty of irregular behavior. (Number 14 on Plaintiff's Appendix, Transcript of ECFMG Hearing for Dr. Tulp (11-28-18), PA0670-PA0702).

4. ECFMG limited Dr. Tulp to 20 minutes for presentation and the hearing was unilaterally terminated by Elisa P. McEnroe, Esquire, without any evidence put in to the record. (PA0701, ECFMG Hearing; Complaint paragraph 15, PA0562).

5. Dr. Tulp never received any indication from ECFMG, nor did their rules indicate, who had the burden of proof at the administrative hearing. Accordingly, Dr.

Tulp did not know whether ECFMG intended to present witness and evidence that he could cross-examine. At the hearing, Dr. Tulp was informed that he had the burden of proof. (PA0675). See also spreadsheet of student losses at USAT. (PA0663-PA-0665).

6. ECFMG serves a public function by certifying International Medical Graduates. Not reasonably disputed.

7. The policy of the ECFMG is not to present witnesses or documents at hearings. (Injunction Hearing, testimony of Corrado, lines 5-12, JA0197).

8. In terms of damages, paragraphs 29 and 30, together with the prayer of the complaint, set forth not only injunctive and equitable relief, but also the tangible and intangible effects of the ECFMG on Dr. Tulp. Plaintiff requests that the finding of "irregular behavior" be reversed. It is too late now to have another hearing, since USAT has basically been destroyed by the actions of the ECFMG. Dr. Tulp indicated in his deposition with regards to damages the following: when the ECFMG posted a warning on the WDOMS before the hearing with ECFMG. At that time, virtually all payments to USAT stopped and there was a mass exodus of students. Dr. Tulp indicated that ECFMG cost USAT over a thousand students and their medical careers. (Tulp deposition at JA0511). Dr. Tulp also indicated "The uncollectible tuitions as of October 1st up to, you know, from at that point over $41.2 million. These are students that are paying a little bit each month as they could, waiting to get their documents." (Tulp deposition at JA0513).

9. According to ECFMG procedure, no witnesses or evidence were presented at the administrative hearing of Dr. Tulp. (Number 14 on Plaintiff's Appendix, Transcript of ECFMG Hearing for Dr. Tulp (11-28-18), PA0670-PA0702).

10. The ECFMG refused to define "campus" when asked prior to the 11/28/19 hearing, but insisted that Dr. Tulp define it for the ECFMG. (PA0668).

11. Nowhere in the rules or regulations of the ECFMG, is it stated who has the burden of proof at the hearing. Not reasonably disputed.

12. The ECFMG conducted the administrative hearing as if Dr. Tulp had the burden to prove his innocence without any evidence introduced against him. (Number 14 on Plaintiff's Appendix, Transcript of ECFMG Hearing for Dr. Tulp (11-28-18), PA0670-PA0702).

Respectfully submitted,

*William C. Reil*

William C. Reil, Esquire
Attorney for Plaintiff
Attorney I.D. No. 26833
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635
06/03/19
For: Tommy Swate, Esquire