**ECFMG®** | EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES | 3624 Market Street
Philadelphia PA 19104-2685 USA
215-386-5900 | 215-386-9767 Fax
www.ecfmg.org

PERSONAL AND CONFIDENTIAL
VIA EMAIL: o.tulp@usat.edu

December 14, 2018

Dr. Orien L. Tulp
Professor and President
University of Science, Arts & Technology (USAT) Faculty of Medicine
Main Campus
S. Mayfield Estate Drive
Olveston
MONTSERRAT

Dear Dr. Tulp:

I am writing to inform you that the ECFMG Medical Education Credentials Committee ("ECFMG Committee") has completed its review of the allegation that you, individually and in your capacity as an official of University of Science, Arts & Technology (USAT) Faculty of Medicine, Montserrat, engaged in irregular behavior in connection with providing false information to ECFMG. Specifically, you provided false information to ECFMG when you (1) notified ECFMG that USAT does not operate a branch campus in Miami, FL and (2) certified to the attendance dates of several USAT students and graduates when ECFMG has information that these students were not attending USAT during some of the time periods to which you certified.

In advance of the review, the members of the ECFMG Committee were provided with the documents listed in ECFMG's October 18, 2018 letter and ECFMG's November 14, 2018 emails. A hardcopy of the complete file was also sent to your attorney, Mr. Tommy Swate, on November 16, 2018 via Federal Express. On November 16, 2018, Mr. Swate acknowledged receipt of this complete file. You made a personal appearance before the ECFMG Committee accompanied by your legal counsel, Mr. Swate. A copy of the transcript of the proceedings will be sent to you as soon as it is available.

The ECFMG Committee considered the documentation presented to it and Mr. Swate's statements. Following careful review, the ECFMG Committee determined that you engaged in irregular behavior in connection with providing false information to ECFMG.

The ECFMG Committee has determined that ECFMG will not accept any documents signed / certified by you for ECFMG on behalf of USAT, or any other medical school, for a minimum of five years from today; thereafter, the prohibition shall end only upon a petition to ECFMG conclusively demonstrating to the satisfaction of the ECFMG Committee a familiarity with, and willingness to adhere to, ECFMG polices. Your ECFMG Medical School Web Portal (EMSWP) account will remain deactivated.

In light of the ECFMG Committee's findings, the ECFMG Sponsor Note for USAT in the *World Directory of Medical Schools (World Directory)* will be updated as follows:

ECFMG® is an organization committed to promoting excellence in international medical education.

Dr. Orien L. Tulp
December 14, 2018
Page 2 of 2

> *In 2018, ECFMG determined that a certain official of the University of Science Arts & Technology engaged in irregular behavior in connection with providing false information to ECFMG.*

This note will remain in USAT's ECFMG Sponsor Note in the *World Directory* for five years, regardless of whether USAT changes its name, ownership, and/or location.

Additionally, in accordance with the ECFMG *Policies and Procedures Regarding Irregular Behavior*, a permanent annotation that you engaged in irregular behavior will be included in your ECFMG record. ECFMG may report the ECFMG Committee's determination of irregular behavior to the Federation of State Medical Boards of the United States, U.S. state and international medical licensing authorities, directors of graduate medical education programs, and to any other organization or individual who, in the judgment of ECFMG, has a legitimate interest in such information.

As noted in the enclosed ECFMG *Rules of Appellate Procedure*, decisions of the ECFMG Medical Education Credentials Committee may be appealed within the 30-day time period specified.

Sincerely,

William W. Pinsky, MD FAAP FACC
President and CEO

CC: Tommy Swate, Esq. swatemd@aol.com
    William Reil, Esq. billreillaw@gmail.com

Encl: As noted.

 EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

3624 Market Street
Philadelphia, PA 19104-2685 USA
215-386-5900 | 215-386-9767 Fax
www.ecfmg.org

October 18, 2018

VIA EMAIL: usat.edu@gmail.com

Orien Tulp, President
University of Science, Arts & Technology (USAT) Faculty of Medicine
Main Campus
S. Mayfield Estate Drive
Olveston, MONTSERRAT

Dear Dr. Tulp,

This is a follow-up to my August 21 and September 14, 2018 letters to you. As you know, it has recently come to the attention of the Educational Commission for Foreign Medical Graduates (ECFMG) that USAT in Montserrat is operating a satellite (or branch) campus in Miami, Florida. ECFMG also understands that USAT is operating satellite campuses in Texas and Puerto Rico.

As I previously advised you, in order for students and graduates of an international medical school, such as USAT, to have eligibility to apply for ECFMG Certification, ECFMG policy requires confirmation from the appropriate government authority in the branch campus country that the branch campus is authorized to operate as a medical school in such branch campus country, among other requirements.

In light of this policy, ECFMG requested that USAT provide documentation from the United States Department of Education and/or the Florida Department of Education confirming that USAT's Miami branch campus is authorized to operate as a medical school in the United States. This documentation should cover the entire time period during which the USAT Miami branch campus has been in operation. To date, ECFMG has no record of receipt of such documentation from you or USAT.

**Therefore, effective today, ECFMG's Sponsor Note in the *World Directory of Medical Schools* (*World Directory*) for USAT has been updated to reflect that 2019 and later graduates of USAT are no longer eligible to apply for ECFMG Certification or USMLE examinations as a step toward ECFMG Certification.**

ECFMG is also writing to your current students to advise them that, if they graduate from USAT in 2019 or later, they will be ineligible for ECFMG Certification and ineligible to register for USMLE examinations as a step toward ECFMG Certification after December 31, 2018. We are also letting them know that in order to become eligible for ECFMG Certification (or to register for USMLE examinations as a step toward ECFMG Certification) on or after January 1, 2019, the United States Department of Education and/or the Departments of Education for Florida, Texas, and Puerto Rico

ECFMG® is an organization committed to promoting excellence in international medical education.

Dr. Orien L. Tulp
October 18, 2018
Page 2 of 2

must provide ECFMG with documentation that USAT is authorized to operate as a medical school in the United States. Otherwise, the students must transfer to and/or be officially enrolled in a medical school that is listed in the *World Directory* as meeting eligibility requirements for ECFMG Certification. In addition, the "Graduation Years" in the ECFMG note on the Sponsor Notes tab of the *World Directory* listing for the student's medical school must be listed as "Current" at the time he/she applies and on his/her test day.

USAT's 2018 and earlier graduates will continue to remain eligible to apply to ECFMG for ECFMG Certification.

Should the United States Department of Education and/or the Departments of Education for Florida, Texas, and Puerto Rico provide ECFMG with documentation that USAT is authorized to operate as a medical school in the United States, ECFMG will be happy to review USAT's eligibility for an ECFMG Sponsor Note in the *World Directory.*

Sincerely,

Ms. Kara Corrado, JD
Vice President for Operations

 **Gmail**

Bill Reil <billreillaw@gmail.com>

---

**sponsor notes from WDOMS listing of USAT input by ECFMG: SEE NOTES IN RED/**
1 message

**Orien Tulp** <o.tulp@usat.edu>                                                                      Tue, Nov 27, 2018 at 12:08 PM
To: swatemd@aol.com, billreillaw@gmail.com, Carla Konyk - Director/Student Accounts <c.konyk@usat.edu>

| School Details | Contact Information | Program Details | Sponsor Notes |
|---|---|---|---|

The information below has been provided by the World Directory's sponsoring organizations.

**Canada**

- Unless indicated otherwise, Medical provincial/territorial medical regulator Canada. For more information about Registration in Canada click here.

  Medical degrees obtained from this n FROM 2003 - 2018

- À moins d'avis contraire, les diplôme médecins dans les provinces et territ Canada qui œuvre dans le domaine telles que définies dans les normes r

  Les diplômes de médecine de cette f DE 2003 - 2018

**Educational Commission for Foreign Me**

Students and graduates of this medic

---

- Unless indicated otherwise, Medical degrees obtained from this medical school are acceptable to the provincial/territorial medical regulatory authorities in Canada, and therefore acceptable to all medical organizations in Canada. For more information about the acceptable medical schools as defined in the Model Standards for Medical Registration in Canada click here.

  Medical degrees obtained from this medical school are acceptable to Canada between the following period: FROM 2003 - 2018

- À moins d'avis contraire, les diplômes de médecine de cette faculté de médecine sont acceptables aux ordres des médecins dans les provinces et territoires du Canada, et par conséquent acceptables à toute autre organisation au Canada qui œuvre dans le domaine médical. Pour plus d'information au sujet des facultés de médecine acceptables, telles que définies dans les normes modèles pour l'inscription médicale au Canada, cliquez ici.

  Les diplômes de médecine de cette faculté de médecine sont acceptables pour le Canada entre la période suivante: DE 2003 - 2018

---

**Educational Commission for Foreign Medical Graduates (ECFMG), United States of America**

- Students and graduates of this medical school are eligible to apply to ECFMG for ECFMG Certification and for examination, provided that:
  ○ For medical school students officially enrolled in this school, the graduation years are listed below as "current".
  ○ For graduates of this medical school, their graduation year is included in the graduation years listed below.

PA 0556

Graduation Years:
2003 - 2018

- All other eligibility requirements are met. Refer to the ECFMG Information Booklet for detailed information.

- **Note: As of January 1, 2019, students and graduates of this medical school with a graduation year of 2019 and later are not eligible to apply to ECFMG for ECFMG Certification, which also renders them ineligible to apply to ECFMG for the United States Medical Licensing Examinations (USMLE) as a step toward ECFMG Certification.**

- **Currently, students and graduates of USAT are subject to enhanced procedures that must be met in order to be eligible to apply for ECFMG Certification related services, including but not limited to: ECFMG Certification, USMLE examinations that lead to ECFMG Certification, and Electronic Residency Application Service (ERAS®) Support Services. ECFMG will provide information and instructions to applicants upon receipt of application.**

Orien L Tulp, PhD, MD, FACN, CNS
Professor and President
USAT Montserrat
*www.usat.edu*
Cell: 727-252-6210

 Gmail

Bill Reil <billreillaw@gmail.com>

---

## sponsor note as it appeared until early January 2019
1 message

---

**Orien Tulp <o.tulp@usat.edu>**
To: Bill Reil <billreillaw@gmail.com>, swatemd <swatemd@aol.com>, Carla Konyk - Director/Student Accounts <c.konyk@usat.edu>

Sun, Feb 10, 2019 at 7:46 PM

- **Note: As of January 1, 2019, students and graduates of this medical school with a graduation year of 2019 and later are not eligible to apply to ECFMG for ECFMG Certification, which also renders them ineligible to apply to ECFMG for the United States Medical Licensing Examinations (USMLE) as a step toward ECFMG Certification.**

- **Currently, students and graduates of USAT are subject to enhanced procedures that must be met in order to be eligible to apply for ECFMG Certification related services, including but not limited to: ECFMG Certification, USMLE examinations that lead to ECFMG Certification, and Electronic Residency Application Service (ERAS®) Support Services. ECFMG will provide information and instructions to applicants upon receipt of application.**

- **Note: In 2018, ECFMG determined that certain staff / officials of the University of Science, Arts and echnology (USAT) engaged in irregular behavior in connection with providing false information and documents to ECFMG.**

Orien L Tulp, PhD, MD, FACN, CNS
Professor and President
USAT Montserrat
*www.usat.edu*
Cell: 727-252-6210

PA 0558

LAW OFFICES OF WILLIAM C. REIL
BY: William C. Reil, Esquire
Identification No. 26833
1515 Market Street, Suite 1200
Philadelphia, PA 19102

| | |
|---|---|
| 215-564-1635 | ATTORNEY FOR PLAINTIFF |
| Dr. Orien L. Tulp : | UNITED STATES DISTRICT |
| President of the : | COURT FOR THE EASTERN |
| University of Science, Arts, and Technology : | DISTRICT OF PENNSYLVANIA |
| 4288 Youngfield Street : | |
| Wheat Ridge, CO 80033 : | CIVIL ACTION NO. |
| vs. : | |
| Educational Commission for : | |
| Foreign Medical Graduates : | |
| 3624 Market Street : | |
| Philadelphia, PA 19104 : | |
| and : | |
| Dr. William W. Pinsky : | |
| President and CEO : | |
| Educational Commission for : | |
| Foreign Medical Graduates : | |
| 3624 Market Street : | |
| Philadelphia, PA 19104 : | JURY TRIAL DEMANDED |

## COMPLAINT – CIVIL ACTION

### PARTIES

1. The plaintiff is Dr. Orien L. Tulp, hereafter referred to as "Dr. Tulp", an adult individual whose address for service of process is at 4288 Youngfield Street, Wheat Ridge, CO 80033. At all times material herein, plaintiff was President of the University of Science, Arts, and Technology ("USAT"), and had an ownership interest in the University. USAT is located in Montserrat, but its US administrative office is located at the address in the caption, and students take classes in Montserrat and the US via a distance education format.

2. A defendant is the Educational Commission for Foreign Medical Graduates, hereafter referred to as "ECFMG" or "the Board", which is an unincorporated association, whose address for service of process is 3624 Market Street, Philadelphia, PA 19104. According to their mission statement, the ECFMG is an organization which purports to certify medical school students and graduates to practice medicine in the United States.

3.   A defendant is Dr. William W. Pinsky, the President and CEO of the ECFMG, whose address for service of process is indicated in the caption. *See* Exhibit A, attached and incorporated herein.

4.   ECFMG is an organization sponsored by various medical organizations, including the Federation of State Medical Boards. Through the ECFMG's certification process, it gives medical students and medical graduates a certification of eligibility (essentially a license) to apply for a ACGME [Accreditation Council for Graduate Medical Education] certified residency program of postgraduate specialty training that can lead to medical licensure of the applicant. A residency program is a certified program that trains students who have graduated from a medical school and taken a series of examinations or tests administered by way of the United States Medical Licensing Examination [the USMLE]. The state medical boards have given ECFMG the power to examine and certify international medical graduates [IMGs] as competent to undertake residency training in the USA. Without the certification (license) from the ECFMG, a foreign medical graduate cannot start the process of being licensed as a physician in the United States.

5.   The action of the ECFMG is in granting authority to apply for a residency program is state action. The ECFMG's authority, which is in essence a license to apply for a residency program, has a close nexus to the various state medical boards. Without the ECFMG certificate, the ACGME postgraduate programs will not permit the applicant to start the training that will in essence allow the gate to be closed to obtaining a medical residency and eventual license to practice medicine in the USA. Without the residency training, the medical graduate cannot obtain a full unrestricted medical license. The state medical boards have granted the power to the ECFMG to screen foreign medical students for licensure. State action is established because of this delegation of screening power. *Jackson v. Metro Edison Co.*, 419 U.S. 345, 351.

6.   The ECFMG has placed itself in a position of interdependence with the state medical boards. The ECFMG cannot be considered to be a private entity because the ECFMG reports to the state medical boards but also reports to the National Practitioner Data Bank. The ECFMG would not exist without the powers delegated by the state medical boards. *Burton v. Wilmington Parkway Authority*, 365 U.S. 715, 725 (1961).

7.   Because the ECFMG's actions are delegated state actions, the ECFMG is required to give both procedural and substantive Fourteenth Amendment due process rights.

## JURISDICTION AND VENUE

8.   The Court has jurisdiction under Diversity of Citizenship, the Civil Rights Act (42 U.S.C.A. 1983) and the Due Process clause of the United States Constitution, with pendent jurisdiction to consider any claims arising under state law.

9.   Venue is properly before the Court, since all defendants are located and conduct business in the Eastern District of Pennsylvania.

## SUMMARY

10. In an attempt to close down the USAT and sanction Dr. Tulp, defendant ECFMG has refused to allow students of USAT to take necessary medical examinations. Defendant ECFMG has effectively closed USAT, by refusing to release scores for students who paid for the examinations. Doctors who graduated from USAT have been unable to commence their residency due to the refusal of the Board to issue an appropriate certification. ECFMG has also sent misleading "affidavits" to many USAT students and threatened many students with "irregular behavior" in order to sanction Dr. Tulp and force closure of the University, which he founded. He is President, CEO, and an equal owner of the University. Thus, ECFMG tortiously interfered with the educational contract between the students of USAT, the University, and Dr. Tulp, denied due process to Dr. Tulp and the students of USAT, and improperly used an "affidavit" [*See* Exhibit D] to coerce information from students. [Pinsky letter, *See* Exhibit A.] In addition, the Board placed information in the World Directory of Medical Schools, prior to any hearing or legal process, advising that it would no longer recognize the test scores of USAT graduates after January 1, 2019. *See* Exhibit B.

## GENERAL ALLEGATIONS

11. ECFMG sent to USAT a letter implying that the school would be closed on or about 01/01/19 because the Board would no longer recognize the scores of its students in taking the three-part United States Medical Licensing Examination. This action prohibits applicants from sitting for the USMLE, which is required for unrestricted medical licensure.

12. On 11/21/18, Kara Corrado, J.D., Vice President for Operations of the Board, sent a letter to counsel for USAT indicating two concerns: 1) that USAT's authority to conduct its medical education program amounted to "irregular behavior" because USAT had not been certified by a governmental entity in the United States, and 2) the allegation that USAT was operating medical school campuses in the United States. *See* Exhibit E. On October 18, 2018, Lisa Cover, a Senior Vice President with ECFMG, wrote a letter to Dr. Tulp advising him of the allegation that he engaged in "irregular behavior". *See* Exhibit F.

13. USAT has a certification from the government of Montserrat, allowing it to operate temporary venues due to an active volcano on the island. Such certification had been recognized by the Board without incident since 2003. USAT also operates online courses for the majority of its basic sciences course requirements via a specially developed SPOC [small platform online courses, developed by USAT]. A true and correct copy of the certification from Montserrat is attached and incorporated as Exhibit C.

14. Students from USAT have each paid well over $1,000 to the Board to take necessary medical exams, and the Board has refused to release their scores because of

alleged misconduct by Dr. Tulp, and an assignment by the Board of "irregular behavior" arising out of an illegal affidavit issued to students of USAT. "Irregular behavior" may be a permanent admonition on a student or physician's official record, and make residency difficult, if not impossible.

15. The Board set up a hearing on 11/28/18 for Dr. Tulp, only, in Philadelphia, at the address in the caption to address so-called "irregular behavior". After a few minutes, with no witnesses called, Board counsel announced that the hearing was terminated. Prior to the hearing, the Board took the position that Dr. Tulp had the burden of proof on the issue of "irregular behavior" for which he had been charged by the Board. The Board set 20 minutes as the duration of the hearing. No testimony was taken or exhibits received in evidence, before Board counsel terminated the hearing. No Transcript of the proceedings has been received. The Board indicated that on 01/01/19 it will issue a finding of "irregular behavior" to Dr. Tulp effectively closing USAT.

16. There was no jurisdiction over, or relationship with, Dr. Tulp to compel him to attend the hearing by the Board, and he made a special appearance while not agreeing to jurisdiction. ECFMG has no jurisdiction over Dr. Tulp, or legal relationship with Dr. Tulp, or the power to enter any sanction against him. The Board has no contractual or statutory authority over Dr. Tulp.

17. The Board would not give Dr. Tulp sufficient discovery to conduct an adequate defense. Also, the Board has never requested any curricula, student records, or any documentation from USAT.

18. The term "irregular behavior" is void for vagueness, since "irregular behavior" is so broad that it essentially amounts to any behavior which the Board does not approve. There is no intelligible standard to ascertain "irregular behavior" with the exception of the fiat by the ECFMG. There is no due process mechanism to effectively challenge a finding of "irregular behavior" which can amount to an indefinite suspension of United States medical licenses by the Board without formal notification of such assignment to the individual concerned.

19. There is no reasonable way to ascertain the standards for "irregular behavior" in the instant case, prior to any adjudication.

20. The Board has effectively closed USAT by not allowing its students and graduates to complete the necessary medical examinations beyond January 1, 2019, and has tortiously interfered with the relationship of the students of USAT and Dr. Tulp, the President of the University.

## FIRST CAUSE OF ACTION
### Plaintiff v. ECFMG

21. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

22. This cause of action is for the illegal actions of the ECFMG (the Board) in tortiously interfering with the contract between the students of USAT and plaintiff Dr. Orien Tulp, the University President and co-owner.

23. The Board allegedly refused to release scores of necessary medical exams to students and graduates of USAT, de facto, closing the University.

24. The Board published, in the World Directory of Medical Schools, a warning to students that it would not recognize USAT with respect to necessary medical qualifying examinations after January 1, 2019. *See* Exhibit B.

25. The Board sent illegal "affidavits" to students in an attempt to intimidate them from continuing as students at USAT. These alleged affidavits threatened medical students with perjury, as well as "irregular behavior", and also directed the students to provide certain documentary evidence, such as a copy of their passport. This "affidavit" by the Board was an abuse of process, and constituted fraudulent or negligent representation, since it was tantamount to a "subpoena duces tecum" without first having a legal proceeding. The Board had no power to issue these so-called affidavits. These affidavits are also a violation of Federal Education Records Protection Act (FERPA). Students are predominantly US citizens and are entitled to such protection under FERPA.

26. The purpose of the ECFMG doing this was to effectively remove Dr. Tulp as President of the University by discouraging students from registering or continuing their education at USAT, including verbal recommendations from ECFMG case workers. The Board issued "affidavits" and threatened to find students of USAT guilty of "irregular behavior".

27. There was no hearing before the students of USAT were sent emails by the ECFMG telling them that they may have been assigned "irregular behavior" and that their scores would not be released to medical institutions to be accepted for residency applications or other ECFMG services.

28. ECFMG alleges to be a private organization which permits the administration of qualifying examinations for foreign medical students and international medical graduates and passes information to the state licensing agencies in the United States. De facto, the ECFMG is a quasi-governmental agency that issues certificates, that are essentially licenses, to foreign medical students and physicians upon completion of their certification process, and it holds itself out to medical students and others as a governmental entity

29. As a result of the illegal actions of the Board in refusing to release the scores of the students of the plaintiff, the plaintiff has suffered, and will continue to suffer, irreparable harm including, but not limited to, the immediate closing of USAT College of Medicine and the removal of Dr. Tulp as a medical educator under the cloud of an indefinite sentence of "irregular behavior" for a duration of not less than 5 years.

30. Dr. Tulp will also suffer loss of his position as President of the University, as well as direct monetary damages resulting from the closing of USAT, arising out of the actions of ECFMG to close USAT, and to preclude its students from practicing medicine or engaging in postgraduate training in the USA, and the discouraging of any students from attending an institution where they cannot receive required certification from the ECFMG Board to qualify for licensure or registration to practice medicine in the USA.

WHEREFORE, the Court is requested to order ECFMG to immediately resume processing the medical examinations of students of USAT, and release their examination scores, and remove the negative advisory from the sponsor notes on the World Directory of Medical Schools listing for the USAT College of Medicine, and to award such other injunctive and equitable relief as appropriate, plus damages, interest, and attorney fees.

## SECOND CAUSE OF ACTION
### Plaintiff v. ECFMG

31. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

32. This cause of action is for violation of due process by the ECFMG (the Board).

33. The Board violated the due process rights of Dr. Tulp by finding him guilty of "irregular behavior" when it had no jurisdiction over Dr. Tulp, or any direct contact with him prior to a finding of "irregular behavior".

34. The Board violated the due process rights of Dr. Tulp by illegally withholding necessary medical examination  for USAT students and graduates in an attempt to sanction plaintiff and to force closure of USAT.

35. The Board violated the due process rights of Dr. Tulp by sending misleading affidavits to students of USAT, which affidavits were illegal and designed to intimidate the students from attending USAT. The Board stated that as January 1, 2019, students of USAT may not apply to ECFMG for certification. Essentially, the Board engaged in an illegal scheme to destroy USAT and Dr. Tulp by publishing the demise of the University in the World Directory of Medical Schools before any notification of such intent by the ECFMG.

36. The Board violated the due process rights of Dr. Tulp by failing to award him or the students of his college a legitimate hearing before taking adverse action. The Board commingled the adjudicatory and investigative functions, particularly through the use of

affidavits sent to students to secure documentary evidence under the threat of "irregular behavior". *See Lyness v. Com., State Bd. Of Medicine* 529 Pa. 535 (1992).

37. ECFMG is estopped from denying that it is a governmental or quasi-governmental entity, *inter alia*, because no disclaimer that it was a private entity to that effect was placed on the affidavits sent to thousands of USAT students. In point of fact, the opposite was implied.

38. The Board has acted as a governmental entity, and is estopped from denying the same.

39. When the Board corresponded with USAT and with its students, there was no disclaimer that the Board was not acting on behalf of any governmental authorization, or that it was allegedly a private entity, and the students were not required by law to respond to the affidavit or provide any documents. Students were required to complete "affidavits" under penalty of a finding of "irregular behavior" and denial of ECFMG services.

40. Under the doctrine of state action, the Board has failed to exercise due process in its dealings with USAT and its students as is required by the Due Process Clause of the Pennsylvania and US Constitutions.

41. The Board has failed to show due process to USAT students, as heretofore mentioned. The affidavits indicated that the Board has illegally commingled the adjudicatory and prosecutorial functions, in violation of due process.

42. As a result of the Board acting as a quasi-governmental entity, Dr. Tulp and his University suffered the damages as previously enumerated.

WHEREFORE, the Court is requested to order ECFMG to immediately resume processing the medical examinations of students of USAT, and release their examination scores, and remove the negative advisory from the sponsor notes on the World Directory of Medical Schools listing for the USAT College of Medicine, and to award such other injunctive and equitable relief as appropriate, plus damages, interest, and attorney fees.

## THIRD CAUSE OF ACTION
### Plaintiff v. ECFMG

43. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

44. This is a cause of action for fraudulent misrepresentation, abuse of process, and negligent representation against the ECFMG (the Board).

45. As heretofore indicated, the Board committed the aforementioned torts through the following acts and omissions:

(a) representing itself as an official governmental agency;
(b) distributing affidavits to intimidate USAT students, which affidavits did not have a disclaimer or conform to law;
(c) placing misleading information about USAT into the World Directory of Medical Schools without notice, and which was designed to intimidate students and to effectively force closure of USAT;
(d) using illegal affidavits whose purpose was to gather documents and evidence of alleged culpable behavior by USAT and Dr. Tulp, all of which was in violation of FERPA, the Family Educational Rights and Privacy Act;
(e) violating FERPA by not receiving the requisite consent of students to their educational records.

46. As indicated in the prior counts, the Board has held itself out as a governmental agency. The Board has never indicated to those that it dealt with, in particular the students, that it is not an official governmental agency.

47. Accordingly, the Board is estopped by its conduct to deny that it is required to show due process, as if it were a governmental entity.

WHEREFORE, the Court is requested to order ECFMG to immediately resume processing the medical examinations of students of USAT, and release their examination scores, and remove the negative advisory from the sponsor notes on the World Directory of Medical Schools listing for the USAT College of Medicine, and to award such other injunctive and equitable relief as appropriate, plus damages, interest, and attorney fees.

## FOURTH CAUSE OF ACTION
### Plaintiff v. All Defendants

48. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

49. This cause of action arises out of the 12/14/18 letter by Dr. William W. Pinsky, which is attached and incorporated as Exhibit A.

50. Dr. Pinsky is the President and CEO of the ECFMG, and in that capacity, he authorized the illegal actions of the ECFMG, heretofore described.

51. On 12/14/18, Dr. Pinsky sent a letter [Exhibit A] to Dr. Orien L. Tulp, addressing him as Professor and President of USAT at its main location in Montserrat.

52. In this letter, Dr. Pinsky indicated, *inter alia*, essentially, that the ECFMG Committee had determined that, for a minimum period of five years, from the date of the letter, that Dr. Tulp was banned from submitting any documents or having any dealings with the ECFMG on behalf of USAT or otherwise.

53. This indefinite ban of Dr. Tulp for allegedly engaging in "irregular behavior" was arbitrarily imposed by the ECFMG Committee for alleged unproven false statements, none of which allegations were actually documented.

54. This ban effectively precludes Dr. Tulp from operating, or being involved with, any medical school, in any capacity, for an indefinite period of time, subject to the unfettered discretion of ECFMG.

55. This ban effectively closes USAT, as an institution for medical students, for an indefinite period of time, if not permanently.

56. Actions which allegedly are announced in Dr. Pinsky's letter have already been instituted by the ECFMG such as the ban on the World Directory of Medical Schools website and the shutdown of the portal and the blocking of student scores and the affidavits.

57. The ban by the ECFMG, as set forth in the letter of Dr. Pinsky, also means that the operations of the USAT in the United States must be shut down, and the students from the United States will be separated from USAT, which will have to be closed if the actions of the ECFMG are not reversed. Two of the three administrative conference venues have been closed due to the actions of the ECFMG. Students have been forced to transfer to other medical schools to continue their education past January 1, 2019. As previously mentioned, the bulk of the USAT Basic Sciences Program is delivered via an advanced SPOC [Small Program Online Course program developed by USAT and delivered worldwide, thereby negating any requirement for a fixed US Campus]. The ECFMG or Dr. Pinsky has never asked for any information about the structure or content of the Basic Sciences Program.

58. The actions of the ECFMG on Dr. Tulp and the students of USAT amount to a violation of procedural and substantive due process, as follows:

(a) banning Dr. Tulp without a proper hearing;
(b) banning Dr. Tulp without an evidentiary basis;
(c) forcing closure of USAT and causing its students to be dismissed in an arbitrary and capricious manner;
(d) requiring, at a hearing on 11/28/18, that USAT assume the burden of proof and allotting 20 minutes for the hearing;
(e) terminating the hearing on 11/28/18 without receiving any evidence from Dr. Tulp;
(f) finding Dr. Tulp guilty of "irregular behavior" without jurisdiction and due process, and effectively forcing closure of USAT College of Medicine without legal process, and constructively dismissing the students of USAT in violation of the law.

WHEREFORE, the Court is requested to order ECFMG to immediately resume processing the medical examinations of students of USAT, and release their examination scores, and remove the negative advisory from the sponsor notes on the World Directory of Medical Schools listing for the USAT College of Medicine, and to award such other injunctive and equitable relief as appropriate, plus damages, interest, and attorney fees.

Respectfully submitted,

William C. Reil, Esquire
FOR: Tommy Swate, Esquire
Attorneys for Plaintiff
File I.D. No. WCR1962
Attorney I.D. No. 26833
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635

December 24, 2018

PA 0568

# EXHIBIT A

PA 0569



**ECFMG** | EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

3624 Market Street
Philadelphia PA 19104-2685 USA
215-386-5900  |  215-386-9767 Fax
www.ecfmg.org

PERSONAL AND CONFIDENTIAL
VIA EMAIL: o.tulp@usat.edu

December 14, 2018

Dr. Orien L. Tulp
Professor and President
University of Science, Arts & Technology (USAT) Faculty of Medicine
Main Campus
S. Mayfield Estate Drive
Olveston
MONTSERRAT

Dear Dr. Tulp:

I am writing to inform you that the ECFMG Medical Education Credentials Committee ("ECFMG Committee") has completed its review of the allegation that you, individually and in your capacity as an official of University of Science, Arts & Technology (USAT) Faculty of Medicine, Montserrat, engaged in irregular behavior in connection with providing false information to ECFMG. Specifically, you provided false information to ECFMG when you (1) notified ECFMG that USAT does not operate a branch campus in Miami, FL and (2) certified to the attendance dates of several USAT students and graduates when ECFMG has information that these students were not attending USAT during some of the time periods to which you certified.

In advance of the review, the members of the ECFMG Committee were provided with the documents listed in ECFMG's October 18, 2018 letter and ECFMG's November 14, 2018 emails. A hardcopy of the complete file was also sent to your attorney, Mr. Tommy Swate, on November 16, 2018 via Federal Express. On November 16, 2018, Mr. Swate acknowledged receipt of this complete file. You made a personal appearance before the ECFMG Committee accompanied by your legal counsel, Mr. Swate. A copy of the transcript of the proceedings will be sent to you as soon as it is available.

The ECFMG Committee considered the documentation presented to it and Mr. Swate's statements. Following careful review, the ECFMG Committee determined that you engaged in irregular behavior in connection with providing false information to ECFMG.

The ECFMG Committee has determined that ECFMG will not accept any documents signed / certified by you for ECFMG on behalf of USAT, or any other medical school, for a minimum of five years from today; thereafter, the prohibition shall end only upon a petition to ECFMG conclusively demonstrating to the satisfaction of the ECFMG Committee a familiarity with, and willingness to adhere to, ECFMG polices. Your ECFMG Medical School Web Portal (EMSWP) account will remain deactivated.

In light of the ECFMG Committee's findings, the ECFMG Sponsor Note for USAT in the *World Directory of Medical Schools (World Directory)* will be updated as follows:

ECFMG® is an organization committed to promoting excellence in international medical education.

Dr. Orien L. Tulp
December 14, 2018
Page 2 of 2

> *In 2018, ECFMG determined that a certain official of the University of Science Arts & Technology engaged in irregular behavior in connection with providing false information to ECFMG.*

This note will remain in USAT's ECFMG Sponsor Note in the *World Directory* for five years, regardless of whether USAT changes its name, ownership, and/or location.

Additionally, in accordance with the ECFMG *Policies and Procedures Regarding Irregular Behavior*, a permanent annotation that you engaged in irregular behavior will be included in your ECFMG record. ECFMG may report the ECFMG Committee's determination of irregular behavior to the Federation of State Medical Boards of the United States, U.S. state and international medical licensing authorities, directors of graduate medical education programs, and to any other organization or individual who, in the judgment of ECFMG, has a legitimate interest in such information.

As noted in the enclosed ECFMG *Rules of Appellate Procedure*, decisions of the ECFMG Medical Education Credentials Committee may be appealed within the 30-day time period specified.

Sincerely,

William W. Pinsky, MD FAAP FACC
President and CEO

CC: Tommy Swate, Esq. swatemd@aol.com
    William Reil, Esq. billreillaw@gmail.com

Encl: As noted.

# EXHIBIT B

PA 0572

# University of Science, Arts & Technology (USAT) Faculty of Medicine

Montserrat

School Details    Contact Information    Program Details    **Sponsor Notes**

The information below has been provided by the World Directory's sponsoring organizations.

- Students and graduates of this medical school are eligible to apply to ECFMG for ECFMG Certification and for examination, provided that:
  - For medical school students officially enrolled in this school, the graduation years are listed below as "current".
  - For graduates of this medical school, their graduation year is included in the graduation years listed below.
    Graduation Years:
    2003 - 2018
  - All other eligibility requirements are met. Refer to the ECFMG Information Booklet for detailed information.

- **Note: As of January 1, 2019, students and graduates of this medical school with a graduation year of 2019 and later are not eligible to apply to ECFMG for ECFMG Certification, which also renders them ineligible to apply to ECFMG for the United States Medical Licensing Examinations (USMLE) as a step toward ECFMG Certification.**

- **Currently, students and graduates of USAT are subject to enhanced procedures that must be met in order to be eligible to apply for ECFMG Certification related services, including but not limited to: ECFMG Certification, USMLE examinations that lead to ECFMG Certification, and Electronic Residency Application Service (ERAS®) Support Services. ECFMG will provide information and instructions to applicants upon receipt of application.**

# EXHIBIT C

PA 0574



AN AGREEMENT

BETWEEN

THE GOVERNMENT OF MONTSERRAT

AND

MEDICAL COLLEGE OF

LONDON (MCL),

UNIVERSITY OF SCIENCE, ARTS

AND

TECHNOLOGY

(MONTSERRAT) LTD. (USAT)

PA 0575

MONTSERRAT

A.D.  2003

A G R E E M E N T

THIS AGREEMENT made the ..2nd.. day of ...September..., 2003 between:

THE GOVERNMENT OF MONTSERRAT (hereinafter referred to as "the Government" which expression shall where the context so admits include its assigns and successors) whose address for service is THE CHIEF MINISTER'S OFFICE, BRADES, MONTSERRAT and MEDICAL COLLEGE OF LONDON (MCL), UNIVERSITY OF SCIENCE, ARTS AND TECHNOLOGY (Montserrat) LTD (USAT), a duly incorporated company (hereinafter referred to as "the MCL-USAT" which expression shall where the context so admits include its assigns and successors) whose address is BRADES, Montserrat.

WITNESSETH AS FOLLOWS: -

1.    DEFINITIONS

       In this agreement the following expressions shall have the meaning herein ascribed to them.

       "Agreement Period" means a period of 20 years commencing with the date on which this agreement is executed. The MCL-USAT will have the option to review and renew the Agreement.

       "Contributions" means a contribution payable to the Social Security Fund.

       "Expatriate Staff" means staff recruited from overseas who are not citizens of Montserrat or are not ordinarily resident in Montserrat for tax purposes.

       "USAT" means UNIVERSITY OF SCIENCE, ART AND TECHNOLOGY (MONTSERRAT) LTD.

2.    TAX EXEMPTIONS

(1)

3.    WORK PERMIT FOR EXPATRIATE EMPLOYEES

       3.1    MCL-USAT will at the beginning of each year of the agreement period provide a list of names of its academic and administrative staff requiring work permits and in addition shall supply all relevant information needed for the processing of the work permits.

       3.2    Government of Montserrat shall issue the necessary work permits and visas to enable MCL-USAT staff, students and families to remain on island for the period of their employment or study subject to the significance of any information provided on Police Records.

1

7.2 MCL-USAT will ensure that income tax is paid in respect of each of its employees.

B. GENERAL

8.1 The Government undertakes to establish a registry to record certification obtained by medical graduates of MCL-USAT.

8.2 The Government of Montserrat will at the request of MCL-USAT request the listing of MCL-USAT with the World Directory of Medical Schools published by WHO, Geneva, Switzerland.

8.13 MCL-USAT agrees to maintain operations in Montserrat with regard to its Medical and other Programmes for the duration of the agreement unless unforeseen circumstances and/or natural disaster arise that the MCL-USAT may choose to relocate to an area of convenience for the MCL-USAT for a time period to be determined by MCL-USAT. This would not affect any permission granted to the MCL-USAT by the Government of Montserrat.

8.14 The MCL-USAT may grant academic and professional degrees to duly qualified students of the institution and commensurate with an institution of higher education who have completed the academic and professional requirements of the degree for which they have been considered, and who have been recommended for such by the faculty and directors of MCL-USAT. The specific degrees authorized shall include Doctor of Philosophy (PH.D.), the Doctor of Medicine (M.D.) or Bachelor of Surgery (M.B.B.S), Bachelor of Dental Surgery (B.D.S.), the Master of Public Health (M.P.H.), the Master of Science (M.Sc.), the Master of Arts (M.A.), the Bachelor of Science (B.Sc.) and the Bachelor of Arts (B.A.).

IN WITNESS whereof the parties or the duly authorised representative of the parties have signed this Deed on the day first above written.

Signed by Mr. John A. Osborne
Minister for Finance and
Economic Development on behalf
of the Government of Montserrat

Before and in the presence of:

Esco Henry-Greer
Attorney General

Dr. Chen L. Tun
President, USAT, and Director
Medical College of London

Before and in the presence of:

Esco Henry-Greer
Attorney General

PA 0577

9.5   At the end of the agreement period MCL-USAT shall have the option to extend the agreement for a further period to be determined by MCL-USAT and GOM.

9.6   Notwithstanding the above, the offer included in this agreement shall be valid for a period of one (1) year from the date of this agreement after which the terms and conditions may be subject to re-negotiation however, if MCL-USAT makes any substantial property investment or undertakes any major contractual obligation referable to and in reliance on this Agreement, then the terms set out shall become final and binding on the Government.

IN WITNESS whereof the parties or the duly authorised representative of the parties have signed this Deed on the day first above written.

Signed by Mr. John A. Osborne
Minister for Finance and
Economic Development on behalf
of the Government of Montserrat

Before and in the presence of:

Esco Henry-Greer
Attorney General

Dr. Orien L. Tulp
President, USAT, and Director
Medical College of London

Before and in the presence of:

Esco Henry-Greer
Attorney General

17030
COMPANY NO.

# COMPANIES ACT OF MONTSERRAT

## CERTIFICATE OF INCORPORATION

### UNIVERSITY OF SCIENCE, ARTS AND TECHNOLOGY (MONTSERRAT) LTD.
### NAME OF COMPANY

I hereby certify that the above-mentioned Company, the Articles of Incorporation of which are attached, was Incorporated under the Montserrat Companies Act 1998.

Registrar of Companies

18th September, 2003
Date of Incorporation

# EXHIBIT D

 **ECFMG** EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

3624 Market Street
Philadelphia, PA 19104-2685 USA
215-386-5900 | 215-386-9767 Fax
www.ecfmg.org

# AFFIDAVIT ATTESTING TO MEDICAL SCHOOL ATTENDANCE

I, _____

*ECFMG Applicant Name*                                                        *ECFMG ID Number*

hereby declare, under penalty of perjury under the laws of all applicable jurisdictions, including the United States of America, and under penalty of a finding of irregular behavior under applicable ECFMG rules and regulations, that:

**Section 1: Attendance Dates at University of Science, Arts & Technology (USAT) Faculty of Medicine**

I attended University of Science, Arts & Technology (USAT) Faculty of Medicine located in Montserrat during the following dates:

| From (Month/Year) | To (Month/Year) |
|---|---|
| | |

**Section 2: Dates and Location of Basic Sciences Courses Taken in Montserrat**

I was physically present and took basic sciences courses in Montserrat, during the following dates and at the following location *(If you did not complete your basic sciences course work at a facility located in Montserrat, complete Section 3)*:

| Dates of Basic Sciences Courses Taken while Physically Located in Montserrat | | |
|---|---|---|
| (Do not include dates if you were not physically present in Montserrat. Do not include breaks in time where you were not physically located in Montserrat. Only list the beginning and end date for when you were physically present in Montserrat attending basic sciences courses.) | | |
| From (Month/Year) | To (Month/Year) | Address of Facility Where Basic Sciences Classes Were Held |
| | | |
| | | |
| | | |
| | | |

While I took my basic sciences classes in Montserrat, I resided at the following location(s):

| Residence Address in Montserrat | Residence Dates in Montserrat | |
|---|---|---|
| | From (Month/Year) | To (Month/Year) |
| | | |
| | | |

I am attaching the following documentation to demonstrate my physical presence in Montserrat during the time I was taking basic sciences classes at University of Science, Arts & Technology (USAT) Faculty of Medicine. *(check all that apply)*:

☐ My passport, showing travel to Montserrat and visas for Montserrat        ☐ My lease, utility bills, etc. for my housing

☐ My airline tickets/boarding passes documenting travel to Montserrat        ☐ Other (please specify)

**Section 3: TO BE COMPLETED ONLY IF YOU CANNOT COMPLETE SECTION 2**

I did not take basic sciences courses at a facility located in Montserrat because:

I also declare that this information is comprehensive, complete and accurate as of the date of my signature.

_____        _____ _____ _____
*Signature of Applicant*                                                                    *(day)*  *(month)*  *(year)*

**Certification by Official**

I certify that on the date set forth below the individual named above did appear personally before me and that the statements in this document are subscribed and sworn to before me by the individual on this _____ day, of the month of _____ in the year _____ .

_____        ┌─────────────────────┐
*Signature of Notary Public*                                                         │                     │
                                                                                     │    Official Seal    │
_____        │                     │
*Printed Name of Offical*                                                            └─────────────────────┘

PA 0581

WHAT YOU NEED TO DO

Effective immediately, as a USAT student or graduate seeking a service or services related to ECFMG Certification, including registration for the United States Medical Licensing Examination (USMLE), release of USMLE scores, issuance of an ECFMG Certificate, or issuance of ECFMG Certification Status Reports to residency programs, you must complete the attached affidavit, attesting to the accuracy of your medical school attendance information to ECFMG's satisfaction. Completion of the affidavit is required and will facilitate ECFMG's review.

The affidavit must also be notarized by NotaryCam, which provides secure on-line notarization of documents. To use NotaryCam, go to https://www.notarycam.com/ecfmg-affidavit/ and follow NotaryCam's instructions. NotaryCam will e-mail your affidavit to ECFMG directly.

YOU MUST COMPLETE AND SUBMIT THIS AFFIDAVIT NO LATER THAN NOVEMBER 1, 2018.

Please allow two to four weeks processing time after the above-described affidavit has been submitted to ECFMG. ECFMG will notify you in writing after your affidavit has been processed.

ECFMG reserves the right to bring allegations of irregular behavior against you, in accordance with its policies and procedures, should ECFMG obtain information that indicates that you have engaged in irregular behavior with respect to any documentation submitted as part of this process.

If you have any questions, please contact MECCsupport@ecfmg.org and you will be assigned a Case Manager. If you prefer, you may call 215-386-5900 and ask to be transferred to a Case Manager for USAT.

Sincerely,

ECFMG

# EXHIBIT E



| | EDUCATIONAL COMMISSION FOR | 3624 Market Street |
| **ECFMG®** | FOREIGN MEDICAL GRADUATES | Philadelphia PA 19104-2685 USA |
| | | 215-386-5900 ¦ 215-386-9767 Fax |
| | | www.ecfmg.org |

VIA EMAIL: swatemd@aol.com

November 21, 2018

Mr. Tommy Swate
Attorney at Law
403 Wild Plum
Houston, Texas 77013

Dear Mr. Swate:

Thank you for the email confirmation on November 16, 2018 that you received the complete file that will be reviewed by the ECFMG Medical Education Credentials Committee ("ECFMG Committee") in the matter related to Dr. Orien Tulp. As previously communicated, Dr. Tulp is scheduled to make a personal appearance (accompanied by you and Mr. Reil, his attorneys) before the ECFMG Committee on Wednesday, November 28, 2018 at 9:00 AM at the Rittenhouse Hotel, 210 West Rittenhouse Square, Philadelphia, PA 19103. Please arrive with Dr. Tulp at 8:45 AM.

I am writing in response to your letter dated November 13, 2018, which is rife with misstatements. There are two important issues of concern which require clarification at this time: (1) ECFMG's authority to conduct its activities, including the ECFMG Certification program and making allegations of irregular behavior pertaining to Dr. Tulp; and (2) the "activity of the ECFMG in regards to the USAT" related to ECFMG's update of USAT's *World Directory of Medical Schools* ECFMG Sponsor Note.

***Concern (1):   ECFMG's Authority to Conduct the ECFMG Certification Program & Irregular Behavior***

In your letter, you request ECFMG to "identify by what legal authority [ECFMG] has to claim and report that Dr. Tulp - engaged in 'irregular behavior'." For some additional context regarding ECFMG's responsibility and its mission to protect the public, ECFMG (formally the Evaluation Service for Foreign Medical Graduates) was established as a private, non-profit organization in 1956 by the Federation of State Medical Boards (FSMB), the American Hospital Association (AHA), the Association of American Medical Colleges (AAMC), and the American Medical Association (AMA). It was established to validate medical credentials, assess basic medical knowledge and determine English language proficiency for graduates of international medical schools. As you may already know, medical licensing authorities in the United States require that international medical graduates (IMGs) be certified by ECFMG, among other requirements, to obtain an unrestricted license to practice medicine.

In support of its mission to protect the public, individuals that have or have attempted to subvert ECFMG's policies and procedures are subject to ECFMG's Policies and Procedures on Irregular Behavior. These were previously shared with you and are also available on ECFMG's web-site at https://www.ecfmg.org/programs/irregular-behavior.html. As communicated in our prior correspondence, it is under these policies that Dr. Tulp is charged with irregular behavior for providing false information to ECFMG. I trust that the files you received on November 16 help clarify the charges and evidence of irregular behavior.

ECFMG® is an organization committed to promoting excellence in international medical education.

Mr. Tommy Swate
November 21, 2018
Page 2 of 2

### *Concern (2): ECFMG's Update to USAT's World Directory ECFMG Sponsor Note*

As previously communicated to you, ECFMG's update to USAT's World Directory Sponsor note is *not* related to a charge of irregular behavior for Dr. Tulp.

ECFMG updated its sponsor note on October 18, 2018 because ECFMG learned that USAT was operating a medical school campus located in the United States. Before taking this action, ECFMG had requested USAT to provide documentation from the appropriate United States authorities that USAT is authorized to operate its medical school campuses and educational programs in the United States. To date, USAT has failed to deliver such documentation.

It appears from the information gathered from you (e.g. your statement that USAT has conducted classes "in locations other than Montserrat *for 15 years* without incident...") and corroborated by USAT students that USAT has primarily operated and conducted its educational activities in the United States. Based on this information, USAT may not even be an international medical school. However, as previously communicated, if you are able to provide documentation from the appropriate United States authorities that USAT is authorized to operate its medical school branch campuses in the United States, ECFMG will consider this information.

Also, in your letter dated November 13, 2018 you state "ECFMG has taken the position that ECFMG has the right to accredit a medical school." We must clarify for you that ECFMG is not an accrediting agency and does not purport to accredit international medical schools.

Please contact me if you have any additional questions regarding our ECFMG Committee meeting scheduled next week.

Sincerely,

Ms. Kara Corrado, JD
Vice President for Operations

# EXHIBIT F



**EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES**

3624 Market Street
Philadelphia PA 19104-2685 USA
215-386-5900
www.ecfmg.org

PERSONAL AND CONFIDENTIAL
VIA EMAIL: o.tulp@usat.edu

October 18, 2018

Dr. Orien L. Tulp
Professor and President
University of Science, Arts & Technology (USAT) Faculty of Medicine
Main Campus
S. Mayfield Estate Drive
Olveston
MONTSERRAT

Dear Dr. Tulp:

I am writing to advise you of the allegation that you, individually and in your capacity as an official of the University of Science, Arts & Technology (USAT) Faculty of Medicine, Montserrat, engaged in irregular behavior in connection with providing false information to ECFMG. Specifically, you provided false information to ECFMG when you (1) notified ECFMG that USAT does not operate a branch campus in Miami, Florida and (2) certified to the attendance dates of several USAT students and graduates when ECFMG has information that these students were not attending USAT during some of the time periods to which you certified. The details of ECFMG's allegation are set forth below.

**Details of Allegation**
***False Information Regarding U.S. Branch Campuses***
On August 21, 2018, ECFMG advised you that we had become aware that USAT was operating a "branch" campus in Miami, Florida. We advised you that in order for students and graduates of an international medical school, such as USAT, to have eligibility to apply for ECFMG Certification, ECFMG policy requires confirmation from the appropriate government authority in the branch campus country that the branch campus is authorized to operate as a medical school in such branch campus country. Therefore, we requested that USAT provide documentation from the United States Department of Education and/or the Florida Department of Education confirming that USAT's Miami branch campus is authorized to operate as a medical school in the United States. We indicated that this documentation should cover the whole time period that the USAT Miami branch campus has been in operation.

In response to ECFMG's August 21, 2018 letter, you replied:

"This is incorrect information. The Miami location is an information and testing site only, where a pre-usmle examination [an NBME] may administered, and an Orientation for new students is conducted prior to their traveling to the

PA 0587

Dr. Orien L. Tulp
October 18, 2018
Page 2 of 4

> Caribbean.. It is NOT a campus.  Our ONLY Campus is located in Olveston,
> Montserrat, British West Indies.
>
> Actually, recall that Montserrat is a volcanic Island, and the license issued to
> USAT in September, 2003 DOES actually permit the establishment of off-campus
> lecture and administrative sites as needed.  USAT has students on island on a
> year round basis since its origination." [emphasis in original]

After receiving your reply, ECFMG received information that USAT was also
providing medical education lectures not at its Miami site, but also at sites in
Tampa, Florida, Dallas, Texas, and Puerto Rico. As a result and to ensure that
information regarding international medical schools and their students provided to
ECFMG complies with ECFMG policies and requirements, ECFMG notified you that
ECFMG would require USAT students and graduates to complete an affidavit, attesting
to the accuracy of the medical school information provided to ECFMG.

In response to ECFMG's affidavit request, many USAT students and graduates
have certified that they have not completed any courses on Montserrat, but instead
completed courses on site in the United States at the direction of USAT officials due to
volcanic and hurricane activity on Montserrat. ECFMG also received a copy of the "2018
University of Science, Arts and Technology Lecture Conference Schedule" which shows
lectures occurring in Florida and Texas.  We note that there are no lectures scheduled
for Montserrat.  We also note that graduation occurs in Miami, Florida.

This directly conflicts with the information that you provided, i.e. that "the Miami
location is an information and testing site only, where a pre-usmle examination [an
NBME] may administered, and an Orientation for new students is conducted prior to
their traveling to the Caribbean.. It is NOT a campus. Our ONLY Campus is located in
Olveston, Montserrat, British West Indies." [emphasis in original].  Further, though
USAT's agreement with the Montserrat government indicates that USAT "agrees to
maintain operations in Monserrat with regard to its Medical and other programmes for
the duration of the agreement unless unforeseen circumstances and/or natural disaster
arise that the MCL-USAT may choose to relocate to an area of convenience for the
MCL-USAT for a time period to be determined by MCL-USAT.  This would not effect
any permission granted to MCL-USAT by the government of Montserrat," ECFMG has
no record of receipt of any official communication from you or any other USAT official
indicating that USAT relocated due to volcanic activity, from 2003 until present.

In ECFMG's September 15, 2017 announcement "Relocation of Caribbean
Medical Schools Impacted by Hurricane Irma" ECFMG advised: "Schools that have
relocated or plan to relocate their operations to the United States or elsewhere as a
result of Hurricane Irma should provide ECFMG with: a) a formal notice to ECFMG that
includes the address of where the school is temporarily located and the expected date
of when the school will return to its home country, b) copies of approvals from the home
country governmental authorities, and c) copies of approvals from the accrediting

Dr. Orien L. Tulp
October 18, 2018
Page 3 of 4

agency, if any. This information should be e-mailed to Medical Education Resources at medschoolreview@ecfmg.org, along with any questions or comments." ECFMG has no record of receipt of any correspondence from you or any other USAT official that USAT was relocating to the United States due to Hurricane Irma, or any other hurricane.

**Certification of False Information Regarding Students Attendance Dates**

During the course of the investigation into USAT's branch campuses, ECFMG has discovered information that indicates that you provided false information to ECFMG regarding the attendance dates of some of your students on some of their applications for United States Medical Licensing Examinations (USMLE). Specifically, you certified that students were attending USAT during time periods which they were not actually attending USAT.

It is ECFMG's usual practice to consider any action or attempted actions by any person that would or could subvert the processes, programs or services of ECFMG to be *irregular behavior*. See Section A.1. of the enclosed *ECFMG Medical Education Credentials Committee Policies and Procedures*. Examples of irregular behavior include the provision of false information or falsified credentials to ECFMG. ECFMG investigates and considers allegations of irregular behavior in order to protect the integrity of its processes, programs, and services. The ECFMG Committee can impose serious sanctions if it finds irregular behavior has been committed.

The review into the matters described in this letter are ongoing. ECFMG reserves the right to amend or make additional allegations of irregular behavior, in accordance with its policies and procedures, should ECFMG obtain information that supports such amendment or additional allegations.

## ECFMG Medical Education Credentials Committee Review of this Allegation

This matter will be referred to the ECFMG Committee for review at its next scheduled meeting on November 28, 2018 in Philadelphia. The ECFMG Committee will consider the information presented and take action in accordance with the enclosed *ECFMG Medical Education Credentials Committee Policies and Procedures*.

You will have the opportunity to appear personally before the ECFMG Committee, accompanied by legal counsel, if you so wish. Please indicate in your response if you wish to appear personally before the ECFMG Committee in your individual and/or official capacities. If you do wish to make a personal appearance, I will notify you of the particular time and location of the meeting.

The following documents will be included in the Agenda for the ECFMG Committee's review:

- ECFMG's August 21, 2018 letter to you and your August 21, 2018 e-mail reply;

Dr. Orien L. Tulp
October 18, 2018
Page 4 of 4

- ECFMG's September 14, 2018 letter to you, including a copy of the affidavit sent to USAT students on September 14, 2018;
- Copy of "2018 University of Science, Arts and Technology Lecture Conference Schedule"
- September 15, 2017 ECFMG Announcement "Relocation of Caribbean Medical Schools Impacted by Hurricane Irma";
- Copy of "An Agreement Between the Government of Montserrat and Medical College of London (MCL) University of Science, Arts, and Technology (Montserrat) LTD. (USAT)"
- Affidavits completed by USAT students; and
- This letter.

Copies of these documents, with the exception of the completed affidavits by students, are enclosed.

**Please provide a response to ECFMG by November 1, 2018.** In your response, please note whether you wish to make a personal appearance before the ECFMG Committee. All documents should be submitted to Ms. Kara Corrado, Vice President for Operations, at the address above or via e-mail at kcorrado@ecfmg.org. If you have any questions, please do not hesitate to call me at (215) 883-7318.

Sincerely,

*Lisa L. Cover*

Lisa L. Cover
Senior Vice President for Business
Development and Operations

Encl: As noted.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. ORIEN L. TULP,                 ) | |
| )                                                | |
| *Plaintiff,*              ) | Case No. 2:18-cv-05540-WB |
| )                                                | |
| v.                                          ) | Hon. Wendy Beetlestone |
| )                                                | |
| EDUCATIONAL COMMISSION FOR   ) | |
| FOREIGN MEDICAL GRADUATES and   ) | |
| DR. WILLIAM W. PINSKY,           ) | |
| )                                                | |
| *Defendants.*            ) | |
| )                                                | |

### DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG"),[1] by and

through its undersigned counsel, hereby answers the Complaint filed by Dr. Orien L. Tulp in

accordance with the numbered paragraphs thereof as follows:

### PARTIES

1.       The plaintiff is Dr. Orien L. Tulp, hereafter referred to as "Dr. Tulp", an adult
individual whose address for service of process is at 4288 Youngfield Street, Wheat Ridge, CO
80033. At all times material herein, plaintiff was President of the University of Science, Arts, and
Technology ("USAT"), and had an ownership interest in the University. USAT is located in
Montserrat, but its US administrative office is located at the address in the caption, and students
take classes in Montserrat and the US via a distance education format.

**ANSWER:**      ECFMG admits in part and denies in part the allegations of this paragraph.

ECFMG admits that Dr. Orien L. Tulp is the plaintiff in this lawsuit.  ECFMG denies that USAT

students "take classes in Montserrat and the US via a distance education format."  ECFMG lacks

---

[1] On March 26, 2019, the Court dismissed all claims against Dr. William W. Pinsky.  As a result,
this filing is made by and on behalf of ECFMG only, the sole remaining defendant.

knowledge or information sufficient to form a belief about the truth of the remaining allegations

of this paragraph and they are, therefore, denied.

2.      A defendant is the Educational Commission for Foreign Medical Graduates,
hereafter referred to as "ECFMG" or "the Board", which is an unincorporated association, whose
address for service of process is 3624 Market Street, Philadelphia, PA 19104. According to their
mission statement, the ECFMG is an organization which purports to certify medical school
students and graduates to practice medicine in the United States.

**ANSWER:**     ECFMG admits in part and denies in part the allegations of this paragraph.

ECFMG admits that is headquartered at 3624 Market Street, Philadelphia, PA 19104.  ECFMG

further admits that, among other things, it certifies that foreign medical graduates have met certain

minimum criteria for entry into graduate medical education in the United States.  ECFMG denies

that it is an unincorporated association and that it "certif[ies] medical school students and graduates

to practice medicine in the United States."  ECFMG denies the remaining allegations of this

paragraph.

3.      A defendant is Dr. William W. Pinsky, the President and CEO of the ECFMG,
whose address for service of process is indicated in the caption. *See* Exhibit A, attached and
incorporated herein.

**ANSWER:**     ECFMG admits in part and denies in part the allegations of this paragraph.

ECFMG admits that Dr. William W. Pinsky is the President and CEO of ECFMG and that ECFMG

is headquartered at 3624 Market Street, Philadelphia, PA 19104.  ECFMG denies that Dr. Pinsky

is a defendant in this lawsuit because the Court has dismissed all claims against Dr. Pinsky.

ECFMG denies the remaining allegations of this paragraph.

4.      ECFMG is an organization sponsored by various medical organizations, including
the Federation of State Medical Boards. Through the ECFMG's certification process, it gives
medical students and medical graduates a certification of eligibility (essentially a license) to apply
for a ACGME [Accreditation Council for Graduate Medical Education] certified residency
program of postgraduate specialty training that can lead to medical licensure of the applicant. A
residency program is a certified program that trains students who have graduated from a medical
school and taken a series of examinations or tests administered by way of the United States Medical
Licensing Examination [the USMLE]. The state medical boards have given ECFMG the power to
examine and certify international medical graduates [IMGs] as competent to undertake residency

2

training in the USA. Without the certification (license) from the ECFMG, a foreign medical graduate cannot start the process of being licensed as a physician in the United States.

**ANSWER:**    ECFMG admits in part and denies in part the allegations of this paragraph. ECFMG admits that, among other things, it certifies that foreign medical graduates have met certain minimum criteria for entry into graduate medical education in the United States.  ECFMG further admits that ACGME has elected to require foreign medical graduates who enter ACGME-accredited programs to be certified by ECFMG.  ECFMG specifically denies that "[t]he state medical boards have given ECFMG the power to examine and certify international medical graduates [IMGs] as competent to undertake residency training in the USA." ECFMG denies the remaining allegations of this paragraph.

5.     The action of the ECFMG is in granting authority to apply for a residency program is state action. The ECFMG's authority, which is in essence a license to apply for a residency program, has a close nexus to the various state medical boards. Without the ECFMG certificate, the ACGME postgraduate programs will not permit the applicant to start the training that will in essence allow the gate to be closed to obtaining a medical residency and eventual license to practice medicine in the USA. Without the residency training, the medical graduate cannot obtain a full unrestricted medical license. The state medical boards have granted the power to the ECFMG to screen foreign medical students for licensure. State action is established because of this delegation of screening power. *Jackson v. Metro Edison Co.,* 419 U.S. 345, 351.

**ANSWER:**    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG admits in part and denies in part the allegations of this paragraph.  ECFMG admits that ACGME has elected to require foreign medical graduates who enter ACGME-accredited programs to be certified by ECFMG.  ECFMG specifically denies that "[t]he state medical boards have granted the power to the ECFMG to screen foreign medical students for licensure."  ECFMG denies the remaining allegations of this paragraph.

6.     The ECFMG has placed itself in a position of interdependence with the state medical boards. The ECFMG cannot be considered to be a private entity because the ECFMG reports to the state medical boards but also reports to the National Practitioner Data Bank. The

3

ECFMG would not exist without the powers delegated by the state medical boards. *Burton v. Wilmington Parkway Authority,* 365 U.S. 715, 725 (1961).

**ANSWER:**   The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

7.   Because the ECFMG's actions are delegated state actions, the ECFMG is required to give both procedural and substantive Fourteenth Amendment due process rights.

**ANSWER:**   The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

## JURISDICTION AND VENUE

8.   The Court has jurisdiction under Diversity of Citizenship, the Civil Rights Act (42 U.S.C.A. 1983) and the Due Process clause of the United States Constitution, with pendent jurisdiction to consider any claims arising under state law.

**ANSWER:**   The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.

9.   Venue is properly before the Court, since all defendants are located and conduct business in the Eastern District of Pennsylvania.

**ANSWER:**   The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG admits that it is headquartered and conducts business in the Eastern District of Pennsylvania.

## SUMMARY

10.   In an attempt to close down the USAT and sanction Dr. Tulp, defendant ECFMG has refused to allow students of USAT to take necessary medical examinations. Defendant ECFMG has effectively closed USAT, by refusing to release scores for students who paid for the examinations. Doctors who graduated from USAT have been unable to commence their residency due to the refusal of the Board to issue an appropriate certification. ECFMG has also sent misleading "affidavits" to many USAT students and threatened many students with "irregular

4

behavior" in order to sanction Dr. Tulp and force closure of the University, which he founded. He is President, CEO, and an equal owner of the University. Thus, ECFMG tortiously interfered with the educational contract between the students of USAT, the University, and Dr. Tulp, denied due process to Dr. Tulp and the students of USAT, and improperly used an "affidavit" [*See* Exhibit DI to coerce information from students. [Pinsky letter, *See* Exhibit A.] In addition, the Board placed information in the World Directory of Medical Schools, prior to any hearing or legal process, advising that it would no longer recognize the test scores of USAT graduates after January 1, 2019. *See* Exhibit B.

**ANSWER:**   The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  Moreover, the allegations of this paragraph refer to written documents that speak for themselves, and Plaintiff's characterization of them is, therefore, denied.  To the extent that a response is required, ECFMG admits in part and denies in part the allegations of this paragraph.  ECFMG admits that it imposed a limited sanction on Plaintiff after finding that he engaged in "irregular behavior" (as defined by and consistent with ECFMG's Policies and Procedures Regarding Irregular Behavior), which finding was made after Plaintiff was given notice of the allegations of "irregular behavior," copies of ECFMG's Policies and Procedures Regarding Irregular Behavior and documentary evidence considered making the finding of "irregular behavior," and an opportunity to be heard at an in-person hearing before ECFMG's Medical Education Credentials Committee.  ECFMG further admits that it sent blank affidavit forms to USAT students applying to ECFMG for services to gather information about their medical school coursework.  ECFMG denies that it "has refused to allow students of USAT to take necessary medical examinations."  ECFMG denies that it "has effectively closed USAT, by refusing to release scores for students who paid for the examinations."  ECFMG denies that "[d]octors who graduated from USAT have been unable to commence their residency due to the refusal of the Board to issue an appropriate certification."  ECFMG denies that the blank affidavits sent to USAT students were "misleading," "threatened" students with "irregular behavior," were sent "to sanction Dr. Tulp and force closure of" USAT.  ECFMG lacks knowledge or information

PA 0595

sufficient to form a belief about the truth of the allegation that Plaintiff "is President, CEO, and an

equal owner of" USAT.   ECFMG specifically denies that Plaintiff was denied due process.

ECFMG denies the remaining allegations of this paragraph.

### GENERAL ALLEGATIONS

11.   ECFMG sent to USAT a letter implying that the school would be closed on or about
01/01/19 because the Board would no longer recognize the scores of its students in taking the
three-part United States Medical Licensing Examination. This action prohibits applicants from
sitting for the USMLE, which is required for unrestricted medical licensure.

**ANSWER:**   The allegations of this paragraph refer to a letter that is a written document

that speaks for itself, and Plaintiff's characterization of it is, therefore, denied.  To the extent that

a response is required, ECFMG denies the allegations of this paragraph.

12.   On 11/21/18, Kara Corrado, J.D., Vice President for Operations of the Board, sent
a letter to counsel for USAT indicating two concerns: 1) that USAT's authority to conduct its
medical education program amounted to "irregular behavior" because USAT had not been certified
by a governmental entity in the United States, and 2) the allegation that USAT was operating
medical school campuses in the United States. *See* Exhibit E. On October 18, 2018, Lisa Cover, a
Senior Vice President with ECFMG, wrote a letter to Dr. Tulp advising him of the allegation that
he engaged in "irregular behavior". *See* Exhibit F.

**ANSWER:**   The allegations of this paragraph refer to letters that are written documents

that speaks for themselves, and Plaintiff's characterization of them is, therefore, denied.  To the

extent that a response is required, ECFMG admits in part and denies in part the allegations of this

paragraph.  ECFMG admits that Kara Corrado, the ECFMG Vice President of Operations, sent a

letter to counsel for Plaintiff on November 21, 2018 that, *inter alia*, (i) confirmed Plaintiff would

make personal appearance with his attorneys at a hearing before the ECFMG Medical Education

Credentials Committee on November 28, 2018 in connection with allegations of "irregular

behavior" against Plaintiff, (ii) corrected numerous misstatements set forth in a letter from counsel

for Plaintiff dated November 13, 2018, and (iii) as ECFMG had already done multiple times,

invited Plaintiff and USAT to provide evidence to ECFMG that USAT's operations in the United

PA 0596

States were authorized. ECFMG further admits that Lisa Cover, the ECFMG Senior Vice President for Business Development and Operations, sent a letter to Plaintiff on October 18, 2018, which (i) gave Plaintiff notice of the allegations of "irregular behavior" against Plaintiff, (ii) enclosed numerous documents supporting the allegations of "irregular behavior" against Plaintiff, and (iii) invited Plaintiff to make a personal appearance before the ECFMG Medical Education Credentials Committee at a hearing regarding the allegations of "irregular behavior" against Plaintiff, pursuant to the Committee's policies and procedures. ECFMG denies the remaining allegations of this paragraph.

13.     USAT has a certification from the government of Montserrat, allowing it to operate temporary venues due to an active volcano on the island. Such certification had been recognized by the Board without incident since 2003. USAT also operates online courses for the majority of its basic sciences course requirements via a specially developed SPOC [small platform online courses, developed by USAT]. A true and correct copy of the certification from Montserrat is attached and incorporated as Exhibit C.

**ANSWER:**     The allegations of this paragraph refer to a written document that speaks for itself, and Plaintiff's characterization of it is, therefore, denied. To the extent that a response is required, ECFMG admits in part and denies in part the allegations of this paragraph. ECFMG admits that before ECFMG learned of USAT's unauthorized operations in the United States, ECFMG treated USAT as a foreign medical school located in Montserrat based on authorization by Montserrat to operate there. ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

14.     Students from USAT have each paid well over $1,000 to the Board to take necessary medical exams, and the Board has refused to release their scores because of alleged misconduct by Dr. Tulp, and an assignment by the Board of "irregular behavior" arising out of an illegal affidavit issued to students of USAT. "Irregular behavior" may be a permanent admonition on a student or physician's official record, and make residency difficult, if not impossible.

7

PA 0597

**ANSWER:**   ECFMG admits in part and denies in part the allegations of this paragraph.

ECFMG admits that a finding of "irregular behavior" results in a permanent annotation of that

finding in ECFMG's records. ECFMG denies the remaining allegations of this paragraph.

15.     The Board set up a hearing on 11/28/18 for Dr. Tulp, only, in Philadelphia, at the
address in the caption to address so-called "irregular behavior". After a few minutes, with no
witnesses called, Board counsel announced that the hearing was terminated. Prior to the hearing,
the Board took the position that Dr. Tulp had the burden of proof on the issue of "irregular
behavior" for which he had been charged by the Board. The Board set 20 minutes as the duration
of the hearing. No testimony was taken or exhibits received in evidence, before Board counsel
terminated the hearing. No Transcript of the proceedings has been received. The Board indicated
that on 01/01/19 it will issue a finding of "irregular behavior" to Dr. Tulp effectively closing
USAT.

**ANSWER:**   ECFMG admits in part and denies in part the allegations of this paragraph.

ECFMG admits that a hearing about the allegations of "irregular behavior" against Plaintiff was

held on November 28, 2018 before ECFMG's Medical Education Credentials Committee pursuant

to the Committee's policies and procedures.   ECFMG admits that it allotted 20 minutes for the

hearing (consistent with ECFMG's ordinary practice) and that the hearing concluded sooner

because Plaintiff (through his counsel) refused to engage and became argumentative.   ECFMG

denies the remaining allegations of this paragraph.

16.     There was no jurisdiction over, or relationship with, Dr. Tulp to compel him to
attend the hearing by the Board, and he made a special appearance while not agreeing to
jurisdiction. ECFMG has no jurisdiction over Dr. Tulp, or legal relationship with Dr. Tulp, or the
power to enter any sanction against him. The Board has no contractual or statutory authority over
Dr. Tulp.

**ANSWER:**   The allegations of this paragraph contain conclusions of law to which no

response is required and they are, therefore, denied.   To the extent that a response is required,

ECFMG denies the allegations of this paragraph.

17.     The Board would not give Dr. Tulp sufficient discovery to conduct an adequate
defense. Also, the Board has never requested any curricula, student records, or any documentation
from USAT.

**ANSWER:**   ECFMG denies the allegations of this paragraph.

PA 0598

18.     The term "irregular behavior" is void for vagueness, since "irregular behavior" is so broad that it essentially amounts to any behavior which the Board does not approve. There is no intelligible standard to ascertain "irregular behavior" with the exception of the fiat by the ECFMG. There is no due process mechanism to effectively challenge a finding of "irregular behavior" which can amount to an indefinite suspension of United States medical licenses by the Board without formal notification of such assignment to the individual concerned.

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

19.     There is no reasonable way to ascertain the standards for "irregular behavior" in the instant case, prior to any adjudication.

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

20.     The Board has effectively closed USAT by not allowing its students and graduates to complete the necessary medical examinations beyond January 1, 2019, and has tortiously interfered with the relationship of the students of USAT and Dr. Tulp, the President of the University.

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

## FIRST CAUSE OF ACTION
### Plaintiff v. ECFMG

21.     Plaintiff incorporates all prior paragraphs as though fully set forth herein.

**ANSWER:**     ECFMG incorporates its responses to the previous paragraphs as though fully set forth herein.

22.     This cause of action is for the illegal actions of the ECFMG (the Board) in tortiously interfering with the contract between the students of USAT and plaintiff Dr. Orien Tulp, the University President and co-owner.

PA 0599

**ANSWER:**    The Court dismissed Plaintiff's First Cause of Action, and thus no response

to this paragraph is required.

23.    The Board allegedly refused to release scores of necessary medical exams to students and graduates of USAT, de facto, closing the University.

**ANSWER:**    The Court dismissed Plaintiff's First Cause of Action, and thus no response

to this paragraph is required.

24.    The Board published, in the World Directory of Medical Schools, a warning to students that it would not recognize USAT with respect to necessary medical qualifying examinations after January 1, 2019. *See* Exhibit B.

**ANSWER:**    The Court dismissed Plaintiff's First Cause of Action, and thus no response

to this paragraph is required.

25.    The Board sent illegal "affidavits" to students in an attempt to intimidate them from continuing as students at USAT. These alleged affidavits threatened medical students with perjury, as well as "irregular behavior", and also directed the students to provide certain documentary evidence, such as a copy of their passport. This "affidavit" by the Board was an abuse of process, and constituted fraudulent or negligent representation, since it was tantamount to a "subpoena duces tecum" without first having a legal proceeding. The Board had no power to issue these so-called affidavits. These affidavits are also a violation of Federal Education Records Protection Act (FERPA). Students are predominantly US citizens and are entitled to such protection under FERPA.

**ANSWER:**    The Court dismissed Plaintiff's First Cause of Action, and thus no response

to this paragraph is required.

26.    The purpose of the ECFMG doing this was to effectively remove Dr. Tulp as President of the University by discouraging students from registering or continuing their education at USAT, including verbal recommendations from ECFMG case workers. The Board issued "affidavits" and threatened to find students of USAT guilty of "irregular behavior".

**ANSWER:**    The Court dismissed Plaintiff's First Cause of Action, and thus no response

to this paragraph is required.

27.    There was no hearing before the students of USAT were sent emails by the ECFMG telling them that they may have been assigned "irregular behavior" and that their scores would not be released to medical institutions to be accepted for residency applications or other ECFMG services.

PA 0600

**ANSWER:**   The Court dismissed Plaintiff's First Cause of Action, and thus no response

to this paragraph is required.

28.   ECFMG alleges to be a private organization which permits the administration of qualifying examinations for foreign medical students and international medical graduates and passes information to the state licensing agencies in the United States. De facto, the ECFMG is a quasi-governmental agency that issues certificates, that are essentially licenses, to foreign medical students and physicians upon completion of their certification process, and it holds itself out to medical students and others as a governmental entity.

**ANSWER:**   The Court dismissed Plaintiff's First Cause of Action, and thus no response

to this paragraph is required.

29.   As a result of the illegal actions of the Board in refusing to release the scores of the students of the plaintiff, the plaintiff has suffered, and will continue to suffer, irreparable harm including, but not limited to, the immediate closing of USAT College of Medicine and the removal of Dr. Tulp as a medical educator under the cloud of an indefinite sentence of "irregular behavior" for a duration of not less than 5 years.

**ANSWER:**   The Court dismissed Plaintiff's First Cause of Action, and thus no

response to this paragraph is required.

30.   Dr. Tulp will also suffer loss of his position as President of the University, as well as direct monetary damages resulting from the closing of USAT, arising out of the actions of ECFMG to close USAT, and to preclude its students from practicing medicine or engaging in postgraduate training in the USA, and the discouraging of any students from attending an institution where they cannot receive required certification from the ECFMG Board to qualify for licensure or registration to practice medicine in the USA.

**ANSWER:**   The Court dismissed Plaintiff's First Cause of Action, and thus no response

to this paragraph is required.

WHEREFORE, the Court is requested to order ECFMG to immediately resume processing the medical examinations of students of USAT, and release their examination scores, and remove the negative advisory from the sponsor notes on the World Directory of Medical Schools listing for the USAT College of Medicine, and to award such other injunctive and equitable relief as appropriate, plus damages, interest, and attorneys fees.

**ANSWER:**   The Court dismissed Plaintiff's First Cause of Action, and thus no response

to this WHEREFORE clause is required.

PA 0601

## SECOND CAUSE OF ACTION
### Plaintiff v. ECFMG

31.     Plaintiff incorporates all prior paragraphs as though fully set forth herein.

**ANSWER:**     ECFMG incorporates its responses to the previous paragraphs as though fully set forth herein.

32.     This cause of action is for violation of due process by the ECFMG (the Board).

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.

33.     The Board violated the due process rights of Dr. Tulp by finding him guilty of "irregular behavior" when it had no jurisdiction over Dr. Tulp, or any direct contact with him prior to a finding of "irregular behavior".

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent that a response is required, ECFMG denies the allegations of this paragraph.

34.     The Board violated the due process rights of Dr. Tulp by illegally withholding necessary medical examination for USAT students and graduates in an attempt to sanction plaintiff and to force closure of USAT.

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent that a response is required, ECFMG denies the allegations of this paragraph.

35.     The Board violated the due process rights of Dr. Tulp by sending misleading affidavits to students of USAT, which affidavits were illegal and designed to intimidate the students from attending USAT. The Board stated that as January 1, 2019, students of USAT may not apply to ECFMG for certification. Essentially, the Board engaged in an illegal scheme to destroy USAT and Dr. Tulp by publishing the demise of the University in the World Directory of Medical Schools before any notification of such intent by the ECFMG.

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent that a response is required, ECFMG denies the allegations of this paragraph.

12

36.     The Board violated the due process rights of Dr. Tulp by failing to award him or the students of his college a legitimate hearing before taking adverse action. The Board commingled the adjudicatory and investigative functions, particularly through the use of affidavits sent to students to secure documentary evidence under the threat of "irregular behavior". *See Lyness v. Corn., State Bd. of Medicine* 529 Pa. 535 (1992).

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

37.     ECFMG is estopped from denying that it is a governmental or quasi-governmental entity, *inter alia,* because no disclaimer that it was a private entity to that effect was placed on the affidavits sent to thousands of USAT students. In point of fact, the opposite was implied.

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

38.     The Board has acted as a governmental entity, and is estopped from denying the same.

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

39.     When the Board corresponded with USAT and with its students, there was no disclaimer that the Board was not acting on behalf of any governmental authorization, or that it was allegedly a private entity, and the students were not required by law to respond to the affidavit or provide any documents. Students were required to complete "affidavits" under penalty of a finding of "irregular behavior" and denial of ECFMG services.

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

40.     Under the doctrine of state action, the Board has failed to exercise due process in its dealings with USAT and its students as is required by the Due Process Clause of the Pennsylvania and US Constitutions.

PA 0603

**ANSWER:**   The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

41.   The Board has failed to show due process to USAT students, as heretofore mentioned. The affidavits indicated that the Board has illegally commingled the adjudicatory and prosecutorial functions, in violation of due process.

**ANSWER:**   The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

42.   As a result of the Board acting as a quasi-governmental entity, Dr. Tulp and his University suffered the damages as previously enumerated.

**ANSWER:**   The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

WHEREFORE, the Court is requested to order ECFMG to immediately resume processing the medical examinations of students of USAT, and release their examination scores, and remove the negative advisory from the sponsor notes on the World Directory of Medical Schools listing for the USAT College of Medicine, and to award such other injunctive and equitable relief as appropriate, plus damages, interest, and attorneys fees.

**ANSWER:**   In response to this WHEREFORE clause, ECFMG denies that Plaintiff is entitled to any type of remedy, relief, or damages whatsoever, including the relief requested in this WHEREFORE clause.  ECFMG denies the remaining allegations of this paragraph.

### THIRD CAUSE OF ACTION
### Plaintiff v. ECFMG

43.   Plaintiff incorporates all prior paragraphs as though fully set forth herein.

**ANSWER:**   ECFMG incorporates its responses to the previous paragraphs as though fully set forth herein.

14

PA 0604

44.     This is a cause of action for fraudulent misrepresentation, abuse of process, and negligent representation against the ECFMG (the Board).

**ANSWER:**     The Court dismissed Plaintiff's Third Cause of Action, and thus no response

to this paragraph is required.

45.     As heretofore indicated, the Board committed the aforementioned torts through the following acts and omissions:

        (a)     representing itself as an official governmental agency;

        (b)     distributing affidavits to intimidate USAT students, which affidavits did not have a disclaimer or conform to law;

        (c)     placing misleading information about USAT into the World Directory of Medical Schools without notice, and which was designed to intimidate students and to effectively force closure of USAT;

        (d)     using illegal affidavits whose purpose was to gather documents and evidence of alleged culpable behavior by USAT and Dr. Tulp, all of which was in violation of FERPA, the Family Educational Rights and Privacy Act;

        (e)     violating FERPA by not receiving the requisite consent of students to their educational records.

**ANSWER:**     The Court dismissed Plaintiff's Third Cause of Action, and thus no response

to this paragraph and its subparts is required.

46.     As indicated in the prior counts, the Board has held itself out as a governmental agency. The Board has never indicated to those that it dealt with, in particular the students, that it is not an official governmental agency.

**ANSWER:**     The Court dismissed Plaintiff's Third Cause of Action, and thus no response

to this paragraph is required.

47.     Accordingly, the Board is estopped by its conduct to deny that it is required to show due process, as if it were a governmental entity.

**ANSWER:**     The Court dismissed Plaintiff's Third Cause of Action, and thus no response

to this paragraph is required.

WHEREFORE, the Court is requested to order ECFMG to immediately resume processing the medical examinations of students of USAT, and release their examination scores, and remove the negative advisory from the sponsor notes on the World Directory of Medical Schools listing

15

PA 0605

for the USAT College of Medicine, and to award such other injunctive and equitable relief as appropriate, plus damages, interest, and attorneys fees.

**ANSWER:**   The Court dismissed Plaintiff's Third Cause of Action, and thus no response to this WHEREFORE clause is required.

### FOURTH CAUSE OF ACTION
#### Plaintiff v. All Defendants

48.   Plaintiff incorporates all prior paragraphs as though fully set forth herein.

**ANSWER:**   ECFMG incorporates its responses to the previous paragraphs as though fully set forth herein.

49.   This cause of action arises out of the 12/14/18 letter by Dr. William W. Pinsky, which is attached and incorporated as Exhibit A.

**ANSWER:**   The Court dismissed Plaintiff's Fourth Cause of Action, and thus no response to this paragraph is required.   To the extent that a response is required, ECFMG denies the allegations of this paragraph.

50.   Dr. Pinsky is the President and CEO of the ECFMG, and in that capacity, he authorized the illegal actions of the ECFMG, heretofore described.

**ANSWER:**   The Court dismissed Plaintiff's Fourth Cause of Action, and thus no response to this paragraph is required.   To the extent that a response is required, ECFMG denies the allegations of this paragraph.

51.   On 12/14/18, Dr. Pinsky sent a letter [Exhibit A] to Dr. Orien L. Tulp, addressing him as Professor and President of USAT at its main location in Montserrat.

**ANSWER:**   The Court dismissed Plaintiff's Fourth Cause of Action, and thus no response to this paragraph is required.   To the extent that a response is required, ECFMG denies the allegations of this paragraph.

52.   In this letter, Dr. Pinsky indicated, *inter alia,* essentially, that the ECFMG Committee had determined that, for a minimum period of five years, from the date of the letter, that Dr. Tulp was banned from submitting any documents or having any dealings with the ECFMG on behalf of USAT or otherwise.

PA 0606

**ANSWER:**   The Court dismissed Plaintiff's Fourth Cause of Action, and thus no response to this paragraph is required.

53.   This indefinite ban of Dr. Tulp for allegedly engaging in "irregular behavior" was arbitrarily imposed by the ECFMG Committee for alleged unproven false statements, none of which allegations were actually documented.

**ANSWER:**   The Court dismissed Plaintiff's Fourth Cause of Action, and thus no response to this paragraph is required. To the extent that a response is required, ECFMG denies the allegations of this paragraph.

54.   This ban effectively precludes Dr. Tulp from operating, or being involved with, any medical school, in any capacity, for an indefinite period of time, subject to the unfettered discretion of ECFMG.

**ANSWER:**   The Court dismissed Plaintiff's Fourth Cause of Action, and thus no response to this paragraph is required. To the extent that a response is required, ECFMG denies the allegations of this paragraph.

55.   This ban effectively closes USAT, as an institution for medical students, for an indefinite period of time, if not permanently.

**ANSWER:**   The Court dismissed Plaintiff's Fourth Cause of Action, and thus no response to this paragraph is required. To the extent that a response is required, ECFMG denies the allegations of this paragraph.

56.   Actions which allegedly are announced in Dr. Pinsky's letter have already been instituted by the ECFMG such as the ban on the World Directory of Medical Schools website and the shutdown of the portal and the blocking of student scores and the affidavits.

**ANSWER:**   The Court dismissed Plaintiff's Fourth Cause of Action, and thus no response to this paragraph is required. To the extent that a response is required, ECFMG denies the allegations of this paragraph.

57.   The ban by the ECFMG, as set forth in the letter of Dr. Pinsky, also means that the operations of the USAT in the United States must be shut down, and the students from the United States will be separated from USAT, which will have to be closed if the actions of the ECFMG are not reversed. Two of the three administrative conference venues have been closed due to the

17

actions of the ECFMG. Students have been forced to transfer to other medical schools to continue their education past January 1, 2019. As previously mentioned, the bulk of the USAT Basic Sciences Program is delivered via an advanced SPOC [Small Program Online Course program developed by USAT and delivered worldwide, thereby negating any requirement for a fixed US Campus]. The ECFMG or Dr. Pinsky has never asked for any information about the structure or content of the Basic Sciences Program.

**ANSWER:**   The Court dismissed Plaintiff's Fourth Cause of Action, and thus no response to this paragraph is required.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

58.     The actions of the ECFMG on Dr. Tulp and the students of USAT amount to a violation of procedural and substantive due process, as follows:

> (a)     banning Dr. Tulp without a proper hearing;
>
> (b)     banning Dr. Tulp without an evidentiary basis;
>
> (c)     forcing closure of USAT and causing its students to be dismissed in an arbitrary and capricious manner;
>
> (d)     requiring, at a hearing on 11/28/18, that USAT assume the burden of proof and allotting 20 minutes for the hearing;
>
> (e)     terminating the hearing on 11/28/18 without receiving any evidence from Dr. Tulp;
>
> (f)     finding Dr. Tulp guilty of "irregular behavior" without jurisdiction and due process, and effectively forcing closure of USAT College of Medicine without legal process, and constructively dismissing the students of USAT in violation of the law.

**ANSWER:**   The Court dismissed Plaintiff's Fourth Cause of Action, and thus no response to this paragraph and its subparts is required.  To the extent that a response is required, ECFMG denies the allegations of this paragraph and its subparts.

WHEREFORE, the Court is requested to order ECFMG to immediately resume processing the medical examinations of students of USAT, and release their examination scores, and remove the negative advisory from the sponsor notes on the World Directory of Medical Schools listing for the USAT College of Medicine, and to award such other injunctive and equitable relief as appropriate, plus damages, interest, and attorneys fees.

PA 0608

**ANSWER:**   The Court dismissed Plaintiff's Fourth Cause of Action, and thus no response to this WHEREFORE clause is required.   To the extent that a response is required, ECFMG denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, ECFMG alleges the following affirmative defenses.   ECFMG presently has insufficient knowledge or information to form a belief as to whether there are additional defenses than those stated below.   Therefore, ECFMG expressly reserves the right to assert additional defenses.

1.   The Complaint fails to state a due process claim upon which relief may be granted.

2.   Plaintiff's due process claim fails because ECFMG afforded Plaintiff due process.

3.   Plaintiff's due process claim fails because Plaintiff had notice and an opportunity to be heard.

4.   Plaintiff's due process claim is barred because Plaintiff has not suffered any actual injury or damage.

5.   Plaintiff is not entitled to relief under the doctrine of unclean hands.

6.   Plaintiff failed to mitigate his purported damages.

19

Respectfully submitted,

DATED:  April 9, 2019

*/s/ Elisa P. McEnroe*
Elisa P. McEnroe, PA Bar No. 206143
Matthew D. Klayman, PA Bar No. 319105
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:      +1.215.963.5917
Facsimile:      +1.215.963.5001
elisa.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

*Attorneys for the Educational Commission for
Foreign Medical Graduates*

20

PA 0610

## CERTIFICATE OF SERVICE

I do hereby certify that on this date, I caused true and correct copies of the foregoing

document to be served via electronic filing upon the following counsel of record via the ECF

system and/or e-mail:

TOMMY SWATE
403 WILD PLUM
HOUSTON, TX 77013

WILLIAM C. REIL
1515 MARKET ST SUITE 1200
PHILADELPHIA, PA 19102
215-564-1635
Fax: 215-564-4292
Email: billreillaw@gmail.com

*Attorneys for Plaintiffs*

DATED:  April 9, 2019                    */s/ Elisa P. McEnroe*
                                          Elisa P. McEnroe

PA 0611

 **Gmail**

Bill Reil <billreillaw@gmail.com>

---

## RE: Tulp v. ECFMG - Filing
1 message

---

**Klayman, Matthew D.** <matthew.klayman@morganlewis.com>                    Mon, May 6, 2019 at 10:56 AM
To: "swatemd@aol.com" <swatemd@aol.com>
Cc: "McEnroe, Elisa P." <elisa.mcenroe@morganlewis.com>, Bill Reil <billreillaw@gmail.com>

Mr. Swate,

We complied with Judge Beetlestone's Policies and Procedures (available online at http://www.paed.uscourts.gov/
documents/procedures/beepol.pdf) and will not withdraw our filing.

Per Section V.A-B of the Civil Cases section in Judge Beetlestone's Policies and Procedures, we sent you and Mr. Reil
our proposed "single, joint appendix of all exhibits that may be referenced" in the summary judgment briefing. We
then spoke to Mr. Reil about how this is for the Court's convenience, per her procedures, so that we can all reference
the same universe of documents. We have not represented that you stipulated to anything in that regard. Section
V.B explains how you may submit additional exhibits, if you believe it is necessary to do so.

Per Section V.C.1 of the Civil Cases section in Judge Beetlestone's Policies & Procedures, we submitted "a separate
**Statement of Undisputed Material Facts** containing a numbered, paragraph-by-paragraph recitation of facts with
specific citations to the joint appendix in support of all of those facts **as to which the moving party [(in this case,
ECFMG)] contends no genuine issue exists**." (Emphases added). Section V.C.2 explains how Dr. Tulp may submit "a
separate Statement of Disputed Material Facts, stating in similar paragraph form whether [Dr. Tulp] accepts or rejects
that each fact as stated by the moving party is undisputed." The Court did not instruct us to share with you a copy of
our statement of facts in advance of filing and we followed the proper procedures.

A courtesy copy of Defendant's filing was sent to the Court today, along with the enclosed correspondence.

Regards,

Matt

**Matthew D. Klayman**

**Morgan, Lewis & Bockius LLP**

1701 Market Street | Philadelphia, PA 19103-2921

Direct: +1.215.963.5609 | Main: +1.215.963.5000 | Fax: +1.215.963.5001

matthew.klayman@morganlewis.com | www.morganlewis.com

Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com

**From:** swatemd@aol.com <swatemd@aol.com>
**Sent:** Friday, May 03, 2019 10:49 PM
**To:** Klayman, Matthew D. <matthew.klayman@morganlewis.com>
**Subject:** Re: Tulp v. ECFMG - Filing


[EXTERNAL EMAIL]

The motion you filed indicated that certain facts were agreed to by Dr. Tulp or his attorneys is false. Please withdraw this documents. The various documents e mailed to me on May 3, are the first time either Mr Riel or I have seen the "so called agreed facts". We certainly have agreed to no facts at this time. We will review your claims of facts. A decision will be made as to which facts we can agree and which facts we disagree. I point out to you the court instructed you to submit your version of the facts to Mr. Riel and I.  Tommy Swate


-----Original Message-----
From: Klayman, Matthew D. <matthew.klayman@morganlewis.com>
To: swatemd <swatemd@aol.com>; Bill Reil <billreillaw@gmail.com>
Cc: McEnroe, Elisa P. <elisa.mcenroe@morganlewis.com>
Sent: Fri, May 3, 2019 5:21 pm
Subject: Tulp v. ECFMG - Filing

Counsel,


Please see attached.


Regards,

Matt


**Matthew D. Klayman**

**Morgan, Lewis & Bockius LLP**

1701 Market Street | Philadelphia, PA 19103-2921

Direct: +1.215.963.5609 | Main: +1.215.963.5000 | Fax: +1.215.963.5001

matthew.klayman@morganlewis.com | www.morganlewis.com

Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

📄 **Tulp v. ECFMG - McEnroe Letter re Courtesy Copy [5.6.2019].pdf**
42K

**William C. Reil, Esquire**
**1515 Market Street, Suite 1200, Philadelphia, PA 19102**
**Tel: 215-564-1635 Fax: 215-564-4292**
**BillReilLaw@gmail.com**

May 2, 2019                                      **BY EMAIL ONLY**
                                                elisa.mcenroe@morganlewis.com

Elisa P. McEnroe, Esquire
Morgan, Lewis, and Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

      Re:  Dr. Tulp v. ECFMG and Dr. Pinsky
           Docket No: 2:18-cv-05540-WB
           **Joint Appendix and Stipulations**

Dear Ms. McEnroe:

I received your email captioned "Joint Appendix." There has been insufficient time to look over 500 pages of documents which you sent to us. It would be useful if you could send a list of proposed stipulations, which you wish Mr. Swate and myself to consider.

Generally, I will stipulate to the authenticity of any reasonable exhibit, but not necessarily to the truth of the entire document. Accordingly, it would be preferable to see the document to which the appendix refers. I would recommend to my client that we reserve the right to object to a stipulation, contingent upon how it is used.

Sincerely yours,

*William C. Reil*

William C. Reil

cc:  Tommy Swate, Esquire
      Dr. Orien L. Tulp



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DR. ORIEN L. TULP,
        Plaintiff,

    v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES AND
DR. WILLIAM W. PINSKY,
        Defendants.

CIVIL ACTION

NO. 18-5540

**FILED**

JAN 25 2019

KATE BARKMAN, Clerk
By_____Dep. Clerk

## SCHEDULING ORDER

AND NOW, this 24th day of January, 2019, following a Preliminary Pretrial Conference,

IT IS ORDERED as follows:

1.    All fact discovery shall be completed by April 19, 2019.

2.    Any motions for summary judgment motions shall be filed and served on or before May 3, 2019. If the parties do not plan on filing summary judgment motions, they shall so report to the Court (Chambers, Room 3809) on or before May 3, 2019. In all summary judgment filings, the parties shall comply with the provisions of this Court's Policies and Procedures regarding the submission of a joint appendix and of statements of undisputed and disputed material facts.

    A.    When one party intends to move for summary judgment, that party shall initiate a process whereby the parties shall meet, confer and develop a single, joint appendix of all exhibits, including any and all exhibits that may be referenced in their respective briefs.

    B.    The joint appendix shall be filed by the movant no later than the date the initial motion for summary judgment is docketed. All pages of the joint appendix shall be consecutively "Bates stamped" and referenced in the motions and briefs by the Bates number assigned each page. The joint appendix shall include a table of contents. The parties shall make every effort to include all necessary exhibits in the initial joint appendix. Should it become necessary for the non-moving party to submit additional exhibits, however, it may do so at the time it files its opposition brief. Any addendum to the joint appendix shall

be consecutively Bates stamped, beginning at the page number where the joint appendix left off, and shall include a table of contents. Judge Beetlestone will not consider material not included in the appendix.

C.    Statements of Facts

1.    Upon motion for summary judgment, counsel shall also submit a separate Statement of Undisputed Material Facts containing a numbered, paragraph-by-paragraph recitation of facts with specific citations to the joint appendix in support of all of those facts as to which the moving party contends no genuine issue exists.

2.    Counsel opposing a motion for summary judgment shall also submit a separate Statement of Disputed Material Facts, stating in similar paragraph form whether that party accepts or rejects that each fact as stated by the moving party is undisputed. If a party contends that a fact is in dispute, citation must be made to the joint appendix that supports the party's view that that particular fact is in dispute. The party should then list its own additional disputed facts in the same format with specific citations to the joint appendix.

3.    Counsel for the moving party shall then submit—even if not filing a reply brief—a separate Reply Statement of Undisputed Material Facts stating in similar paragraph form whether that party accepts or rejects that each additional fact as stated by the opposing party is disputed. If a party contends that a fact is undisputed, citation must be made to the joint appendix that supports that party's view that the particular fact is undisputed.

3.    For all filings submitted and conferences held pursuant to this scheduling order, and for all pretrial and trial proceedings referred to herein, counsel shall follow Judge Beetlestone's Policies and Procedures, a copy of which can be found online at www.paed.uscourts.gov.

BY THE COURT:

ENT'D JAN 25 2019

WENDY BEETLESTONE, J.

2

PA 0616

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. ORIEN L. TULP,            ) | |
|            ) | |
| *Plaintiff*,       ) | Case No. 2:18-cv-05540-WB |
|            ) | |
| v.              ) | Hon. Wendy Beetlestone |
|            ) | |
| EDUCATIONAL COMMISSION FOR  ) | |
| FOREIGN MEDICAL GRADUATES and  ) | |
| DR. WILLIAM W. PINSKY,     ) | |
|            ) | |
| *Defendants*.       ) | |
|            ) | |

### DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN
### MEDICAL GRADUATES' OBJECTIONS AND RESPONSES TO
### PLAINTIFF'S DISCOVERY REQUESTS

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Defendant Educational

Commission for Foreign Medical Graduates ("ECFMG"),[1] by and through its counsel, serves the

following responses and objections to Plaintiff Dr. Orien L. Tulp's Interrogatories, Requests for

Production of Documents, and Requests for Admissions ("Interrogatories and Requests").

### GENERAL RESPONSES AND OBJECTIONS

1.     All of these General Responses and Objections are incorporated into each of the

Specific Responses and Objections set forth below.  These General Responses and Objections,

which form a part of ECFMG's Specific Responses and Objections to each individual

Interrogatory and Request, are set forth here to avoid the duplication of restating them in response

to each individual Interrogatory.  The General Responses and Objections may also be specifically

---

[1]     On March 26, 2019, the Court dismissed all claims against Dr. William W. Pinsky.  As a
result, these Responses and Objections are made by and on behalf of ECFMG only, the sole
remaining defendant.

1

PA 0617

referred to in ECFMG's Specific Responses and Objections to certain of the individual Interrogatories and Requests for purposes of emphasis and clarity. Omission from any Specific Response or Objection, however, should not be construed as a waiver of any General Response or Objection.

2.      ECFMG objects to the Interrogatories and Requests to the extent they seek to impose obligations that are inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Pennsylvania, and/or the Court's rules and procedures.

3.      Unless ECFMG expressly states otherwise, neither the Requests and Interrogatories nor ECFMG's Responses and Objections to them shall be construed as admissions by ECFMG that any fact or circumstance alleged in any Request or Interrogatory occurred or existed or that Plaintiff's characterization of any facts or circumstances is correct.

4.      ECFMG objects to the Requests and Interrogatories to the extent that they seek information that is immune from disclosure, including information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege, protection, or immunity. Accordingly, ECFMG will not produce such information. The provision of any information that is privileged, protected, or immune from disclosure would be inadvertent and is not a waiver of any privilege, protection, or immunity.

5.      ECFMG objects to the Interrogatories and Requests as overbroad and unduly burdensome in the instances that Plaintiff has not identified an applicable time period. Where Plaintiff has not identified a time period applicable to a particular Interrogatory and Request, ECFMG will interpret the Interrogatory and Request as requesting information from August 1,

2

2018 to December 24, 2018, the date when the Complaint in the Action was filed, unless otherwise stated in a Response or Objection to a particular Request or Interrogatory.

6.      ECFMG objects to the Interrogatories and Requests to the extent that they seek documents and information that are not relevant to the claims or defenses of a party, and/or not proportional to the needs of this case.

7.      ECFMG objects to the Interrogatories and Requests to the extent they seek documents and information not within its possession, custody, or control, or seek documents and information that are already in the possession of Plaintiff or that are equally available to Plaintiff from other sources.

8.      These Responses and Objections reflect ECFMG's present knowledge, information, and belief. These Responses and Objections are therefore without prejudice to ECFMG's right to supplement, revise, modify, correct, add to, or clarify the Responses and Objections set forth herein and the information provided, should it discover additional documents, information, or grounds for objection. ECFMG reserves the right to rely on any facts, documents, evidence, or other contentions that may develop or come to its attention at a later time, and to supplement or amend the information contained in these Responses and Objections, including objections, at any time before trial in this Action should additional or different information become available. Moreover, if ECFMG at any time supplements or amends its Responses and Objections to these Interrogatories and Requests, by agreement or otherwise, ECFMG expressly reserves the right to assert any applicable objection, privilege, or other protection in connection with such supplementation or amendment.

9.      ECFMG objects to the Interrogatories and Requests to the extent that they purport to require ECFMG to undertake more than a reasonable good-faith search for information within

3

its possession, custody, or control responsive to the Interrogatories. ECFMG expressly disclaims any obligation or ability to respond to Requests and Interrogatories with information that is in the possession, custody, or control of Plaintiffs, third-parties, or former employees, except for the period of their employment at ECFMG.

10.     ECFMG objects to the Interrogatories and Requests to the extent they seek "all documents," "all written statements," or "all" of any type of material because the burden or expense of such discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Representing that "all documents," or "all" of any type of material, falling within a description have been located or identified, rather than documents that have been located or identified after a reasonably diligent search, is not proportional to the needs of the case.

11.     ECFMG objects to the Requests to the extent they purport to require ECFMG to engage in the collection or review of electronically stored information ("ESI"). Consistent with the Parties' agreement in the Joint Report of Rule 26(f) Meeting (Dkt. No. 19), ECFMG will not collect or review ESI in order to respond to the Requests.

12.     ECFMG further objects to the Interrogatories and Requests as vague and ambiguous to the extent Plaintiff does not identify with any specificity the information and material he seeks. As worded, many of the Interrogatories and Requests are so vague and ambiguous that ECFMG cannot reasonably formulate a response.

13.     In making its Objections, ECFMG does not waive, or intend to waive, but rather intends to preserve and is preserving:

        a.   All objections as to competency, relevance, materiality, or admissibility;

4

    b.  All rights to object on any ground to the use of any objections, responses, or

        answers;

    c.  All rights to object on any ground to any request for further responses to the

        Interrogatories or any other Interrogatories; and

    d.  The right at any time to amend, correct, add to, or clarify any of the responses,

        objections, or answers found herein.

### SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1:**  WITNESSES: State the name and address of any person whom defendant believes may have any knowledge concerning the allegations made in the Complaint of the plaintiff or the defenses made by defendant.

**Response**:

    ECFMG reasserts and incorporates the General Objections as set forth above.  ECFMG

further objects to this Interrogatory to the extent that it seeks information protected by the attorney-

client privilege, the attorney work-product doctrine, or other applicable privileges.

    Subject to and without waiver of the foregoing objections, ECFMG responds as follows:

| Name | Address/Contact Information |
|---|---|
| Kara Corrado | Through ECFMG's Counsel. |
| Lisa Cover | Through ECFMG's Counsel. |
| Dr. Orien L. Tulp | Through Plaintiff's Counsel. |
| USAT Faculty / Employees (current / former) | Through Plaintiff's Counsel. |
| USAT Students (current / former) | Through Plaintiff's Counsel. |

**Interrogatory No. 2:**  EVIDENCE: Identify any document, report, writing, statement, item, physical or tangible evidence which is in the possession of defendant or known to defendant, which

PA 0621

may be relevant to the allegations made in the Complaint of plaintiff or the defenses made by defendant.

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above. ECFMG objects to this Interrogatory as overly broad, unduly burdensome, and/or not proportional to the needs of the case because it seeks the identity of "any" evidence "which may be relevant to the allegations made in the Complaint . . . or the defenses made by defendant," without regard for whether such materials are in any way related to the sole remaining due process claim in the Action. ECFMG further objects to this Interrogatory in that Plaintiff does not identify with any specificity the information he seeks. As worded, the Interrogatory is so vague and ambiguous that ECFMG cannot reasonably formulate a response. ECFMG further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: ECFMG has already produced (1) the materials ECFMG provided to the Medical Education Credentials Committee in connection with Plaintiff's irregular behavior hearing, (2) the materials ECFMG provided to the Medical Education Credentials Committee in connection with its review of USAT, (3) other documents relating to Plaintiff's irregular behavior hearing, and (4) certain documents pertaining to USAT's sponsor note in the World Directory of Medical Schools. ECFMG also refers to all of the exhibits used or cited in opposition to Plaintiff's Motion for a Preliminary and/or Permanent Injunction and to any YouTube videos posted by USAT and/or in which Plaintiff appears.

PA 0622

**Interrogatory No. 3:** PHOTOGRAPHS AND DIAGRAMS: Identify any photographs, videotapes, audiotapes, slides, movies, charts or diagrams, which are in the possession of defendants or which are known to defendants.

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above. ECFMG objects to this Interrogatory as overly broad, unduly burdensome, and/or not proportional to the needs of the case because it seeks the identity of "any" photographs and diagrams "which are in the possession of defendants or which are known to defendants," without regard for whether such materials are in any way related to the sole remaining due process claim in the Action. ECFMG further objects to this Interrogatory to the extent it asks ECFMG to identify documents and information in the possession of Plaintiff or that are equally available to Plaintiff from other sources, including public sources. ECFMG further objects to this Interrogatory in that Plaintiff does not identify with any specificity the information he seeks. As worded, the Interrogatory is so vague and ambiguous that ECFMG cannot reasonably formulate a response. ECFMG further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: ECFMG has already produced (1) the materials ECFMG provided to the Medical Education Credentials Committee in connection with Plaintiff's irregular behavior hearing, (2) the materials ECFMG provided to the Medical Education Credentials Committee in connection with its review of USAT, (3) other documents relating to Plaintiff's irregular behavior hearing, and (4) certain documents pertaining to USAT's sponsor note in the World Directory of Medical Schools. ECFMG also refers to all of the exhibits used or cited in opposition to Plaintiff's Motion for a Preliminary and/or Permanent Injunction and to any YouTube videos posted by USAT and/or in which Plaintiff appears.

7

**Interrogatory No. 4:** STATEMENTS: Have you or any person acting on your behalf obtained from any person any statement (as defined by the Rules of Civil Procedure) or had any conversation with anyone concerning this action or its subject matter? If so, identify:

     (a)     each such person;

     (b)     when, where, by whom, and to whom each statement was made and whether it was reduced to writing or recorded;

     (c)     any person who has custody of any such statements which was reduced to writing or recorded;

     (d)     attach a copy of the statement.

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above. ECFMG objects to this Interrogatory as overly broad, unduly burdensome, and/or not proportional to the needs of the case because it seeks the identity of "any" statement or conversation with unspecified parties "concerning this action or its subject matter," without regard for whether such materials are in any way related to the sole remaining due process claim in the Action. ECFMG further objects to this Interrogatory in that Plaintiff does not identify with any specificity the information he seeks. As worded, the Interrogatory is so vague and ambiguous that ECFMG cannot reasonably formulate a response. ECFMG further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: ECFMG has already produced (1) the materials ECFMG provided to the Medical Education Credentials Committee in connection with Plaintiff's irregular behavior hearing, (2) the materials ECFMG provided to the Medical Education Credentials Committee in connection with its review of USAT, (3) other documents relating to Plaintiff's irregular behavior hearing, and (4) certain documents pertaining to USAT's sponsor note in the World Directory of Medical Schools.

PA 0624

ECFMG also refers to all of the exhibits used or cited in opposition to Plaintiff's Motion for a Preliminary and/or Permanent Injunction and to any YouTube videos posted by USAT and/or in which Plaintiff appears. .

**Interrogatory No. 5:** <u>EXPERTS</u>: State the name, address and field of expertise of each expert whose testimony you intend to present at the trial of this case. State the subject matter about which the expert is expected to testify, the facts and opinions to which he or she is expected to testify, and a summary of the grounds for each opinion. Identify the expert's publications and previous cases in which the expert has appeared. Attach a copy of any report by the expert and a curriculum vitae.

**<u>Response</u>:**

  ECFMG reasserts and incorporates the General Objections as set forth above.  ECFMG further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.

  Subject to and without waiver of the foregoing objections, ECFMG responds as follows: Plaintiff has not disclosed any expert witnesses, and Plaintiff's counsel represented at the Rule 16 conference that they did not anticipate presenting any expert witnesses.  ECFMG reserves the right to revisit its expert disclosures if something changes.

**Interrogatory No. 6:** <u>INSURANCE</u>: State the policy numbers, insurance company, and amount of coverage of any insurance policy naming a defendant as an insured, or in which a defendant has an insurable interest, or the existence of any insurance policy, which could apply to the claims of the plaintiff, including umbrella, excess, automobile, commercial and homeowner's policies. Attach a "Face Sheet" or equivalent documentation indicating the policy limits of each such insurance coverage. Indicate whether there has been a disclaimer or a reservation of rights by an insurance carrier of defendant.

**<u>Response</u>:**

  ECFMG reasserts and incorporates the General Objections as set forth above.  ECFMG objects to this Interrogatory as vague and ambiguous with respect to the undefined term "Face Sheet."  ECFMG further objects to this Interrogatory to the extent that it seeks information

PA 0625

protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: ECFMG is investigating whether any insurance agreements exist under which an insurance business may be liable to satisfy all or part of a possible judgment in the Action or to indemnify or reimburse for payments made to satisfy a possible judgment in the Action. Given the ongoing and continuing nature of this investigation, ECFMG specifically reserves its right to supplement its response to this Interrogatory to reflect additional facts and documents.

**Interrogatory No. 7:** TRIAL WITNESSES: Identify each witness by name and address that defendant intends to call or subpoena at the trial or arbitration of this case.

**Response**:

ECFMG reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions above. ECFMG further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges. ECFMG further objects to this Interrogatory as it is premature.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: ECFMG will identify persons who it may call as fact witnesses at trial pursuant to the applicable deadlines scheduled by the Court for such disclosure at the appropriate time.

**Interrogatory No. 8:** TRIAL EVIDENCE: Identify each document, item or exhibit, which defendant intends to use, refer to, mark or introduce into evidence at deposition, trial or arbitration of this case. Attach copies of any documents, photographs or other items which will be used, referred to, or introduced.

**Response**:

ECFMG reasserts and incorporates each of the General Objections above. ECFMG further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client

PA 0626

privilege, the attorney work-product doctrine, or other applicable privileges. ECFMG further objects to this Interrogatory as it is premature.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: ECFMG will identify its trial evidence pursuant to the applicable deadlines scheduled by the Court for such disclosure at the appropriate time.

**Interrogatory No. 9:** SOURCES: Identify all persons, documents, and sources of information that were used or consulted in answering this document, other than defendant's counsel.

**Response:**

ECFMG reasserts and incorporates the General Objections as set forth above. ECFMG further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: ECFMG used the following sources of information to respond to the Interrogatories:

- Documents already produced by ECFMG, including (1) the materials ECFMG provided to the Medical Education Credentials Committee in connection with Plaintiff's irregular behavior hearing, (2) the materials ECFMG provided to the Medical Education Credentials Committee in connection with its review of USAT, (3) other documents relating to Plaintiff's irregular behavior hearing, and (4) certain documents pertaining to USAT's sponsor note in the World Directory of Medical Schools.

- Exhibits used or cited in connection with Plaintiff's Motion for a Preliminary and/or Permanent Injunction, including YouTube videos posted by USAT and/or in which Plaintiff appears.

- Documents filed in the action.

**Interrogatory No. 10:** DEFENSES: State the factual basis of any defense which defendant has asserted in a pleading, or which defendant intends to assert at trial.

11

PA 0627

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above. ECFMG further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges. ECFMG further objects to this Interrogatory to the extent it purports to compel ECFMG to draw legal conclusions in order to respond.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: The factual basis of ECFMG's defenses may be determined by examining the Background section of ECFMG's Opposition to Plaintiff's Motion for a Preliminary and/or Permanent Injunction, the transcript of the January 24, 2019 injunction hearing before Judge Beetlestone, and the materials that ECFMG has already produced. *See* Dkt. No. 12, Section II.

**Interrogatory No. 11:** CONTRIBUTORY NEGLIGENCE: If defendant alleges contributory negligence by the plaintiff, then state the factual basis for this contention.

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above. ECFMG further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges. ECFMG further objects to this Interrogatory to the extent it purports to compel ECFMG to draw legal conclusions in order to respond.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: ECFMG has not alleged contributory negligence by the Plaintiff and thus will not provide the factual basis for this inapplicable defense.

**Interrogatory No. 12:** DEFENDANT'S VERSION: State briefly defendant's version of the incident described in plaintiff's Complaint, it materially differs from what plaintiff has alleged.

12

PA 0628

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above. ECFMG objects to this Interrogatory as overly broad, unduly burdensome, and/or not proportional to the needs of the case because it seeks Defendant's version of the incident described in Plaintiff's Complaint, without regard for whether such materials are in any way related to the sole remaining due process claim in the Action. ECFMG further objects to this Interrogatory in that Plaintiff does not identify with any specificity the information he seeks. As worded, the Interrogatory is so vague and ambiguous that ECFMG cannot reasonably formulate a response. ECFMG further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: The answer to this Interrogatory may be determined by examining the Background section of ECFMG's Opposition to Plaintiff's Motion for a Preliminary and/or Permanent Injunction, the transcript of the January 24, 2019 injunction hearing before Judge Beetlestone, and the materials that ECFMG has already produced. *See* Dkt. No. 12, Section II.

**Interrogatory No. 13:** DEFENDANT'S FILE: Identify any document, writing or evidence, that is not privileged, which has been obtained by defendant in connection with this lawsuit and has not been previously supplied to plaintiff or by plaintiff, including any document which mentions or refers to the parties, witnesses or the subject matter of this lawsuit, or a defense asserted thereto.

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above. ECFMG objects to this Interrogatory as overly broad, unduly burdensome, and/or not proportional to the needs of the case because it seeks the identity of "any document, writing or evidence" "which has been obtained by defendant in connection with this lawsuit," without regard for whether such materials are in any way related to the sole remaining due process claim in the Action. ECFMG

13

further objects to this Interrogatory in that Plaintiff does not identify with any specificity the information he seeks. As worded, the Interrogatory is so vague and ambiguous that ECFMG cannot reasonably formulate a response. ECFMG further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: To the extent that this Interrogatory calls for properly discoverable information, such information would be subsumed within Plaintiff's other, more specific discovery requests.

**Interrogatory No. 14:** LIABILITY BY ANOTHER: If defendant maintains that someone or some entity, who is not a party to this lawsuit, may be liable to plaintiff, then fully identify that person or entity, and state the factual basis for the alleged liability.

**Response:**

ECFMG reasserts and incorporates the General Objections as set forth above. ECFMG further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges. ECFMG further objects to this Interrogatory to the extent it purports to compel ECFMG to draw legal conclusions in order to respond.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: Plaintiff is responsible for the consequences of his own actions, including providing false information to ECFMG.

**Interrogatory No. 15:** DESIGNATION OF DEFENDANT: If it is maintained that defendant has been improperly named or designated in this lawsuit, state the correct name of defendant and indicate whether defendant will stipulate to amend the Complaint to reflect the correct name. Has defendant's insurance carrier indicated that insurance coverage is not applicable based on an improper designation of defendant in this lawsuit?

14

PA 0630

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above. ECFMG further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: ECFMG previously moved for the dismissal of Dr. William W. Pinsky as a defendant in this Action. The Court granted ECFMG's motion in part and dismissed the sole claim against Dr. Pinsky on March 26, 2019. Dkt. No. 29. Moreover, ECFMG is not properly a defendant in this lawsuit, and all claims against ECFMG fail as a matter of law.

**Interrogatory No. 16:** PRIVILEGED MATERIAL: Identify any terms or material relevant to this lawsuit which defendant has not supplied, because defendant believes that such material is privileged, confidential or not subject to discovery, except material generated by counsel, and the legal basis for withholding the material.

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above. ECFMG objects to this Interrogatory as overly broad, unduly burdensome, and/or not proportional to the needs of the case because it seeks the identity of "any" material relevant to this lawsuit, without regard for whether such materials are in any way related to the sole remaining due process claim in the Action. ECFMG further objects to this Interrogatory in that Plaintiff does not identify with any specificity the information he seeks. As worded, the Interrogatory is so vague and ambiguous that ECFMG cannot reasonably formulate a response. ECFMG further objects to this Interrogatory to the extent it seeks to impose obligations that are inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Pennsylvania, and/or the Court's rules and procedures. ECFMG further objects to this Interrogatory to the extent

15

PA 0631

that it seeks information protected by the attorney-client privilege, the attorney work-product

doctrine, or other applicable privileges.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows:

ECFMG is open to meeting and conferring with Plaintiff regarding a mutual exchange of privilege

logs, if any.

## SPECIFIC RESPONSES AND OBJECTIONS TO
## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      TRIAL, DEPOSITION OR ARBITRATION EVIDENCE. All documents, exhibits, items
or evidence of any type which defendant intends to use, refer to, mark or introduce at deposition,
arbitration, or trial of this case. Please list any evidentiary material which defendant has or is
supplying to plaintiffs. **Plaintiffs will object to any evidence, which defense counsel has not
sent directly to plaintiffs' counsel in discovery in a timely manner, including documents
obtained from third parties by subpoena or request to produce. This request for production
is a continuing request, which requires defendant through defense counsel, to supplement
their answers and produce directly to plaintiffs' counsel in a timely manner, any evidence
received after defendant's response herein.**

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above.  ECFMG

objects to this Request to the extent it seeks information that is in the possession, custody, or

control of Plaintiff.  ECFMG further objects to this Request to the extent that it seeks information

or documents that are protected from disclosure by the attorney-client privilege and/or the work-

product doctrine.  ECFMG further objections to this Request to the extent it seeks to impose

obligations that are inconsistent with or greater than those imposed by the Federal Rules of Civil

Procedure, the Local Rules of the Eastern District of Pennsylvania, and/or the Court's rules and

procedures.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows:

ECFMG has already produced (1) the materials ECFMG provided to the Medical Education

Credentials Committee in connection with Plaintiff's irregular behavior hearing, (2) the materials

ECFMG provided to the Medical Education Credentials Committee in connection with its review of USAT, (3) other documents relating to Plaintiff's irregular behavior hearing, and (4) certain documents pertaining to USAT's sponsor note in the World Directory of Medical Schools. ECFMG specifically reserves the right to use any materials that are in the public domain or that are in the possession, custody, or control of Plaintiff, have been used at any hearing or in connection with any briefing in this Action, or that have otherwise been produced in connection with the Action.  ECFMG will provide its trial exhibit list pursuant to the applicable deadlines scheduled by the Court for such disclosure at the appropriate time.

2.     PHOTOGRAPHS: All photographs and diagrams of any person, place or thing which is directly or indirectly related to the incident set forth in the plaintiff's Complaint, or in defendant's response.

**Response**:

    ECFMG reasserts and incorporates the General Objections as set forth above.  ECFMG objects to this Request as overly broad, unduly burdensome, and/or not proportional to the needs of the case because it seeks the production of "all" photographs and diagrams "directly or indirectly related to the incident set forth in the plaintiff's Complaint," without regard for whether such materials are in any way related to the sole remaining due process claim in the Action.  ECFMG further objects to this Request in that Plaintiff does not identify with any specificity the materials he seeks.  As worded, the Request is so vague and ambiguous that ECFMG cannot reasonably formulate a response.  ECFMG further objects to this Request to the extent it seeks information that is in the possession, custody, or control of Plaintiff.  ECFMG further objects to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

PA 0633

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: To the extent that this Request calls for properly discoverable documents, such documents would be subsumed within Plaintiff's other, more specific discovery requests.

3.    STATEMENTS: All written statements (signed or unsigned), descriptions of statements, records and written accounts of investigations relating to this lawsuit.

**Response:**

ECFMG reasserts and incorporates the General Objections as set forth above.  ECFMG objects to this Request as overly broad, unduly burdensome, and/or not proportional to the needs of the case because it seeks the production of "all" written statements, descriptions of statements, records, and written accounts "relating to this lawsuit," without regard for whether such materials are in any way related to the sole remaining due process claim in the Action.  ECFMG further objects to this Request in that Plaintiff does not identify with any specificity the materials he seeks. As worded, the Request is so vague and ambiguous that ECFMG cannot reasonably formulate a response.  ECFMG further objects to this Request to the extent it seeks information that is in the possession, custody, or control of Plaintiff.  ECFMG further objects to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: ECFMG has already produced (1) the materials ECFMG provided to the Medical Education Credentials Committee in connection with Plaintiff's irregular behavior hearing, (2) the materials ECFMG provided to the Medical Education Credentials Committee in connection with its review of USAT, (3) other documents relating to Plaintiff's irregular behavior hearing, and (4) certain documents pertaining to USAT's sponsor note in the World Directory of Medical Schools. ECFMG specifically reserves the right to use any materials that are in the public domain or that

18

are in the possession, custody, or control of Plaintiff, have been used at any hearing or in connection with any briefing in this Action, or that have otherwise been produced in connection with the Action.

4.     WITNESS DOCUMENTS: Any documents or writings, which mention or refer to the parties in this lawsuit or any witness in this lawsuit, including **all medical records obtained by the defendant**, which refer to plaintiffs or the incident involving plaintiffs, or to defendant or the incident involving defendant.

**Response:**

ECFMG reasserts and incorporates the General Objections as set forth above.  ECFMG objects to this Request as overly broad, unduly burdensome, and/or not proportional to the needs of the case because it seeks the production of any materials "which mention or refer to the parties in this lawsuit or any witness in this lawsuit," "plaintiffs or the incident involving plaintiffs, or to defendant or the incident involving defendant," without regard for whether such materials are in any way related to the sole remaining due process claim in the Action.  ECFMG further objects to this Request in that Plaintiff does not identify with any specificity the materials he seeks.  As worded, the Request is so vague and ambiguous that ECFMG cannot reasonably formulate a response.  ECFMG further objects to this Request to the extent it seeks information that is in the possession, custody, or control of Plaintiff.  ECFMG further objects to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.  ECFMG further objects to this Request to the extent that it is not tailored to the facts or circumstances of the Action.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: ECFMG has already produced (1) the materials ECFMG provided to the Medical Education Credentials Committee in connection with Plaintiff's irregular behavior hearing, (2) the materials ECFMG provided to the Medical Education Credentials Committee in connection with its review

PA 0635

of USAT, (3) other documents relating to Plaintiff's irregular behavior hearing, and (4) certain

documents pertaining to USAT's sponsor note in the World Directory of Medical Schools.

ECFMG specifically reserves the right to use any materials that are in the public domain or that

are in the possession, custody, or control of Plaintiff, have been used at any hearing or in

connection with any briefing in this Action, or that have otherwise been produced in connection

with the Action.

5.      INSURANCE: The "face-sheet" of any insurance policies, including excess or umbrella
policies, under which the defendant was an insured or had an insurable interest on or about the
time of the incident described in the Complaint by the plaintiffs, including the policy limits of all
insurance policies, and any supporting documentation if there is a reservation of rights or
disclaimer by an insurance carrier.

**Response:**

ECFMG reasserts and incorporates the General Objections as set forth above.  ECFMG

objects to this Request as vague and ambiguous with respect to the undefined term "face-sheet."

ECFMG further objects to this Request to the extent that it seeks information protected by the

attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows:

ECFMG is investigating whether any insurance agreements exist under which an insurance

business may be liable to satisfy all or part of a possible judgment in the Action or to indemnify

or reimburse for payments made to satisfy a possible judgment in the Action.  Given the ongoing

and continuing nature of this investigation, ECFMG specifically reserves its right to supplement

its response to this Request to reflect additional facts and documents.

6.      DOCUMENTS AND TANGIBLE EVIDENCE: All writings, items, memoranda, data and
tangible things which relate directly or indirectly to the incident set forth in the plaintiff's
Complaint or to the answer to a Complaint or to any defenses asserted in this lawsuit. List and
describe any items which can not be photocopied.

PA 0636

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above. ECFMG objects to this Request as overly broad, unduly burdensome, and/or not proportional to the needs of the case because it seeks the production of "all" documents and tangible evidence "which relate directly or indirectly to the incident set forth in the plaintiff's Complaint," to the answer, or to any defenses asserted in this lawsuit, without regard for whether such materials are in any way related to the sole remaining due process claim in the Action. ECFMG further objects to this Request in that Plaintiff does not identify with any specificity the materials he seeks. As worded, the Request is so vague and ambiguous that ECFMG cannot reasonably formulate a response. ECFMG further objects to this Request to the extent it seeks information that is in the possession, custody, or control of Plaintiff. ECFMG further objects to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: ECFMG has already produced (1) the materials ECFMG provided to the Medical Education Credentials Committee in connection with Plaintiff's irregular behavior hearing, (2) the materials ECFMG provided to the Medical Education Credentials Committee in connection with its review of USAT, (3) other documents relating to Plaintiff's irregular behavior hearing, and (4) certain documents pertaining to USAT's sponsor note in the World Directory of Medical Schools. ECFMG specifically reserves the right to use any materials that are in the public domain or that are in the possession, custody, or control of Plaintiff, have been used at any hearing or in connection with any briefing in this Action, or that have otherwise been produced in connection with the Action.

21

PA 0637

7.      EVIDENCE IN POSSESSION OF DEFENDANT: Produce any item, (or identify any item which can not be produced) material or tangible evidence in the possession of defendant or defendant's agents, which is not privileged, which may lead to discoverable evidence in this lawsuit, or which is relevant to a claim, defense or the subject matter of this lawsuit, including but not limited to, any photographs, statements, contracts, accident reports, letters, diagrams, manuals, memos, rules or regulations, investigation reports, agreements, models, tapes, personnel files, or computer-generated material.

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above.  ECFMG objects to this Request as overly broad, unduly burdensome, and/or not proportional to the needs of the case because it seeks the production of any evidence in possession of Defendant, without regard for whether such materials are in any way related to the sole remaining due process claim in the Action.  ECFMG objects to this Request to the extent it seeks information that is in the possession, custody, or control of Plaintiff.  ECFMG further objects to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: To the extent that this Request calls for properly discoverable documents, such documents would be subsumed within Plaintiff's other, more specific discovery requests.

8.      SUBPOENAS AND DOCUMENT REQUESTS: Copies of all subpoenas and request for production issued by defendant or its agents in relation to this case, including witness or deposition subpoenas, and subpoenas requesting records or documents.

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above.  ECFMG objects to this Request to the extent it seeks information that is in the possession, custody, or control of Plaintiff.  ECFMG further objects to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

22

PA 0638

Subject to and without waiver of the foregoing objections, ECFMG responds as follows:

ECFMG has already served Plaintiff with (1) Defendants' First Set of Interrogatories and First Set

of Requests for Production of Documents to Dr. Orien L. Tulp, (2) a Notice of Deposition of

Plaintiff Dr. Orien L. Tulp, and (3) a Subpoena to Testify at a Deposition to Carla Konyk Tulp

(which was later withdrawn).

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSIONS WITH SUPPLEMENTAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     **Admission**: Defendants have in their possession or in the possession of their employees, the complete file of Tony Brown.

1(a).     If the answer to the proceeding request for admissions is anything other than an unqualified "admitted," state all facts upon which the answer is based. Produce and attach copies of any documents, evidence or items reviewed, or relied upon, in your answer.

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above.  ECFMG

further objects to this Request on the grounds that it is vague, ambiguous, and lacking particularity

as it does not define the term "complete file" or specifically identify the individual referred to as

"Tony Brown."  ECFMG further objects to this Request as overly broad, unduly burdensome,

and/or not proportional to the needs of the case because it seeks information on an individual who

has never been mentioned in this Action before, without regard for whether such individual is

related to the sole remaining due process claim in the Action.  ECFMG further objects to this

Request to the extent it purports to be more than a Request for Admission.  ECFMG further objects

to this Request to the extent that it seeks information or documents that are protected from

disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows:

Following a reasonable inquiry, ECFMG lacks sufficient information to admit or deny this Request

23

because (1) the Request is unclear insofar as the term "complete file" is undefined and capable of multiple, inconsistent meanings, (2) the Request does not identify "Tony Brown" with specificity, and (3) the Request appears to be irrelevant to the sole remaining due process claim in the Action.

2.     **Admission**: List all schools that the ECFMG have brought charges against, from 1903 to the present time and the allegations against them

2(a).    If the answer to the proceeding request for admissions is anything other than an unqualified "admitted," state all facts upon which the answer is based. Produce and attach copies of any documents, evidence or items reviewed, or relied upon, in your answer.

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above.  ECFMG further objects to this Request as overly broad, unduly burdensome, and/or not proportional to the needs of the case because it seeks information extending over more than a one-hundred-year time period, without regard for whether such information is related to the sole remaining due process claim in the Action. ECFMG further objects to this Request as stated because it is an interrogatory, and not a proper request for admission, and therefore the Request is nonsensical.  ECFMG further objects to this Request to the extent it purports to be more than a Request for Admission.  ECFMG further objects to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: ECFMG applies the "irregular behavior" standard to individuals, not institutions.  This is evident from the definition of "Irregular behavior" in ECFMG's Policies and Procedures Regarding Irregular Behavior. *See* Dkt. No. 12-3 at 27.

PA 0640

3.    **Admission**: Kara Corrado is not an attorney.

3(a).    If the answer to the proceeding request for admissions is anything other than an unqualified "admitted," state all facts upon which the answer is based. Produce and attach copies of any documents, evidence or items reviewed, or relied upon, in your answer.

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above. ECFMG objects to this Request to the extent it seeks information that is in the possession, custody, or control of Plaintiff. ECFMG further objects to this Request to the extent it purports to be more than a Request for Admission. ECFMG further objects to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: Admitted. Kara Corrado has a Juris Doctor degree and is not a practicing attorney. *See* Jan. 24, 2019 Hr'g Tr. 36:12-15.

4.    **Admission**: The term "campus" is not defined by the ECFMG.

4(a).    If the answer to the proceeding request for admissions is anything other than an unqualified "admitted," state all facts upon which the answer is based. Produce and attach copies of any documents, evidence or items reviewed, or relied upon, in your answer.

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above. ECFMG further objects to this Request as overly broad, unduly burdensome, and/or not proportional to the needs of the case because it seeks information, without regard for whether such information is related to the sole remaining due process claim in the Action. ECFMG further objects to this Request to the extent it purports to be more than a Request for Admission. ECFMG further objects to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

25

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: Denied. ECFMG uses the word campus in its common parlance. ECFMG directs Plaintiff to the Merriam-Webster Dictionary for the definition of campus: "(1) the grounds and buildings of a university, college, or school"; "(2) a university, college, or school viewed as an academic, social, or spiritual entity"; "(3) grounds that resemble a campus." This is the same common meaning with which Dr. Tulp has used the word "campus" prior to this litigation. *See* Dkt. No. 12 at 8 nn.4-5; Dkt. No. 12-6; Jan. 24, 2019 Hr'g Tr. 79:21-24, 87:1-8.

5.    **Admission**: "Irregular behavior" is a term that is used for actions that are not in accordance with the policies of the ECFMG.

5(a).    If the answer to the proceeding request for admissions is anything other than an unqualified "admitted," state all facts upon which the answer is based. Produce and attach copies of any documents, evidence or items reviewed, or relied upon, in your answer.

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above. ECFMG further objects to this Request as overly broad, unduly burdensome, and/or not proportional to the needs of the case because it seeks information, without regard for whether such information is related to the sole remaining due process claim in the Action. ECFMG further objects to this Request to the extent it purports to be more than a Request for Admission. ECFMG further objects to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiver of these objections, ECFMG responds as follows: ECFMG admits in part this Request, as actions that are not in accordance with the policies of ECFMG can constitute "Irregular behavior," although this is not a complete definition. By way of further response, ECFMG directs Plaintiff to the definition of "Irregular behavior" in its Policies and Procedures Regarding Irregular Behavior, which ECFMG has previously provided to Plaintiff:

PA 0642

"*Irregular behavior* includes all actions or attempted actions on the part of applicants, examinees, potential applicants, others when solicited by an applicant and/or examinee, or any other person that would or could subvert the examination, certification or other processes, programs or services of ECFMG, including, but not limited to, the ECFMG Exchange Visitor Sponsorship Program, ECFMG International Credentials Services (EICS), the Electronic Portfolio of International Credentials (EPIC), and Electronic Residency Application Service (ERAS) Support Services at ECFMG. Such actions or attempted actions are considered irregular behavior, regardless of when the irregular behavior occurs, and regardless of whether the individual is certified by ECFMG. Examples of irregular behavior include, but are not limited to, submission of any falsified or altered document to ECFMG, whether submitted by the individual or by a third party, such as a medical school, on behalf of the individual; failing to comply with United States Medical Licensing Examination or ECFMG policies, procedures, and/or rules; falsification of information on applications, submissions, or other materials to ECFMG; taking an examination when not eligible to do so, or submission of any falsified or altered ECFMG document to other entities or individuals."

*See* Dkt. No. 12-3 at 27.

6.    **Admission**: "Irregular behavior" is directed to individuals who are involved in the process of application for ECFMG certification.

6(a).    If the answer to the proceeding request for admissions is anything other than an unqualified "admitted," state all facts upon which the answer is based. Produce and attach copies of any documents, evidence or items reviewed, or relied upon, in your answer.

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above. ECFMG further objects to this Request as overly broad, unduly burdensome, and/or not proportional to the needs of the case because it seeks information, without regard for whether such information is related to the sole remaining due process claim in the Action. ECFMG further objects to this Request to the extent it purports to be more than a Request for Admission. ECFMG further objects to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiver of these objections, ECFMG responds as follows: ECFMG admits in part this Request, as "Irregular behavior" can be "directed to individuals who are

27

PA 0643

involved in the process of application for ECFMG certification," although this is not a complete

list of those who ECFMG may find to have engaged in irregular behavior.  By way of further

response, ECFMG directs Plaintiff to the definition of "Irregular behavior" in its Policies and

Procedures Regarding Irregular Behavior, which ECFMG has previously provided to Plaintiff:

> "*Irregular behavior* includes all actions or attempted actions on the part of
> applicants, examinees, potential applicants, others when solicited by an applicant
> and/or examinee, or **any other person** that would or could subvert the examination,
> certification or other processes, programs or services of ECFMG, . . ."

*See* Dkt. No. 12-3 at 27 (emphasis added).

7.      **Admission**: If a foreign medical student or graduate does not obtain certification by
ECFMG, it would be difficult for that person to practice medicine in the United States.

7(a).    If the answer to the proceeding request for admissions is anything other than an unqualified
"admitted," state all facts upon which the answer is based. Produce and attach copies of any
documents, evidence or items reviewed, or relied upon, in your answer.

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above.  ECFMG

further objects to this Request as overly broad, unduly burdensome, and/or not proportional to the

needs of the case because it seeks information, without regard for whether such information is

related to the sole remaining due process claim in the Action.  ECFMG further objects to this

Request because it requires knowledge and information outside of ECFMG's present possession,

custody, or control.  ECFMG further objects to this Request as vague and ambiguous to the extent

it uses the undefined term "difficult," which may have multiple conflicting meanings.  ECFMG

further objects to this Request as vague and ambiguous to the extent it asks ECFMG to opine on

the difficulty a hypothetical foreign medical student or graduate with unstated credentials or

abilities may have in practicing medicine in the United States.  ECFMG further objects to this

Request to the extent it purports to be more than a Request for Admission.  ECFMG further objects

PA 0644

to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: ECFMG is not able to admit or deny the Request as phrased because it seeks an admission regarding the difficulties that may be faced by a hypothetical foreign medical student or graduate with unstated credentials or abilities. By way of further response, ECFMG does not control the various third parties (*e.g.*, ACGME, state medical licensing boards) who exercise their discretion in choosing what weight (if any) to afford ECFMG certification.

8.     **Admission**: The effort of the committee who heard the allegations against Dr. Tulp was not a committee where things were submitted as evidence, but basically a proceeding where Dr. Tulp has an opportunity to make a statement on his behalf.

8(a).     If the answer to the proceeding request for admissions is anything other than an unqualified "admitted," state all facts upon which the answer is based. Produce and attach copies of any documents, evidence or items reviewed, or relied upon, in your answer.

**Response**:

ECFMG reasserts and incorporates the General Objections as set forth above. ECFMG further objects to this Request to the extent it is vague, compound, ambiguous, and lacking particularity because of the undefined terms "the effort of the committee," and "submitted as evidence." ECFMG further objects to this Request to the extent it purports to be more than a Request for Admission. ECFMG further objects to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: ECFMG denies the Request as stated. ECFMG directs Plaintiff to ECFMG's Policies and Procedures Regarding Irregular Behavior, which provides that an individual charged with alleged irregular behavior is given "an opportunity to provide written explanation and to present other

29

relevant information" to the Medical Education Credentials Committee and "may also request the opportunity to appear personally" before the Committee, "and may be represented by legal counsel." ECFMG also directs Plaintiff to the transcript of the hearing on Plaintiff's Motion for a Preliminary and/or Permanent Injunction, during which Kara Corrado testified that although there is not a process during which documents are introduced as evidence at the hearing, the Committee considers evidence that is provided to it and the individual before the hearing. Jan. 24, 2019 Hr'g Tr. 23:8–17, 26: 24–27:10, 28:18–29:3.

9.     **Admission**: In 2018, ECFMG determined that Dr. Tulp engaged in "irregular behavior" in connection with providing false information to the ECFMG.

9(a).   If the answer to the proceeding request for admissions is anything other than an unqualified "admitted," state all facts upon which the answer is based. Produce and attach copies of any documents, evidence or items reviewed, or relied upon, in your answer.

**Response**:

        ECFMG reasserts and incorporates the General Objections as set forth above.  ECFMG objects to this Request to the extent it seeks information that is in the possession, custody, or control of Plaintiff.  ECFMG further objects to this Request to the extent it purports to be more than a Request for Admission.  ECFMG further objects to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

        Subject to and without waiver of the foregoing objections, ECFMG responds as follows:

Admitted.

10.    **Admission**: The WDMS, the World Directory of Medical Schools, is a Directory that ECFMG co-sponsors and has an office in the same building as ECFMG.

10(a).  If the answer to the proceeding request for admissions is anything other than an unqualified "admitted," state all facts upon which the answer is based. Produce and attach copies of any documents, evidence or items reviewed, or relied upon, in your answer.

**Response**:

PA 0646

ECFMG reasserts and incorporates the General Objections as set forth above. ECFMG further objects to this Request to the extent it is vague, compound, ambiguous, and lacking particularity because of the undefined term "co-sponsors," and ECFMG objects to Plaintiff's characterization of the term "co-sponsors." For purposes of responding to this Request, ECFMG interprets the term "co-sponsor" to mean "sponsor" as that term is used in the ECFMG Information Booklet. *See* Dkt. No. 12-4 at 5. ECFMG further objects to this Request to the extent it purports to be more than a Request for Admission. ECFMG further objects to this Request because it requires knowledge and information outside of ECFMG's present possession, custody, or control.

Subject to and without waiver of the foregoing objections, ECFMG responds as follows: ECFMG admits that it is one of several organizations that "sponsor" the WDOMS. ECFMG denies that the WDOMS has an office in the same building as ECFMG.

DATED: April 24, 2019

*/s/ Elisa P. McEnroe*
Elisa P. McEnroe, PA Bar No. 206143
Matthew D. Klayman, PA Bar No. 319105
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:      +1.215.963.5917
Facsimile:      +1.215.963.5001
elisa.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

*Attorney for the Educational Commission for Foreign Medical Graduates*

31

PA 0647

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2019, a copy of the foregoing was served via electronic and/or regular mail on all counsel of record.

*/s/ Elisa P. McEnroe*
Elisa P. McEnroe

PA 0648

LAW OFFICES OF WILLIAM C. REIL
BY: William C. Reil, Esquire
Identification No. 26833
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635     ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| DR. ORIEN L. TULP | : UNITED STATES DISTRICT |
| President of the | : COURT FOR THE EASTERN |
| University of Science, Arts, and Technology | : DISTRICT OF PENNSYLVANIA |
| 4288 Youngfield Street | : |
| Wheat Ridge, CO 80033 | : CIVIL ACTION NO. |
| vs. | : |
| EDUCATIONAL COMMISSION FOR | : |
| FOREIGN MEDICAL GRADUATES | : |
| 3624 Market Street | : |
| Philadelphia, PA 19104 | : |
| and | : |
| DR. WILLIAM W. PINSKY, PRESIDENT | : |
| AND CEO | : |
| Educational Commission for | : |
| Foreign Medical Graduates | : |
| 3624 Market Street | : |
| Philadelphia, PA 19104 | : JURY TRIAL DEMANDED |

## PLAINTIFFS' REQUEST FOR ADMISSIONS WITH SUPPLEMENTAL INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO ALL DEFENDANTS

  Plaintiffs, by their undersigned attorney, hereby serves upon all defendants, this Request for Admissions with Interrogatories and Request for Production of Documents, pursuant to the Pennsylvania of Civil Procedure. Each matter set forth herein in the Request for Admissions shall be deemed admitted, unless you serve an answer or objection upon counsel within thirty (30) days of service hereof, or within forty-five (45) days from the date of service of original process.

  1.  **Admission:** Defendants have in their possession or in the possession of their employees, the complete file of Tony Brown.

  1(a). If the answer to the proceeding request for admissions is anything other than an unqualified "admitted," state all facts upon which the answer is based. Produce and attach copies of any documents, evidence or items reviewed, or relied upon, in your answer.

2.   **Admission:** List all schools that the ECFMG have brought charges against, from 1903 to the present time and the allegations against them

2(a).   If the answer to the proceeding request for admissions is anything other than an unqualified "admitted," state all facts upon which the answer is based. Produce and attach copies of any documents, evidence or items reviewed, or relied upon, in your answer.

3.   **Admission:** Kara Corrado is not an attorney.

3(a).   If the answer to the proceeding request for admissions is anything other than an unqualified "admitted," state all facts upon which the answer is based. Produce and attach copies of any documents, evidence or items reviewed, or relied upon, in your answer.

4.   **Admission:** The term "campus" is not defined by the ECFMG.

4(a).   If the answer to the proceeding request for admissions is anything other than an unqualified "admitted," state all facts upon which the answer is based. Produce and attach copies of any documents, evidence or items reviewed, or relied upon, in your answer.

5.   **Admission:** "Irregular behavior" is a term that is used for actions that are not in accordance with the policies of the ECFMG.

5(a).   If the answer to the proceeding request for admissions is anything other than an unqualified "admitted," state all facts upon which the answer is based. Produce and attach copies of any documents, evidence or items reviewed, or relied upon, in your answer.

6.   **Admission:** "Irregular behavior" is directed to individuals who are involved in the process of application for ECFMG certification.

6(a).   If the answer to the proceeding request for admissions is anything other than an unqualified "admitted," state all facts upon which the answer is based. Produce and attach copies of any documents, evidence or items reviewed, or relied upon, in your answer.

7.   **Admission:** If a foreign medical student or graduate does not obtain certification by ECFMG, it would be difficult for that person to practice medicine in the United States.

7(a).   If the answer to the proceeding request for admissions is anything other than an unqualified "admitted," state all facts upon which the answer is based. Produce and attach copies of any documents, evidence or items reviewed, or relied upon, in your answer.

8. **Admission:** The effort of the committee who heard the allegations against Dr. Tulp was not a committee where things were submitted as evidence, but basically a proceeding where Dr. Tulp has an opportunity to make a statement on his behalf.

8(a). If the answer to the proceeding request for admissions is anything other than an unqualified "admitted," state all facts upon which the answer is based. Produce and attach copies of any documents, evidence or items reviewed, or relied upon, in your answer.

9. **Admission:** In 2018, ECFMG determined that Dr. Tulp engaged in "irregular behavior" in connection with providing false information to the ECFMG.

9(a). If the answer to the proceeding request for admissions is anything other than an unqualified "admitted," state all facts upon which the answer is based. Produce and attach copies of any documents, evidence or items reviewed, or relied upon, in your answer.

10. **Admission:** The WDMS, the World Directory of Medical Schools, is a Directory that ECFMG co-sponsors and has an office in the same building as ECFMG.

10(a). If the answer to the proceeding request for admissions is anything other than an unqualified "admitted," state all facts upon which the answer is based. Produce and attach copies of any documents, evidence or items reviewed, or relied upon, in your answer.

Respectfully submitted,

*William C. Reil*

_____
William C. Reil
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached document (s) was served upon all

other parties or their counsel of record by:

| | |
|---|---|
| _____ | Regular First Class Mail |
| \_\_\_\_\_X_____ | Electronic Mail |
| _____ | Certified Mail |
| _____ | Hand-Delivered |
| _____ | Electronic Filing |
| _____ | Federal Express |

*William C. Reil*

William C. Reil, Esquire
Attorney for Plaintiff
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635
ID: 26833
03/22/19

PA 0652

LAW OFFICES OF WILLIAM C. REIL
BY: William C. Reil, Esquire
Identification No. 26833
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635                                    ATTORNEY FOR PLAINTIFF

| Dr. Orien L. Tulp | : | UNITED STATES DISTRICT |
| President of the | : | COURT FOR THE EASTERN |
| University of Science, Arts, | : | DISTRICT OF PENNSYLVANIA |
| and Technology | : | |
| 4288 Youngfield Street | : | |
| Wheat Ridge, CO 80033 | : | CIVIL ACTION NO. |
| vs. | : | |
| Educational Commission for | : | |
| Foreign Medical Graduates | : | |
| 3624 Market Street | : | |
| Philadelphia, PA 19104 | : | |
| and | : | |
| Dr. William W. Pinsky | : | |
| President and CEO | : | |
| Educational Commission for | : | |
| Foreign Medical Graduates | : | |
| 3624 Market Street | : | |
| Philadelphia, PA 19104 | : | JURY TRIAL DEMANDED |

## PLAINTIFFS' INTERROGATORIES ADDRESSED TO ALL DEFENDANTS

Plaintiffs, by the undersigned attorney, hereby serve upon all defendants these

Interrogatories, pursuant to the Federal Rules of Civil Procedure. You are hereby

notified to Answer the following Interrogatories within thirty (30) days from the date

hereof. These Interrogatories are continuing. You are, therefore, also notified to

supplement or amend your answers promptly upon discovery of information that any

answers are inaccurate or incomplete. The term "Defendant," for the purposes of these

Interrogatories, includes the agents, servants and employees of all defendants in this

lawsuit.

PA 0653

## PLAINTIFFS' INTERROGATORIES ADDRESSED TO ALL DEFENDANTS

1. WITNESSES:   State the name and address of any person whom defendant believes may have any knowledge concerning the allegations made in the Complaint of the plaintiff or the defenses made by defendant.

2. EVIDENCE:   Identify any document, report, writing, statement, item, physical or tangible evidence which is in the possession of defendant or known to defendant, which may be relevant to the allegations made in the Complaint of plaintiff or the defenses made by defendant.

3. PHOTOGRAPHS AND DIAGRAMS:   Identify any photographs, videotapes, audiotapes, slides, movies, charts or diagrams, which are in the possession of defendants or which are known to defendants.

4.   STATEMENTS:   Have you or any person acting on your behalf obtained from any person any statement (as defined by the Rules of Civil Procedure) or had any conversation with anyone concerning this action or its subject matter? If so, identify:

   (a) each such person;

   (b) when, where, by whom, and to whom each statement was made and whether it was reduced to writing or recorded;

   (c) any person who has custody of any such statements which was reduced to writing or recorded;

   (d) attach a copy of the statement.

5.   EXPERTS:   State the name, address and field of expertise of each expert whose testimony you intend to present at the trial of this case. State the subject matter about which the expert is expected to testify, the facts and opinions to which he or she is expected to testify, and a summary of the grounds for each opinion. Identify the expert's publications and previous cases in which the expert has appeared. Attach a copy of any report by the expert and a curriculum vitae.

6. <u>INSURANCE</u>:   State the policy numbers, insurance company, and amount of coverage of any insurance policy naming a defendant as an insured, or in which a defendant has an insurable interest, or the existence of any insurance policy, which could apply to the claims of the plaintiff, including umbrella, excess, automobile, commercial and homeowner's policies. Attach a "Face Sheet" or equivalent documentation indicating the policy limits of each such insurance coverage. Indicate whether there has been a disclaimer or a reservation of rights by an insurance carrier of defendant.

7. <u>TRIAL WITNESSES</u>:   Identify each witness by name and address that defendant intends to call or subpoena at the trial or arbitration of this case.

8. <u>TRIAL EVIDENCE</u>:   Identify each document, item or exhibit, which defendant intends to use, refer to, mark or introduce into evidence at deposition, trial or arbitration of this case. Attach copies of any documents, photographs or other items which will be used, referred to, or introduced.

9.   SOURCES:   Identify all persons, documents, and sources of information that were used or consulted in answering this document, other than defendant's counsel.

10.   DEFENSES:   State the factual basis of any defense which defendant has asserted in a pleading, or which defendant intends to assert at trial.

11.   CONTRIBUTORY NEGLIGENCE:   If defendant alleges contributory negligence by the plaintiff, then state the factual basis for this contention.

12.   DEFENDANT'S VERSION:   State briefly defendant's version of the incident described in plaintiff's Complaint, it it materially differs from what plaintiff has alleged.

13. <u>DEFENDANT'S FILE</u>:   Identify any document, writing or evidence, that is not privileged, which has been obtained by defendant in connection with this lawsuit and has not been previously supplied to plaintiff or by plaintiff, including any document which mentions or refers to the parties, witnesses or the subject matter of this lawsuit, or a defense asserted thereto.

14. <u>LIABILITY BY ANOTHER</u>:   If defendant maintains that someone or some entity, who is not a party to this lawsuit, may be liable to plaintiff, then fully identify that person or entity, and state the factual basis for the alleged liability.

15. <u>DESIGNATION OF DEFENDANT</u>:   If it is maintained that defendant has been improperly named or designated in this lawsuit, state the correct name of defendant and indicate whether defendant will stipulate to amend the Complaint to reflect the correct name. Has defendant's insurance carrier indicated that insurance coverage is not applicable based on an improper designation of defendant in this lawsuit?

16. <u>PRIVILEGED MATERIAL</u>:   Identify any terms or material relevant to this lawsuit which defendant has not supplied, because defendant believes that such material is privileged, confidential or not subject to discovery, except material generated by counsel, and the legal basis for withholding the material.

Date: 03/15/19

William C. Reil
William C. Reil
Attorney for Plaintiffs

PA 0658

LAW OFFICES OF WILLIAM C. REIL
BY: William C. Reil, Esquire
Identification No. 26833
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1636                                    ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| Dr. Orien L. Tulp | : | UNITED STATES DISTRICT |
| President of the | : | COURT FOR THE EASTERN |
| University of Science, Arts, | : | DISTRICT OF PENNSYLVANIA |
| and Technology | : | |
| 4288 Youngfield Street | : | |
| Wheat Ridge, CO 80033 | : | CIVIL ACTION NO. |
| vs. | : | |
| Educational Commission for | : | |
| Foreign Medical Graduates | : | |
| 3624 Market Street | : | |
| Philadelphia, PA 19104 | : | |
| and | : | |
| Dr. William W. Pinsky | : | |
| President and CEO | : | |
| Educational Commission for | : | |
| Foreign Medical Graduates | : | |
| 3624 Market Street | : | |
| Philadelphia, PA 19104 | : | JURY TRIAL DEMANDED |

## PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS
## ADDRESSED TO ALL DEFENDANTS

Plaintiffs, by the undersigned attorney, hereby serve upon all defendants this

Request for Production of Documents, pursuant to the Federal Rules of Civil

Procedure. These documents and/or items are to be produced at the Offices of

plaintiffs' counsel at 1515 Market St., Suite 1200, Philadelphia, PA 19102, and this

request for production answered within thirty (30) days of the date of service hereof.

Such requests are continuing up to and at the time of trial. The term "Defendant," for

the purposes of these documents, includes the agents, servants and employees of all

defendants in this lawsuit.

## PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS
## ADDRESSED TO ALL DEFENDANTS

1.  TRIAL, DEPOSITION OR ARBITRATION EVIDENCE.   All documents, exhibits, items or evidence of any type which defendant intends to use, refer to, mark or introduce at deposition, arbitration, or trial of this case. Please list any evidentiary material which defendant has or is supplying to plaintiffs. **Plaintiffs will object to any evidence, which defense counsel has not sent directly to plaintiffs' counsel in discovery in a timely manner, including documents obtained from third parties by subpoena or request to produce. This request for production is a continuing request, which requires defendant through defense counsel, to supplement their answers and produce directly to plaintiffs' counsel in a timely manner, any evidence received after defendant's response herein.**

2.  PHOTOGRAPHS:   All photographs and diagrams of any person, place or thing which is directly or indirectly related to the incident set forth in the plaintiff's Complaint, or in defendant's response.

3.  STATEMENTS:   All written statements (signed or unsigned), descriptions of statements, records and written accounts of investigations relating to this lawsuit.

4.  WITNESS DOCUMENTS:   Any documents or writings, which mention or refer to the parties in this lawsuit or any witness in this lawsuit, including **all medical records obtained by the defendant,** which refer to plaintiffs or the incident involving plaintiffs, or to defendant or the incident involving defendant.

5.  INSURANCE:   The "face-sheet" of any insurance policies, including excess or umbrella policies, under which the defendant was an insured or had an insurable interest on or about the time of the incident described in the Complaint by the plaintiffs, including the policy limits of all insurance policies, and any supporting documentation if there is a reservation of rights or disclaimer by an insurance carrier.

6.  DOCUMENTS AND TANGIBLE EVIDENCE:   All writings, items, memoranda, data and tangible things which relate directly or indirectly to the incident set forth in the plaintiff's Complaint or to the answer to a Complaint or to any defenses asserted in this lawsuit. List and describe any items which can not be photocopied.

7.  EVIDENCE IN POSSESSION OF DEFENDANT:   Produce any item, (or identify any item which can not be produced) material or tangible evidence in the possession of defendant or defendant's agents, which is not privileged, which may lead to discoverable evidence in this lawsuit, or which is relevant to a claim, defense or the subject matter of this lawsuit, including but not limited to, any photographs, statements, contracts, accident reports, letters, diagrams, manuals, memos, rules or regulations, investigation reports, agreements, models, tapes, personnel files, or computer-generated material.

8.    <u>SUBPOENAS AND DOCUMENT REQUESTS</u>: Copies of all subpoenas and request for production issued by defendant or its agents in relation to this case, including witness or deposition subpoenas, and subpoenas requesting records or documents.

Date: 03/15/19

William C. Reil, Esquire
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that I will serve in accordance with P.A.R.C.P. 440 all parties not served electronically. I further certify that a true and correct copy of the attached document (s) was served upon all other parties or their counsel of record by:

| | |
|---|---|
| _____X_____ | Regular First Class Mail |
| _____ | Facsimile |
| _____ | Certified Mail |
| _____ | Hand-Delivered |
| _____X_____ | Email |
| _____ | Electronic Filing |

Date: 03/15/19

William C. Reil, Esquire
Attorney for Plaintiffs

PA 0662



# USAT
## *MONTSERRAT*

## UNIVERSITY OF SCIENCE, ARTS
### &
## TECHNOLOGY, MONTSERRAT
Main Campus
Camelot Estate, P.O. Box 506, South Mayfield Estate Drive, Olveston, Montserrrat
US Information Office
5400 Ward Road, Building 3-150, Arvada, CO 80002

Please be advised that the following chart summarizes the negative change in USAT basic science enrollments **before and after** September 14, 2018. That is the date that the first red paragraph was added to USAT's Sponsor Notes Page on the World Directory of Medical Schools list by the ECFMG.

| USAT Total Number of Students Enrolled in Basic Science Courses Prior to September 14, 2018 | USAT Total Number of Students Enrolled in Basic Science Courses from September 15, 2018 up to Dec. 15, 2018. (Fall Semester 2018) | Percentage Change |
|---|---|---|
| 419 | 372 | -11.21% |

USA (FL Cert Nr. L12000078671), Montserrat (Cert Nr. 17-2003).
Member Institution of Med Ed Central, WHO Global Alliance on Healthcare, WDOMS World Medical Schools, ASIC (UK) & IPSP (ITALY), AAHEA. USAT is IMED/FAIMER listed.
USAT is an Equal Opportunity Employer. © USAT 2019
*Excellence and Professionalism in Research and Education.*          *01/2019*



# USAT
## *MONTSERRAT*

## UNIVERSITY OF SCIENCE, ARTS & TECHNOLOGY, MONTSERRAT
Main Campus
Camelot Estate, P.O. Box 506, South Mayfield Estate Drive, Olveston, Montserrrat
US Information Office
5400 Ward Road, Building 3-150, Arvada, CO 80002

Please be advised that the following chart summarizes the negative change in USAT basic science course enrollments before and after December 31, 2018. That is the date that the ECFMG removed their sponsorship of USAT, as declared on USAT's Sponsor Notes Page on the World Directory of Medical Schools, that USAT courses would no longer be valid; disallowing USAT students from taking the USMLE Examinations after that date.

| USAT Total Number of Students Enrolled in Basic Science Courses up until December 31, 2018. | USAT Total Number of Students Enrolled in Basic Science Courses from January 1, 2019 to April 30, 2019. (Spring Semester 2019) | Percentage Change |
|---|---|---|
| 372 | 181 | -51.34% |

Please be advised that the following chart summarizes the negative change in USAT clinical enrollments **before and after** December 31, 2018. That is the date that the ECFMG removed their sponsorship of USAT, as declared on USAT's Sponsor Notes Page on the World Directory of Medical Schools, that USAT courses would no longer be valid; disallowing USAT students from taking the USMLE Examinations after that date.

| USAT Total Number of Students Enrolled in Clinical Science Courses up until December 31, 2018. | USAT Total Number of Students Enrolled in Clinical Science Courses from January 1, 2019 to April 30, 2019. (Spring Semester 2019) | Percentage Change |
|---|---|---|
| TBD | | |

This is Lifelong Learning. This is U.S.A.T.

USA (FL Cert Nr. L12000078671), Montserrat (Cert Nr. 17-2003).
Member Institution of Med Ed Central, WHO Global Alliance on Healthcare, WDOMS World Medical Schools, ASIC (UK) & IPSP (ITALY), AAHEA. USAT is IMED/FAIMER listed.
USAT is an Equal Opportunity Employer. © USAT 2019
*Excellence and Professionalism in Research and Education.*                01/2019



# USAT
## *MONTSERRAT*

## UNIVERSITY OF SCIENCE, ARTS
## &
## TECHNOLOGY, MONTSERRAT
Main Campus
Camelot Estate, P.O. Box 506, South Mayfield Estate Drive, Olveston, Montserrrat
US Information Office
5400 Ward Road, Building 3-150, Arvada, CO 80002

Please be advised that the following chart summarizes the negative change in new
USAT applications received **from January 01, 2018 up to February 28, 2019.**

| USAT Monthly Enrollments from January 2018 to January 2019 | Number of Applications Received | Percentage Change |
|---|---|---|
| January 1- 31, 2018 | 75 | |
| February 1-28, 2018 | 47 | |
| March 1-31, 2018 | 58 | |
| April 1-30, 2018 | 62 | |
| May 1-31, 2018 | 84 | |
| June 1-30, 2018 | 67 | |
| July 1-31, 2018 | 75 | |
| August 1-31, 2018 | 65 | |
| September 1-13, 2018 | 26 | |
| September 14-30, 2018 | 29 | -1.81% |
| October 1-31, 2018 | 43 | -21.81% |
| November 1-30, 2018 | 28 | -34.88% |
| December 1-31, 2018 | 17 | -39.29% |
| January 1-31, 2019 | 09 | -47.05% |
| February 1-27, 2019 | 07 | -2.22% |

This is Lifelong Learning. This is U.S.A.T.

USA (FL Cert Nr. L12000078671), Montserrat (Cert Nr. 17-2003).
Member Institution of Med Ed Central, WHO Global Alliance on Healthcare, WDOMS World Medical Schools, ASIC (UK) & IPSP (ITALY), AAHEA. USAT is iMED/FAIMER listed.
USAT is an Equal Opportunity Employer. © USAT 2019
*Excellence and Professionalism in Research and Education.*                    *01/2019*

PA 0665

Affidavit of Dr. Orien L. Tulp
State Of Colorado, Jefferson, County

Before me, the undersigned notary, on this day personally appeared, Dr. Orien L. Tulp, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

1. My name is Orien L. Tulp. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am Professor and President of USAT Montserrat. USAT was established on September 26, 2003. Exhibit 1. I own a 50% interest in USAT. USAT has a University based medical school duly licensed by the Government of Montserrat authorities. Exhibit 2.  As part of my duties as USAT president, I was to be aware and review the number of students enrolled as well as oversee the general administration and operations of the school. USAT admits a significant proportion of non-traditional students including minorities. The school is culturally diverse as evidenced by over 50% percent minority students including Caribbean Nationals, approximately 10% students over 50 years of age, and over 75% percent licensed allied medical and Healthcare Professionals at the time of their admission.

3. My formal education includes a PH.D. and other degrees.  My experience that makes me qualified to be President of USAT is a military and Civilian career of over forty years duration retiring with the rank of Colonel, and my Civilian Career as a Full Professor at a top tier University. My military career consisted of administrative supervision, command, and training of Physicians and other military medical personnel, and my Civilian career as a Professor included research and teaching of Physicians and other health care professionals and including extensive publishing in the scientific literature.  Exhibit 3 (copies of military rank and awards) I have personal knowledge of the USAT records and procedures due to my position as president of the school.

4. The Educational Commission for Foreign Medical Graduates (ECFMG) is a Pennsylvania registered non-profit 501(3) entity. The ECFMG has been granted, by all the state medical boards, the exclusive authority to decide which international medical graduates are permitted to take the various tests administered by the USMLE and NBME. Exhibit 4, (ECFMG Fact Sheet) An international medical graduate cannot access graduate medical training in the United States without successfully passing a series of three examinations. The ECFMG is the gatekeeper for entry to take the various examinations. Without successfully passing the USMLE examinations, the international medical graduate cannot enter the United States medical training programs to commence post graduate specialty training. Without entry into the training system, the International medical students cannot be licensed to practice medicine in the United States.

1

5. The ECFMG defines irregular behavior to include all actions or attempted actions on the part of applicants, examinees, potential applicants, others when solicited by an applicant and/or other programs, or services of the ECFMG. This definition also includes falsification of information on applications, completed by the applicants for the examinations. Exhibit 5 (Policies and Procedures Regarding Irregular Behavior).

6. The ECFMG's policies and procedures regarding irregular behavior include the following:

a. The ECFMG staff will investigate any allegations of irregular behavior.

b. If the ECFMG staff finds that there exists a reasonable basis to conclude that an individual has engaged in irregular behavior, the matter will be referred by the staff to the Medical Education Credentials Committee of the ECFMG.

c. The Credentials Committee is the body delegated by the ECFMG to make a fact determination.

d. The ECFMG staff is required to give the person charged with irregular behavior notice of the charge and evidence.

e. The person charged with allegations of irregular behavior has the right to appear personally before the Medical Education Credentials Committee.

f. The Medical Education Credential Committee is required to base its decision on a preponderance of the evidence. Exhibit 5.

7. The ECFMG staff, prior to any notice or hearing, placed on the World Directory of Medical Schools (WDOMS) website page for USAT, beginning on or before September 14, 2018, a notice that USAT students were being subjected to special investigation and enhanced screening. Exhibit 6 (copy of website notice).

8. Prior to placing the notice on the website, the ECFMG staff did not notify USAT or myself that the ECFMG had a concern, despite the observation that for the preceding 15 years not a single error or concern had ever been reported to USAT by the ECFMG. The ECFMG's staff took disciplinary action, prior to any notice or a hearing before the ECFMG Credential's committee, by placing damaging information on the Sponsor Note section for USAT on the WDOMS website.

9. As a result of the ECFMG's staff posting the warning on the WDOMS website my interest in USAT was severely devalued and may be depleted.

10. My sworn deposition testimony established how and why the decrease in value occurred after the publication on the WDOMS website of on or before Sept. 14, 2018. Dr. Tulp's Deposition transcript Page 84, lines 2-14. The majority of Students disenrolled, stop paying tuition and left for other schools as a result of the September 14, 2018 notice. Dr. Tulp's Deposition page 71, lines 19-24, page 72 lines 1-3.

11. Prior to the November 28, 2018 hearing, I was not supplied with any affidavits from any students. The ECFMG admits in its Summary Judgment Motion that the ECFMG had received 300 student affidavits. ECFMG's Summary Judgment Motion, Page 11, issues 28.

2

PA 0667

12. The claim by the ECFMG that it provided me with all material to be considered prior to the November 28, 2018 hearing is disputed. At no time was I supplied with a definition of "campus," let alone "branch campus." My lawyer requested the ECFMG define campus prior to the November 28, 2018 hearing. The ECFMG staff refused to supply a definition. Instead the attorney conducting the hearing was attempting to have me define "campus". USAT does conduct "on-line" classes with it's private, Montserrat based Satellite Communications network including the Basic Medical Sciences of the medical curriculum, thereby negating a requirement for a fixed campus.

13. The November 28, 2018 hearing was conducted by an ECFMG lawyer that was demanding to cross examine me, but the ECFMG supplied no witnesses for my lawyers to cross examine.

14. The lawyer who conducted the hearing for the ECFMG Credential's committee presented no evidence for the committee to consider.

15. The November 28, 2018 hearing was abruptly terminated by the ECFMG's attorney when my lawyer started going through the evidence that in part was only produced after 10 AM that morning.  When the first two pages were identified as a letter from a person with whom I had no contact or knowledge of, the lawyer abruptly terminated the hearing over my lawyer's protest, and before my 20 minutes of allotted time had elapsed.

16. There are no written rules by the ECFMG on who has the burden of proof. The hearing was conducted by ECFMG counsel as if I had the obligation to prove my innocence alone, without any evidence, witnesses, or cross-examination allowed.

Dr. Orien L. Tulp

Sworn to and subscribed before me by Dr. Orien L. Tulp on June 3rd, 2019

Notary Public in and for The State of Colorado My Commission Expires: 04/19/2023

TYLER DEAN SANDER
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20194015168
MY COMMISSION EXPIRES 04/19/2023

3

PA 0668

 **Gmail**

Bill Reil <billreillaw@gmail.com>

---

## sponsor note as of Oct 15, 2018
1 message

---

**Orien Tulp** <o.tulp@usat.edu>                                          Sun, May 26, 2019 at 2:26 PM
To: Bill Reil <billreillaw@gmail.com>, swatemd <swatemd@aol.com>

This is the text that should be included in the exhibits, it appeared from mid Oct 2018 until Jan 3, 2019, after Dr Pinsky received his subpoena.

- **Note: As of January 1, 2019, students and graduates of this medical school with a graduation year of 2019 and later are not eligible to apply to ECFMG for ECFMG Certification, which also renders them ineligible to apply to ECFMG for the United States Medical Licensing Examinations (USMLE) as a step toward ECFMG Certification.**

- **Currently, students and graduates of USAT are subject to enhanced procedures that must be met in order to be eligible to apply for ECFMG Certification related services, including but not limited to: ECFMG Certification, USMLE examinations that lead to ECFMG Certification, and Electronic Residency Application Service (ERAS®) Support Services. ECFMG will provide information and instructions to applicants upon receipt of application.**

- **Note: In 2018, ECFMG determined that certain staff / officials of the University of Science, Arts and Technology (USAT)  engaged in irregular behavior in connection with providing false information and documents to ECFMG.**

Orien L Tulp, PhD, MD, FACN, CNS
Professor and President
USAT Montserrat
*www.usat.edu*
Cell: 727-252-6210

PA 0669

November 28, 2018

```
 1          MEETING OF THE ECFMG MEDICAL
         EDUCATION CREDENTIALS COMMITTEE
 2

 3
           -    -    -

 4   RE:  ORIEN L. TULP, USAT

 5                -    -    -

 6              NOVEMBER 28, 2018

 7                -    -    -

 8          Hearing taken pursuant to notice,

 9   was held at RITTENHOUSE HOTEL, 210 West

10   Rittenhouse Square, Philadelphia,

11   Pennsylvania, commencing at 10:00 a.m.,

12   on the above date, before LISA MARIE

13   CAPALDO, RPR, a Registered Professional

14   Reporter and Notary Public in and for the

15   Commonwealth of Pennsylvania.

16

17

18

19

20

              GOLKOW LITIGATION SERVICES
21      877.370.3377 ph | 917.591.5672 fax
              Deps@golkow.com
22

23

24
```

CONFIDENTIAL
ECFMG00000511
PA 0670

November 28, 2018

```
 1    APPEARANCES:
 2    ECFMG STAFF
 3    Mr. William W. Pinsky
      Mr. Dennis M. Donohue
 4    Ms. Kara Corrado
      Ms. Lisa L. Cover
 5    Ms. Svetlana Gridneva
      Mr. Scott Mealey
 6    Ms. Rosemary Carlin
 7
      ECFMG Board Members
 8
      Dr. Maryellen Gusic
 9    Dr. Ronald R. Blanck
      Dr. Barbara Barzansky
10    Dr. Peter Buckley
      Dr. Andrew Filak
11    Dr. Ram Krishna
      Dr. Dotun Ogunyemi
12    Dr. James Pelegano
13
14
15
16
17
18
19
20
21
22
23
24
```

CONFIDENTIAL                                    ECFMG00000512

PA 0671

November 28, 2018

```
1                        -   -   -

2                    I N D E X

3                        -   -   -

4                   _____

5        Statement of:

6               ORIEN L. TULP, USAT

7

8           By Mr. Swate

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

PA 0672

November 28, 2018

```
 1                 -   -   -

 2                 PROCEEDING

 3                 -   -   -

 4    O R I E N   T U L P, Sworn.

 5                 -   -   -

 6              DR. GUSIC:  We will begin by

 7         asking the committee members and

 8         the staff to introduce themselves.

 9         We will swear in Dr. Tulp and then

10         if there are any opening

11         statements.

12              MS. McENROE:  Elisa McEnroe,

13         outside counsel for ECFMG.

14              MS. KATZ:  I'm Francis Katz.

15         I'm the general counsel at ECFMG.

16              DR. CRAIG:  Steve Craig,

17         board member.

18              DR. OGUNYEMI:  Dr. Ogunyemi,

19         ECFMG board member.

20              DR. BUCKLEY: Peter Buckley,

21         I'm also an ECFMG board member.

22              DR. PELEGANO:  Jim Pelegano,

23         ECFMG board member.

24              DR. KRISHNA:  Dr. Krishna,
```

November 28, 2018

1          board member.

2                  DR. FILIK:  Andy Filik,

3          ECFMG board member.

4                  DR. PINSKY:  Bill Pinsky,

5          President and CEO of ECFMG.

6                  DR. GUSIC:  Maryellen Gusic,

7          board member and chair of this

8          committee.

9                  DR. BLANCK:  Ronald Blanck,

10         chair and board member of this

11         committee.

12                 DR. BARZANSKY:  Barbara

13         Barzansky, ECFMG board member.

14                 MS. CORRADO:  Kara Corrado,

15         ECFMG staff.

16                 MS. COVER:  Lisa Cover,

17         ECFMG staff.

18                 MR. DONOHUE:  Dennis

19         Donohue, ECFMG staff.

20                 MS. GRIDNEVA:  Svetlana

21         Gridneva, ECFMG staff.

22                 MS. CARLIN:  Rosemary

23         Carlin, ECFMG staff.

24                 MS. CORRADO:  Just briefly,

November 28, 2018

```
1          I'm just going to iterate the
2      allegations for the committee.
3      The allegation is that Dr. Orien
4      Tulp, professor and president of
5      USAT engaged in irregular behavior
6      in connection with providing false
7      information to ECFMG, specifically
8      that Dr. Tulp provided false
9      information to ECFMG regarding
10     USTAT's United States branch
11     campuses and certifying to the
12     attendance dates of several USTAT
13     students and graduates when ECFMG
14     has information that these
15     students were not attending USTAT
16     during some of the time periods to
17     which Dr. Tulp certified.
18          Dr. Tulp is here today along
19     with his attorneys to address
20     these allegations and to answer
21     any questions that the committee
22     may have.
23          DR. GUSIC:  Opening
24     statements.
```

1              MR. SWATE:  Thank you.  I

2       asked the name of the officer

3       outside the door, and he refused

4       to give me his name.  Could you

5       tell me who the officer outside

6       the door is?

7              MS. McENROE:  It's a

8       security officer we've brought in

9       for our own protection in case we

10       need it throughout our day's

11       proceedings.  He's an off-duty

12       Philadelphia police officer.

13              MR. SWATE:  First, I would

14       like to ask for the -- I've asked

15       and I've asked and I've asked for

16       the packet that was presented to

17       the committee members.  I would

18       like a copy of the packet, the

19       information that was submitted to

20       the committee members so that I

21       will know what was considered by

22       the committee before we came here

23       today because you're considering

24       information that I may or may not

PA 0676

November 28, 2018

1        know about.  And that's

2        fundamentally unfair to my client,

3        for my client to have to defend

4        against potential information that

5        we don't have.

6             First, I would ask for a

7        copy of that.

8             MS. McENROE:  There's

9        actually a black binder right in

10       front of you.  We also have

11       provided that on more than one

12       occasion prior to this proceeding,

13       which is our usual practice even

14       without you asking.  That's what

15       we do.

16            MR. SWATE:  Where is the

17       letter that you sent to the

18       committee members addressing this?

19            MS. McENROE:  The materials

20       presented to the committee

21       regarding this circumstance with

22       Dr. Tulp's charges of irregular

23       behavior are presented in that

24       binder to you.

November 28, 2018

1       MR. SWATE:  I'm asking you

2   for the letter you sent to the

3   committee members.

4       MS. McENROE:  I don't know

5   what you're talking about.

6       MR. SWATE:  You didn't send

7   them a letter explaining what this

8   was?

9       MS. McENROE:  We sent those

10  materials.

11      MR. SWATE:  What about the

12  letter that went with the

13  materials?

14      MS. McENROE:  Those are the

15  materials including any

16  correspondence with it.

17      MR. SWATE:  All the

18  correspondence would be included

19  with this material?

20      MS. McENROE:  Correct.

21      MR. SWATE:  I'm sorry.

22  Where is the correspondence that

23  you sent to the committee?

24      MS. McENROE:  This is the

November 28, 2018

```
 1          same material that you were

 2          provided.  November 14th you got

 3          it by e-mail, and November 15th

 4          you got it by Federal Express.

 5               MR. SWATE:  I'm asking for

 6          the letters that you sent to these

 7          committee members.  You just

 8          didn't send this out to the

 9          committee members just blindly.

10               MS. McENROE:  Unfortunate

11          for them, potentially there's a

12          lot of materials they have to

13          review, and they carefully review

14          the materials presented to them as

15          presented to you.  We get an

16          electronic copy, myself included

17          which you were provided by e-mail

18          on November 14th.

19               MR. SWATE:  So you're

20          telling me that you did not send

21          them a letter explaining this

22          material and explaining the

23          allegation to the committee

24          members.
```

November 28, 2018

```
1              MS. McENROE:  That material
2       is as presented to the committee.
3              MR. SWATE:  You're not
4       answering my question.
5              MS. McENROE:  I'm not here
6       to answer your questions, sir.
7       We're here for your client to
8       explain to us the charges of
9       irregular behavior against him.
10             If you have an opening
11      statement you would like to make,
12      we're interested in hearing it.
13      Our committee has questions for
14      your client, and then we will
15      consider the charges of irregular
16      behavior.
17             MR. SWATE:  This committee
18      has no jurisdiction over Dr. Tulp.
19      We showed up today as it stands
20      for negotiation.  You all have no
21      legal jurisdiction to determine
22      anything.
23             So accordingly, please be
24      advised that we're not waiving
```

PA 0680

November 28, 2018

1   because we're here any

2   jurisdictional issues that may be

3   addressed at another forum at

4   another day.

5         Since the ECFMG has made the

6   allegation, it should have the

7   sole and exclusive burden of

8   proof.  So who is presenting the

9   evidence against Dr. Tulp?

10        This is not the U.S.

11   Congress where you can make blind

12   allegations and attempt to have

13   the person prove they are not

14   guilty.  And that's what's

15   occurring here today, just blatant

16   accusations and then assuming he's

17   guilty.  And you have him come

18   here for 20 minutes to explain why

19   he's not guilty.

20        You have a duty of

21   presenting your evidence, credible

22   evidence before Dr. Tulp has to

23   answer anything.  It's your

24   burden.

CONFIDENTIAL                         ECFMG00000522

November 28, 2018

1          Now, you claim you are

2     basing this on the preponderance

3     of evidence.  What evidence are

4     you presenting here today that Dr.

5     Tulp violated anything?  None.

6          Also, there appears to be a

7     co-mingling of the prosecutorial

8     and jury functions.  You are both

9     making the claims and acting as

10     judge and jury.

11          We have asked for discovery

12     of documents, especially any

13     letters or correspondence that

14     have been sent to the committee

15     members.  The claim that you just

16     sent the committee members this

17     without any explanation doesn't

18     meet any kind of test of

19     credibility.

20          The ECFMG is either acting

21     as quasi government entity or

22     acting under a contract basis.

23     Now, you claim that you are a

24     private nonprofit entity.  So the

November 28, 2018

```
1        only reason that you could be
2        interacting with Dr. Tulp is on
3        the basis of contract.  Where is
4        the contract?
5             Dr. Tulp's doesn't have a
6        contract with you all.  So you
7        have no right to tortuously
8        interfere with his business
9        practices or tortuously interfere
10       with his students.
11            ECFMG has printed and
12       published derogatory information
13       about USAT.  Whether it's true or
14       not true, at least the target of
15       those accusations should have had
16       the opportunity to address those
17       accusations before you go out and
18       attempt to ruin the school, which
19       is what you have done causing
20       probably millions of dollars worth
21       of damages.
22            If you're not a quasi
23       government entity, everybody in
24       this room is going to be liable
```

November 28, 2018

1    for whatever damages we can prove.

2    You've already prejudged the case

3    by taking action against USAT by

4    refusing to release documents of

5    their students.  Totally have

6    refused to release documents of

7    students the students are entitled

8    to have released.

9         Again, repeating myself,

10   you're either a quasi government

11   agency or you are a private

12   agency.  A private agency you got

13   to have a contract.  Quasi

14   government agency you got to have

15   at least an assemblance of due

16   process which there's none here.

17        I asked for the rules and

18   regulations and the protocols for

19   these meetings.  Apparently, there

20   is none other than what's in the

21   eyes of the beholders of the

22   people who run the ECFMG.

23        What's the protocol?  I

24   asked for the agenda.  I got a

November 28, 2018

1        brief statement to show up at

2        8:45.  And here we are at

3        ten o'clock, total disrespectful

4        to my client and myself to have us

5        show up at 8:45 and then be

6        ten o'clock before you have us

7        come in and address you.

8                So we have not received the

9        rules and regulations for the

10       hearing nor have we seen any right

11       that you have other than

12       essentially blackmailing the

13       students and telling the students,

14       well, if you don't send in these

15       forms, we're going to hold your

16       records hostage, which has

17       resulted in students either being

18       accepted for residency and not

19       being able to continue with the

20       residency or not being able to be

21       interviewed for the residency.

22               That is our opening

23       statement.  If you have any

24       questions, you can address them to

1      me.   Dr. Tulp will not be

2      answering any questions.

3            MS. McENROE:   Mr. Swate, do

4      you have any substantive response

5      or statement with respect to the

6      charges of irregular behavior

7      against your client?

8            We've heard your procedural

9      concerns.   And just for the

10     purposes of the record, we

11     disagree across the board with

12     your allegations and your

13     statements about the state of

14     affairs.   I think for everybody's

15     time I'm not going to go through

16     them and enumerate each and every

17     single one of them.

18           If and when we ever ended up

19     dealing with these issues in the

20     court of law, we would deal with

21     them then and we feel very

22     confident --

23           MR. SWATE:   I can assure you

24     we're going to end up in federal

PA 0686

1    court.

2         MS. McENROE:  I let you

3    speak.  Can you let me speak?

4         MR. SWATE:  I'm sorry.

5         MS. McENROE:  Do you have

6    any statement with regard to the

7    actual substantive allegations of

8    irregular behavior?

9         MR. SWATE:  We can go

10   through this page by page.

11        MS. McENROE:  I don't mean

12   to go through it page by page.

13   Are you here today saying that --

14   is it Dr. Tulp?  I would say Tulp

15   with an L.

16        DR. TULP:  It's Tulp.

17        MS. McENROE:  Are you saying

18   that Dr. Tulp did not provide

19   incorrect information to ECFMG

20   with regard to branch campuses in

21   the United States?

22        MR. SWATE:  Show me your

23   evidence that he did.

24        MS. McENROE:  We have e-mail

November 28, 2018

1       correspondence from him in all

2       caps saying that there were not

3       campuses in the United States.

4       And we have significant evidence

5       to the contrary.  We were

6       wondering if --

7               MR. SWATE:  What's your

8       definition of campus?

9               MS. McENROE:  Maybe that's

10      something you can illuminate for

11      us about what your client's view

12      is of a campus, whether there was

13      education taking place in the

14      United States for USTAT.

15              MR. SWATE:  The burden of

16      proof is not on Dr. Tulp.  The

17      burden of proof is on the ECFMG.

18              Now, Dr. Tulp is not going

19      to address a nebulous definition

20      of campuses.  You show me your

21      written definition of campuses and

22      we'll address that.

23              MS. McENROE:  Did USTAT

24      provide any student with any

November 28, 2018

1      medical school basic science

2      education in the United States?

3              MR. SWATE:  Well, yes, it

4      did.

5              MS. McENROE:  He's shaking

6      his head, no, and you just said,

7      yes.  So maybe you should let your

8      client speak to respond.

9              MR. SWATE:  Dr. Tulp is not

10     going to be talking today.  The

11     next time you hear him talk is

12     going to be in federal court.

13             MS. McENROE:  So, yes, there

14     was education in the United

15     States?

16             MR. SWATE:  There was no

17     campus in the United States.

18             MS. McENROE:  So my question

19     was, was there any education for

20     basic medical sciences provided in

21     the United States?

22             MR. SWATE:  What do you mean

23     by education?

24             MS. McENROE:  Were there any

November 28, 2018

```
 1            live lectures provided in the

 2            United States for USAT?

 3                    MR. SWATE:  My

 4            understanding is the lectures were

 5            for some extent was prepared by

 6            the Internet, that type of thing.

 7                    MS. McENROE:  That was not

 8            responsive to my question.  My

 9            question was --

10                    MR. SWATE:  You're not

11            cross-examining me, Counsel.

12                    MS. McENROE:  Well, I'm

13            asking you questions and trying to

14            be more specific --

15                    MR. SWATE:  We can't answer

16            the questions because you haven't

17            defined what campus is.  You

18            haven't defined what the

19            regulations for having an off-site

20            campus where you allowed other

21            schools to have off-site campuses,

22            but you attacked USTAT for some

23            reason.

24                    Now, you cannot disagree
```

PA 0690

November 28, 2018

1           that you have allowed other

2           schools to have off-site campuses

3           due to natural problems.  You've

4           been told what the natural

5           problems were.

6                    MS. McENROE:  That was not

7           my question.  My question was,

8           were there any live lectures

9           provided to students of USTAT or

10          basic medical sciences in the

11          United States?

12                   MR. SWATE:  I'm not a

13          witness.  So you don't get to

14          cross-examine me.

15                   MS. McENROE:  I may not be

16          able to ask you questions as a

17          witness.  I would normally ask

18          your client.

19                   MR. SWATE:  You're not going

20          to be able to do that because you

21          haven't given me enough

22          information to prepare my client.

23          This star chamber proceedings,

24          he's not going to participate in.

1          MS. McENROE:  Despite the

2     four inches of paper --

3          MR. SWATE:  Let's go through

4     each of the --

5          MS. McENROE:  You had some

6     concerns that by not taking you

7     exactly at 8:45 when we asked that

8     you be here for a 9:00 hearing

9     until 10:00 was a waste of time.

10     We apologize if you feel that way.

11     That was not at all the intention.

12     This is a busy committee.  We

13     don't have the time or the man

14     with to sit here and go through

15     every single page that we provided

16     you weeks ago.

17          MR. SWATE:  I'm prepared to

18     go through every page of this.

19          MS. McENROE:  Tell me where

20     in there it proves that your

21     client did not provide any medical

22     school education in the United

23     States.

24          MR. SWATE:  He doesn't have

November 28, 2018

1      the burden of proof.

2              MS. McENROE:  We're just

3      going around in circles.  I don't

4      know that it's going to be much

5      more helpful to try and proceed.

6              MR. SWATE:  I'm willing to

7      go through every page of this.

8              MS. McENROE:  To what end?

9      You're not answering my questions.

10     What are you hoping to get out of

11     every single page of that?

12             If you want to sit here and

13     look for something specific, tell

14     me.  We've all read the materials.

15     We can help direct you.

16             Take a look at Appendix E at

17     the e-mail from your client

18     saying, it is not a campus.  Our

19     only campus is located in

20     Olveston, Montserrat, British West

21     Indies.

22             My questions are trying to

23     understand whether there was

24     medical school education in the

1    United States.

2         MR. SWATE:  That's not what

3    -- what you're trying to do is ask

4    that question and then leap frog

5    to make like that's the campus.

6         Give me your definition of

7    what a campus is and then give me

8    the cases in which you've allowed

9    campuses to operate outside of

10   their original address.

11        MS. McENROE:  Perhaps your

12   client, if we would be allowed,

13   could provide us an explanation of

14   what he meant by campus in this

15   e-mail because the committee is

16   interested in hearing that.

17        MR. SWATE:  I would like to

18   know what your definition of

19   campus is.

20        MS. McENROE:  He's the one

21   who used the word here.  I'm

22   interested to know what he means

23   by it.

24        MR. SWATE:  I'm asking you,

November 28, 2018

1    what's your definition of campus?

2    Secondly, what's the exceptions to

3    having an off-site campus?

4         MS. McENROE:  We appreciate

5    you being here today.  We're

6    working on trying to understand

7    the facts and circumstances in

8    this case.  Apparently, we're

9    going to be left with a cold

10   record because your client is

11   refusing to answer any questions.

12        I think at this time it

13   makes sense, unless there's any

14   closing statement you want to

15   make, that we adjourn.

16        MR. SWATE:  ECFMG is

17   adjourning this without us having

18   the ability to go through their

19   efforts.

20        MS. McENROE:  Is there

21   anything in particular you want to

22   go through?  We provided this to

23   you --

24        MR. SWATE:  I want to go

1    through the whole thing.

2         MS. McENROE:   Start on page

3    one.   What is it you want to talk

4    to us about it?

5         MR. SWATE:   The matter has

6    been brought to the CIE's

7    attention.   Where is the letter or

8    whatever information was brought

9    to the attention?

10        MS. McENROE:   We're not here

11   to answer questions, sir.   If you

12   have a closing statement or

13   something specific you want to

14   point out to us so we understand

15   the allegations better that are

16   lodged against your client, that

17   would be helpful.

18        That's why we're here today,

19   the due process you're saying that

20   you wanted.   We're here to try to

21   understand what it is that you're

22   trying to do here.

23        And candidly, I appreciate

24   you advocating on behalf of your

November 28, 2018

1        client.  It's not productive here

2        if we can't understand the

3        underlying facts as your client

4        means them and wants ECFMG to

5        understand them.

6              So if this is your position

7        that you're just going to come

8        here and obstruct, then that's

9        just how it's going to be and

10       we're not wasting this committee's

11       time.  They have a busy agenda,

12       and we've got to keep going.

13             MR. SWATE:  It's a waste of

14       the committee's time when you're

15       going to destroy somebody's good

16       name and good reputation without

17       telling them what you're claiming.

18       At least in Texas, before we

19       execute somebody, we at least tell

20       them what the claim is for

21       executing them.

22             You've refused.  You've

23       stone walled me on the procedures.

24       I've asked for written procedures

```
 1        for this committee.  Apparently,

 2        there's none.  It's whatever you

 3        want to make them.

 4              MS. McENROE:  Sir, you've

 5        gotten the policy and procedures

 6        on irregular behavior multiple

 7        times.  You'd like to say that the

 8        record says what you say it says.

 9        It just doesn't.

10              We're trying to follow the

11        best procedure we possibly can,

12        and you and your client are

13        obstructing us in being able to

14        collect the information.  At this

15        point, I don't think that it's

16        productive to continue the

17        proceeding.

18              MR. SWATE:  We're entitled

19        to know what procedure this

20        committee is operating under.  You

21        just can't operate under whatever

22        you want to make it.

23              MS. McENROE:  You've gotten

24        the policies and procedures.
```

November 28, 2018

1          MR. SWATE:  No, I haven't.

2     I've gotten --

3          MS. McENROE:  They're

4     available on the Internet.

5          MR. SWATE:  I have received

6     broad statements, you can do

7     whatever you want.

8          MS. McENROE:  The record

9     will reflect --

10         MR. SWATE:  And that's not a

11    written policy and procedure.  And

12    that will not stand up under any

13    theory.

14         MS. McENROE:  We've provided

15    them to you in writing and the

16    link to the URL where they are

17    available publically on the

18    Internet.  I don't think at this

19    point there's anything else that's

20    worth us discussing at this

21    moment.  Thank you.

22         MR. SWATE:  You're

23    terminating --

24         MS. McENROE:  Yes, I'm



November 28, 2018

| | |
|---|---|
| 1 | terminating the proceeding. |
| 2 | MR. SWATE:  ECFMG is |
| 3 | terminating this prior to us |
| 4 | presenting our evidence. |
| 5 | MS. McENROE:  We asked you |
| 6 | to present evidence, and all you |
| 7 | did was present legal argument. |
| 8 | What's your offer of proof? |
| 9 | What would you like to provide? |
| 10 | MR. SWATE:  We'll go through |
| 11 | every page of this. |
| 12 | MS. McENROE:  In particular, |
| 13 | what would you like to provide? |
| 14 | MR. SWATE:  First, I'd like |
| 15 | to know who Ms. Sara Colins is? |
| 16 | MS. McENROE:  From the |
| 17 | Florida Department of Education? |
| 18 | MR. SWATE:  I don't know who |
| 19 | this is. |
| 20 | MS. McENROE: So what |
| 21 | evidence is that that you are |
| 22 | presenting to us? |
| 23 | MR. SWATE:  I'm asking your |
| 24 | evidence.  You're the one |

CONFIDENTIAL



November 28, 2018

```
 1            presenting the evidence and I'm

 2            asking what it is?

 3                 MS. McENROE:  You're not

 4            providing any evidence.  So thank

 5            you for coming today, Dr. Tulp.

 6            We appreciate it.

 7                 MR. SWATE:  So you're

 8            adjourning the --

 9                 MS. McENROE:  Yes, I'm

10            adjourning the proceeding.

11                      -   -   -

12                 (Whereupon, the hearing

13            concluded at approximately 10:39

14            a.m.)

15                      -   -   -

16

17

18

19

20

21

22

23

24
```

CONFIDENTIAL                                         ECFMG00000542

PA 0701

November 28, 2018

```
1              C E R T I F I C A T E

2

3                    I hereby certify that

4     the witness was duly sworn by me and that

5     the deposition is a true record of the

6     testimony given by the witness.

7

8

9          _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

           LISA CAPALDO

10         Dated:

11

12    (The foregoing certification of this

13    transcript does not apply to any

14    reproduction of the same by any means,

15    unless under the direct control and/or

16    supervision of the certifying shorthand

17    reporter.)

18

19

20

21

22

23

24
```

CONFIDENTIAL                                    ECFMG00000543

PA 0702