# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. ORIEN L. TULP, | ) |
| | ) |
| Plaintiff, | )    Case No. 2:18-cv-05540-WB |
| | ) |
| v. | )    Hon. Wendy Beetlestone |
| | ) |
| EDUCATIONAL COMMISSION FOR | ) |
| FOREIGN MEDICAL GRADUATES and | ) |
| DR. WILLIAM W. PINSKY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## REPLY IN SUPPORT OF
## <u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

Dated: June 20, 2019

Elisa P. McEnroe, PA Bar No. 206143
Matthew D. Klayman, PA Bar No. 319105
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5917
Facsimile: +1.215.963.5001
elisa.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

*Attorneys for the Educational Commission for*
*Foreign Medical Graduates*

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ............................................................................................................ 1

II.    ARGUMENT .................................................................................................................... 1

    A.    There Is No Genuine Dispute Dr. Tulp Had Notice and Opportunity to be
          Heard. ..................................................................................................................... 1

    B.    Neither the Court's Motion to Dismiss Ruling, Nor Unverified Allegations
          in the Complaint Create Genuine Disputes of Material Fact ................................. 5

    C.    Dr. Tulp is Not Entitled to Any Form of Relief ..................................................... 6

    D.    ECFMG Followed This Court's Policies and Procedures ..................................... 7

III.    CONCLUSION ................................................................................................................. 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bricklayers & Allied Craftworkers Local 1 of PA/DE v. Penn Valley Tile, Inc.*,
  175 F. Supp. 3d 487 (E.D. Pa. 2016) ..........................................................................8

*Chung v. Park*,
  514 F. 2d 382 (3d Cir. 1975)...............................................................................3, 4

*Heller v. Doe*,
  509 U.S. 312 (1993)................................................................................................4

*Power Restoration Int'l Inc. v. PepsiCo, Inc.*,
  No. 12-1922, 2015 WL 1208128 (E.D. Pa. March 17, 2015)...................................7

*Psi Upsilon of Philadelphia v. University of Pennsylvania*,
  591 A.2d 755 (Pa. Super. 1991)............................................................................4

*Shah v. Bank of America*,
  346 F. App'x 831 (3d Cir. 2009) .............................................................................6

*Thomas M. Cooley Law v. American Bar Ass'n*,
   459 F.3d 705 (6th Cir. 2006) ................................................................................4

**Other Authorities**

Fed. R. Civ. P. 12.................................................................................................5

Fed. R. Civ. P. 26.................................................................................................6

Fed. R. Civ. P. 37.................................................................................................6

Fed. R. Civ. P. 56.............................................................................................8, 9

## I.      INTRODUCTION

Summary judgment is warranted and nothing in Dr. Tulp's Opposition changes that.  There is no genuine dispute that ECFMG gave Dr. Tulp (a) repeated notice of the allegations and evidence against him, and (b) multiple opportunities to present a substantive response—in writing and in person—to the allegations and evidence against him.  Dr. Tulp's allegations of a supposedly inadequate "record" on irregular behavior ring hollow when he comes forward with no evidence to dispute that the substantial evidence supporting the irregular behavior finding was shared with Dr. Tulp's counsel prior to and during the irregular behavior proceeding.

In denying Dr. Tulp's request for injunctive relief, this Court concluded specifically that based on the evidence presented at the injunction hearing, "*[i]n this case, there was notice and an opportunity to be heard*."  SOF 78 (emphasis added).  Dr. Tulp concedes that the evidence presented during the injunction hearing "may have been, at the time, sufficient notice and opportunity to be heard …."  Opp. at 5.  Dr. Tulp further concedes that the discovery that has taken place since the injunction hearing has shed "[v]ery little, if any, new light . . . on the hearing of Dr. Tulp before the ECFMG."  Opp. at 6.  Because Dr. Tulp cannot genuinely dispute that the record before the Court on summary judgment is in all material respects the same as (if not more favorable to ECFMG than) the record that led the Court to find that "there was notice and an opportunity to be heard," summary judgment should be granted.

## II.     ARGUMENT

### A.      There Is No Genuine Dispute Dr. Tulp Had Notice and Opportunity to be Heard.

There is no genuine dispute that ECFMG gave Dr. Tulp repeated notice of the allegations and evidence against him.  Dr. Tulp cites *no evidence* suggesting that he lacked notice of the irregular behavior allegations.  Rather, as described in detail in ECFMG's summary judgment

submission, ECFMG sent multiple letters to Dr. Tulp before the irregular behavior proceeding to summarize and describe in detail the irregular behavior allegations against him.  Def.'s Stmt. of Undisputed Material Facts ("SOF"), ECF No. 31-3, ¶¶ 31-36, 37, 39.  ECFMG also sent Dr. Tulp's counsel copies of the materials that the Medical Education Credentials Committee would consider regarding the irregular behavior allegations and several explanations of ECFMG's process for investigating and evaluating irregular behavior allegations.  SOF ¶¶ 31-39, 42-46.

There is no genuine dispute that ECFMG gave Dr. Tulp multiple opportunities to be heard. Dr. Tulp does not dispute that he was invited to present a written response to the irregular behavior allegations and that he had an opportunity to appear personally before the Medical Education Credentials Committee with two attorneys to address those allegations.  SOF ¶¶ 35, 37, 39-43.  Dr. Tulp's unsupported assertion that "no witnesses or evidence [were] allowed to be presented at the hearing" is false and insufficient to create a genuine dispute of material fact.  Rather, the undisputed evidence is that ***Dr. Tulp*** was invited to testify and present evidence before and during the irregular behavior proceeding.  SOF ¶¶ 54-56.  Indeed, it is the height of *chutzpah* for Dr. Tulp to fault ECFMG for terminating his irregular behavior hearing "without plaintiff making any statement" when Dr. Tulp's counsel repeatedly and emphatically stated that Dr. Tulp was ***refusing to testify*** and that the next time he would speak would be in federal court.  *Id.*; *see also* Opp. at 14. Dr. Tulp cites no evidence to create a genuine dispute as to what happened at the injunction hearing, which is set forth in the hearing transcript, SOF ¶¶ 47–62, and demonstrates that Dr. Tulp was afforded common law due process.[1]  ECFMG respectfully encourages the Court to read that short transcript in its entirety.  JA0139-JA0175.

---

[1] Dr. Tulp suggests that notice of the irregular behavior finding was posted to the World Directory prior to the hearing.  ECF. No. 33-3 at ¶ 2.  The evidence is insufficient to create a genuine dispute because it consists of a single email purportedly sent by Plaintiff after the close of discovery to his

Dr. Tulp makes various other arguments in an attempt to create a genuine dispute regarding the due process afforded to him. As detailed below, each fails.

**First**, Dr. Tulp argues that there was no evidence "in the administrative record" before the Medical Education Credentials Committee to support a finding of irregular behavior. Opp. at 14. That argument is misleading (and immaterial) because it is undisputed that there is no process for admitting evidence "in the record" during irregular behavior proceedings. SOF ¶¶ 48, 52; JA0198 (testimony of Kara Corrado). Dr. Tulp cannot genuinely dispute that there was substantial evidence considered by the Medical Education Credentials Committee supporting its finding that Dr. Tulp engaged in irregular behavior. SOF ¶¶ 45, 48, 59, 63. The fact is Dr. Tulp had notice of that evidence and multiple opportunities to be heard regarding the allegations of irregular behavior against him. SOF ¶¶ 35, 37, 39-46, 48, 54-56, 62.

**Second**, Dr. Tulp claims that the "burden of proof" was placed on him improperly. Opp. at 12. As a threshold matter, Dr. Tulp did not bear the "burden of proof" in connection with the irregular behavior proceeding. ECFMG presented to Dr. Tulp and the Medical Education Credentials Committee substantial evidence supporting the irregular behavior allegations against Dr. Tulp. SOF ¶¶ 35, 37, 39-46, 48, 54-56, 62. Dr. Tulp was then asked to respond to that evidence. But even if Dr. Tulp was assigned the burden of proof, that would not be improper or contrary to due process. *See Chung v. Park*, 514 F. 2d 382, 386-87 (3d Cir. 1975) (rejecting argument that university's practice of placing burden of proof on terminated professor at hearing violated due process because "[d]ue process is protean in nature" and burden of proof comported

---

lawyer alleging that such information had been posted. PA0558. The genuine record evidence shows that it had not yet been posted, and still has not been posted. SOF ¶¶ 74-75. Moreover, the timing of changes to the World Directory are immaterial to the question of whether Dr. Tulp had notice and an opportunity to be heard with respect to the irregular behavior allegations against him.

with function of hearing "to inform professor of the grounds for his non-retention and to allow him to challenge their sufficiency").  As explained above, Dr. Tulp had notice and an opportunity to be heard—the touchstones of due process—and assigning him the burden of proof would not demonstrate a denial of due process.

*Third*, Dr. Tulp's reliance (at Opp. 9-10) on certain procedures used in other due process cases to argue that ECFMG violated Dr. Tulp's due process rights in this case is unavailing.  Due process is a flexible concept that may differ from circumstance to circumstance.  *See Heller v. Doe*, 509 U.S. 312, 332 (1993) ("[F]lexibility is necessary to gear the process to the particular need; the quantum and quality of the process due in a particular situation depend upon the need to serve the purpose of minimizing the risk of error." (quoting *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 13 (1979)).  "The difference in the nature of the interests implicated affects the procedural requisites for the hearing."  *Chung*, 514 F.2d at 387 n. 8 (citing *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971)).  ECFMG's decision to not accept paperwork with Dr. Tulp's signature given his numerous misrepresentations was an action reflecting ECFMG's determination that it could not trust information provided by Dr. Tulp.  Such a decision is based on ECFMG's discretion, dissimilar from the accrediting decisions at play in *Thomas M. Cooley Law School. v. American Bar Ass'n*, which were based on violations of specific rules and regulations, or the university sanctions imposed on a student fraternity in *Psi Upsilon of Philadelphia v. University of Pennsylvania*, which were based on violations of specific obligations under the fraternity's charter.  Accordingly, the irregular behavior proceeding reflected many of the processes afforded in those two circumstances, but it need not reflect all the process afforded in those circumstances, given the discretionary nature of ECFMG's action.  *See Chung*, 514 F.2d at 387 n. 8 (recognizing that process required is more lenient in circumstances where the decision

is based on the discretion of the sanctioning entity, rather than whether a sanctioned party met a set of statutory or administrative conditions that would entitle it to a particular property or liberty interest).

**B.    Neither the Court's Motion to Dismiss Ruling, Nor Unverified Allegations in the Complaint Create Genuine Disputes of Material Fact.**

Dr. Tulp argues that summary judgment is not warranted because "[n]othing has changed, in terms of the summary judgment record" on the issue of common law due process, "since the Court concluded in its [motion-to-dismiss] Opinion that there was a plausible claim for deprivation of common law due process." Opp. at 14. But Dr. Tulp cannot rely on the Court's motion-to-dismiss opinion in order to create a genuine dispute of material fact. The Court's motion-to-dismiss ruling was based on its limited review under Federal Rule of Civil Procedure 12(b)(6) of the mere allegations of the Complaint and its attachments. ECF. No. 28 at 1 n. 1. To the extent the Court declined to consider evidence from the injunction hearing when ruling on ECFMG's Motion to Dismiss, the Court was obligated to accept as true all of the well-pleaded allegations in Dr. Tulp's Complaint and to construe those allegations in the light most favorable to Dr. Tulp. ECF No. 28 at 1 n. 1. The Court could not consider or review any other evidence, including the transcript of the irregular behavior proceeding. JA0139-JA0175. To the contrary, when the Court considered a more complete record with evidence at the injunction hearing earlier in this case, it concluded that Dr. Tulp's due process claims lacked merit because "[i]n this case, there was notice and an opportunity to be heard." SOF ¶ 78.[2]

---

[2]    Dr. Tulp argues that the Court could not have found after the injunction hearing that there was notice and an opportunity to be heard because "[i]f the Court had already found that there was notice and opportunity to be heard, which is tantamount to common law due process, there would not be a motion for summary judgment." Opp. at 5. This confuses the nature of injunction hearings and motions to dismiss. At the motion to dismiss stage, the Court limited its analysis to the allegations in the Complaint and its exhibits. ECF. No. 28 at 1 n. 1. It was based on that limited analysis that the case was permitted to proceed to discovery and summary judgment. The fact is

Similarly, to the extent that Dr. Tulp quotes from the allegations in his unverified Complaint to argue that summary judgment is unwarranted, *see* Opp. at 2-4, such allegations are not evidence and cannot create genuine disputes of material fact. *Shah v. Bank of America*, 346 F. App'x 831, 833 (3d Cir. 2009) ("To survive a motion for summary judgment, the plaintiff cannot rely on unsupported allegations in the complaint, and must present more than 'the mere existence of a scintilla of evidence.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). It is Dr. Tulp's burden to present ***record evidence*** in support of his claims to defeat summary judgment. As evidenced by the unsubstantiated assertions and sparse record citations in Dr. Tulp's Opposition, Dr. Tulp has failed to meet that burden.

## C.      Dr. Tulp is Not Entitled to Any Form of Relief.

The record confirms that Dr. Tulp is not entitled to any form of relief. During discovery, Dr. Tulp failed to produce any evidence to substantiate his claim for damages. ECF No. 31-1 at 20. ECFMG served several discovery requests seeking such evidence and even served a letter before the close of discovery demanding the production of any evidence of Dr. Tulp's damages. SOF ¶ 79. Dr. Tulp produced no such documents. *Id.* Now, Dr. Tulp has included in his supplemental appendix documents that had never before been produced purporting to support Dr. Tulp's damages claim. Decl. of Elisa McEnroe ("McEnroe Decl.") ¶7, JA0703–JA0704. This attempted sandbagging is improper, and the evidence not produced in discovery should not be considered. Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e) the party is not allowed to use that information or witness to supply

---

that discovery has confirmed that the record before the Court at the injunction hearing—when the Court considered all of the evidence presented and concluded there was notice and opportunity to be heard—was complete and accurate.

evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").[3]

Even if the Court were to consider materials that had not been produced in discovery, those materials do not preclude summary judgment. Dr. Tulp has presented no evidence from which a reasonable jury could determine the value of Dr. Tulp's interest in USAT or any alleged damages suffered by Dr. Tulp as a result of ECFMG's alleged conduct. Sufficient evidence of damages is required to survive summary judgment for more than a nominal award. *See Power Restoration Int'l Inc. v. PepsiCo, Inc.*, No. 12-1922, 2015 WL 1208128, at *4-9 (E.D. Pa. March 17, 2015) (lost profits requires non-speculative evidence of sufficient to establish anticipated net profit). Rather, the evidence in the record demonstrates that Dr. Tulp was never paid by USAT. SOF ¶ 19. Moreover, Dr. Tulp attributes damages to ECFMG's update to the World Directory of Medical Schools, which was a factual update to students about the status of USAT. The plaintiff in this case is Dr. Tulp, not USAT.

### D.    ECFMG Followed This Court's Policies and Procedures.

Dr. Tulp spends much energy in the Opposition arguing that ECFMG did not follow proper procedures in the filings attendant to its Motion for Summary Judgment. Dr. Tulp is wrong. ECFMG followed the Court's Policies and Procedures in submitting its Statement of Undisputed Material Facts (ECF No. 31-3) and the Joint Appendix (ECF No. 31-4).

With respect to the Statement of Undisputed Facts, in accordance with the Court's Policies and Procedures, ECFMG filed "a separate Statement of Undisputed Material Facts containing a numbered, paragraph-by-paragraph recitation of facts with specific citations to the joint appendix

---

[3]    Dr. Tulp argues that certain unidentified "letters from ECFMG" are "not in the record or exhibits" and should not be considered. Examination of the record shows that all of the letters relied upon by ECFMG were produced in discovery and are properly before the Court on summary judgment.

in support of all of those facts as to which [ECFMG] contends no genuine issue exists." Judge Beetlestone Policies & Procedures, Civil Cases, Section V.C.1. In response, Dr. Tulp failed to comply with the Court's Policies and Procedures because he did not submit "a separate Statement of Disputed Material Facts, stating in similar paragraph form whether [Dr. Tulp] accepts or rejects that each fact as stated by the moving party is undisputed." Judge Beetlestone Policies & Procedures, Civil Cases, Section V.C.2. Dr. Tulp claims that it was "difficult to respond" to ECFMG's Statement of Undisputed Material Facts because the facts "were never agreed to" by Dr. Tulp and Dr. Tulp's counsel first saw ECFMG's Statement of Undisputed Material Facts when ECFMG filed its Motion for Summary Judgment. Opp. at 1-2. That does not excuse Dr. Tulp's failure to comply with this Court's Policies and Procedures. ECFMG was under no obligation to share its Statement of Undisputed Material Facts with Dr. Tulp prior to filing, and Dr. Tulp had ample time—including an extra 10 days by stipulation of the parties—to respond as required by this Court's Policies and Procedures.[4]

Similarly, Dr. Tulp's complaints about the procedure used by ECFMG to assemble the Joint Appendix (ECF No. 31-4) are unfounded. ECFMG followed this Court's Policies and Procedures to the letter. Pursuant to this Court's Policies and Procedures, ECFMG conferred with Dr. Tulp's counsel regarding the contents of the Joint Appendix. McEnroe Decl. ¶¶5–6. Initially, ECFMG provided Dr. Tulp's counsel with a table of contents summarizing the contents of the proposed Joint Appendix, along with an electronic version of the proposed Joint Appendix.

---

[4]     Because Dr. Tulp failed to respond as required by the Court's Policies and Procedures, the facts set forth in ECFMG's Statement of Undisputed Material Facts should be deemed admitted. *See* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."); *see, e.g., Bricklayers & Allied Craftworkers Local 1 of PA/DE v. Penn Valley Tile, Inc.*, 175 F. Supp. 3d 487 (E.D. Pa. 2016).

McEnroe Decl. ¶3; JA0705–JA0706.  When Dr. Tulp's counsel sent a letter to ECFMG's counsel reflecting confusion about whether ECFMG was asking him to stipulate to anything about the documents, ECFMG's counsel called Dr. Tulp's counsel on the phone.  McEnroe Decl. ¶¶4–5; JA0707–JA0708.  During the call, counsel for ECFMG explained the Court's Policies and Procedures regarding the Joint Appendix, including the fact that Dr. Tulp could add materials to the Joint Appendix before filing or supplement the Joint Appendix with additional materials after it was filed (if necessary).  McEnroe Decl. McEnroe Decl. ¶6.  Dr. Tulp's counsel responded that he had nothing to add to the Joint Appendix at that time and that ECFMG counsel had conferred with him pursuant to the Court's Policies and Procedures.  McEnroe Decl. ¶6.

In sum, ECFMG followed this Court's summary judgment procedures and Dr. Tulp did not.  Dr. Tulp's dissatisfaction with those procedures is not a basis to deny ECFMG the relief it seeks, nor is it grounds to deny summary judgment.

## III.   CONCLUSION

For the foregoing reasons, ECFMG respectfully requests that the Court grant its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

Dated: June 20, 2019

Respectfully submitted,

*/s/ Elisa P. McEnroe*
Elisa P. McEnroe, PA Bar No. 206143
Matthew D. Klayman, PA Bar No. 319105
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:     +1.215.963.5917
Facsimile:     +1.215.963.5001
elisa.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

*Attorneys for the Educational Commission for*
*Foreign Medical Graduates*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on this date, I caused true and correct copies of the foregoing

document to be served via electronic filing upon the following counsel of record via the ECF

system and/or mail:

> TOMMY SWATE
> 403 WILD PLUM
> HOUSTON, TX 77013
> Email: swatemd@aol.com
>
> WILLIAM C. REIL
> 1515 MARKET ST SUITE 1200
> PHILADELPHIA, PA 19102
> 215-564-1635
> Fax: 215-564-4292
> Email: billreillaw@gmail.com
>
> *Attorneys for Plaintiff*

DATED:  June 20, 2019                    */s/ Elisa P. McEnroe*
                                          Elisa P. McEnroe