IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. ORIEN L. TULP, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:18-cv-05540-WB |
| | ) |
| v. | ) Hon. Wendy Beetlestone |
| | ) |
| EDUCATIONAL COMMISSION FOR | ) |
| FOREIGN MEDICAL GRADUATES and | ) |
| DR. WILLIAM W. PINSKY, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL
GRADUATES' REPLY STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Section V.C.3 of the Court's Policies and Procedures for Civil Cases, Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") submits the following Reply Statement of Undisputed Material Facts in response to Plaintiff Dr. Orien L. Tulp's Statement of Disputed Material Facts.

1. The administrative hearing by the ECFMG on 11/28/18 for Dr. Tulp was fundamentally unfair and violated common law due process. (Number 14 on Plaintiff's Appendix, Transcript of ECFMG Hearing for Dr. Tulp (11-28-18), PA0670-PA0702).

   **RESPONSE:** This paragraph contains improper legal conclusions. To the extent that a response is required, this paragraph is disputed but not material. ECFMG admits that an irregular behavior proceeding for Dr. Tulp took place on November 28, 2018. SOF ¶¶ 47. ECFMG denies that the irregular behavior proceeding was "fundamentally unfair and violated common law due process" for the reasons set forth in its summary judgment briefing. ECF No. 31-1, 31-3.

2. Defendants' [sic] violated Dr. Tulp's right to common law due process by publishing on the WDOMS before his hearing. This impacted the hearing because it implied that Dr. Tulp was guilty of irregular behavior or misconduct before he had his hearing.

1

**RESPONSE:** This paragraph contains improper legal conclusions. To the extent that a response is required, this paragraph is disputed but not material. ECFMG denies that ECFMG violated Dr. Tulp's right to common law due process. ECF No. 31-1, 31-3. Moreover, ECFMG denies that it published information on the World Directory of Medical Schools that "implied that Dr. Tulp was guilty of irregular behavior or misconduct." The evidence shows that ECFMG posted truthful factual information on the World Directory regarding how it would proceed with applications from USAT students (so that the impacted students could be aware and proceed accordingly), not information about Dr. Tulp's irregular behavior proceedings or finding. SOF ¶¶ 69–75. Any dispute regarding the timing of postings to the World Directory is not genuine and is not material to the question of whether Dr. Tulp had notice and an opportunity to be heard in connection with his irregular behavior finding.

3. There is no evidence, in the record of the administrative hearing of Dr. Tulp, from which the ECFMG could have found him guilty of irregular behavior. (Number 14 on Plaintiff's Appendix, Transcript of ECFMG Hearing for Dr. Tulp (11-28-18), PA0670-PA0702).

**RESPONSE:** This paragraph contains improper legal conclusions. To the extent that a response is required, this paragraph is disputed but not material. Substantial evidence supporting Dr. Tulp's irregular behavior finding was presented to the Medical Education Credentials Committee and disclosed to Dr. Tulp and his counsel before and during the irregular behavior proceeding. SOF ¶¶ 21-46. Dr. Tulp's reference to evidence "in the record" is disputed as misleading because ECFMG does not have a process whereby materials presented to the Medical Education Credentials Committee can be entered into evidence in connection with irregular behavior proceedings. SOF ¶¶ 48, 52; JA0198. Any dispute regarding the evidence presented at Dr. Tulp's irregular behavior hearing is immaterial to the question of whether Dr. Tulp had notice and an opportunity to be heard in connection with his irregular behavior finding.

4.      ECFMG limited Dr. Tulp to 20 minutes for presentation and the hearing was unilaterally terminated by Elisa P. McEnroe, Esquire, without any evidence put in to the record. (PA0701, ECFMG Hearing; Complaint paragraph 15, PA0562).

**RESPONSE:** This paragraph is disputed but not material. Dr. Tulp's opportunity to present his response was scheduled for 20 minutes. SOF ¶ 43. The hearing was terminated by counsel for ECFMG because Dr. Tulp refused to testify and his counsel became hostile and refused to present any evidence explaining or clarifying Dr. Tulp's position that an irregular behavior finding was not warranted. SOF ¶¶ 56–59, 62. Dr. Tulp's reference to evidence "put in to the record" is disputed as misleading because ECFMG does not have a process whereby materials presented to the Medical Education Credentials Committee can be entered into evidence in connection with irregular behavior proceedings. SOF ¶¶ 48, 52; JA0198. The disputed facts are immaterial to the question of whether Dr. Tulp had notice and an opportunity to be heard in connection with his irregular behavior finding.

5.      Dr. Tulp never received any indication from ECFMG, nor did their rules indicate, who had the burden of proof at the administrative hearing. Accordingly, Dr. Tulp did not know whether ECFMG intended to present witness and evidence that he could cross-examine. At the hearing, Dr. Tulp was informed that he had the burden of proof. (PA0672). See also spreadsheet of student losses at USAT. (PA0663-PA-0665).

**RESPONSE:** This paragraph is disputed in part but not material. Dr. Tulp did not have the burden of proof and was never told that he had the burden of proof. SOF ¶¶ 35, 37, 40, 42, 43, 45, 48, 51–55, 59–62. ECFMG's policies indicate the processes through which ECFMG presents the evidentiary basis underlying irregular behavior allegations and the process through which those alleged to have committed irregular behavior may respond to those allegations. SOF ¶3. ECFMG objects to Dr. Tulp's inclusion of a spreadsheet of student losses at USAT in his supplemental appendix because it was never produced in discovery despite being responsive to numerous

3

discovery requests. SOF ¶ 79. The disputed facts are immaterial to the question of whether Dr. Tulp had notice and an opportunity to be heard in connection with his irregular behavior finding.

6. ECFMG serves a public function by certifying International Medical Graduates. Not reasonably disputed.

**RESPONSE:** Disputed but immaterial. ECFMG disputes that it "serves a public function" because it is not clear what is meant by "public function." In dismissing Dr. Tulp's constitutional due process claims, this Court already held that ECFMG is not a state actor nor does its alleged conduct constitute state action. ECF No. 28 at 5. The disputed fact is immaterial to the question of whether Dr. Tulp had notice and an opportunity to be heard in connection with his irregular behavior finding.

7. The policy of the ECFMG is not to present witnesses or documents at hearing. (Injunction Hearing, testimony of Corrado, lines 5-12, JA0197).

**RESPONSE:** Disputed in part but immaterial. ECFMG's standard practice is to present copies of all written materials to be considered by the Medical Education Credentials Committee and to give the subject of the irregular behavior proceedings the opportunity to be heard and make a personal appearance before the Committee. SOF ¶ 35, 39; JA0197, JA0209. ECFMG does not normally allow for live witnesses other than the subject of the proceedings, though it does take written statements into account. *Id.* The disputed fact is immaterial to the question of whether Dr. Tulp had notice and an opportunity to be heard in connection with his irregular behavior finding.

8. In terms of damages, paragraphs 29 and 30, together with the prayer of the complaint, set forth not only injunctive and equitable relief, but also the tangible and intangible effects of the ECFMG on Dr. Tulp. Plaintiff requests that the finding of "irregular behavior" be reversed. It is too late now to have another hearing., since USAT has basically been destroyed by the actions of the ECFMG. Dr. Tulp indicated in his deposition with regards to damages the following: when the ECFMG posted a warning on the WDOMS before the hearing with ECFMG. At that time, virtually all payments to USAT stopped and there was a mass exodus of students. Dr. Tulp indicated that ECFMG cost USAT over a thousand students and their medical careers. (Tulp deposition at JA0511). Dr. Tulp also indicated "The uncollectible tuitions as of October 1st up to,

4

you now, from at that point over $41.2 million. These are students that are paying a little bit each month as they could, waiting to get their documents." (Tulp deposition at JA0513).

**RESPONSE:** This statement consists of improper legal conclusions and there are no facts for ECFMG to recognize as disputed or undisputed. To the extent that a response is required, this paragraph is disputed in part but immaterial. Dr. Tulp points to no facts in the record supporting his contention that it is too late to have another hearing. Although ECFMG does not dispute that Dr. Tulp made allegations regarding his damages in his Complaint and at his deposition, ECFMG disputes Dr. Tulp's characterization of those alleged damages. The evidence shows that ECFMG posted truthful factual information on the World Directory regarding how it would proceed with applications from USAT students (so that the impacted students could be aware and proceed accordingly), not information about Dr. Tulp's irregular behavior proceedings or finding. SOF ¶¶ 69–75. Dr. Tulp has presented no evidence to support his contentions regarding a mass exodus of students from USAT and uncollected tuition payments. Even if he had, the disputed facts are immaterial to the question of whether Dr. Tulp had notice and an opportunity to be heard in connection with his irregular behavior finding.

9.   According to ECFMG procedure, no witnesses or evidence were presented at the administrative hearing of Dr. Tulp. (Number 14 on Plaintiff's Appendix, Transcript of ECFMG Hearing for Dr. Tulp (11-28-18), PA0670-PA0702).

**RESPONSE:** Disputed in part but immaterial. ECFMG's standard practice is to present copies of all written materials to be considered by the Medical Education Credentials Committee and to give the subject of the irregular behavior proceedings the opportunity to be heard and make a personal appearance before the Committee. SOF ¶ 35, 39; JA0197, JA0209. Consistent with this practice, ECFMG provided the written materials considered by the Medical Education Credentials Committee and Dr. Tulp was provided with an opportunity to serve as a witness and testify, although he refused to do so. SOF ¶¶ 44–46, 48, 55–56, 62. The disputed facts are

5

immaterial to the question of whether Dr. Tulp had notice and an opportunity to be heard in connection with his irregular behavior finding.

10. The ECFMG refused to define "campus" when asked prior to the 11/28/19 hearing, but insisted that Dr. Tulp define it for the ECFMG. (PA0668).

**RESPONSE:** Disputed but immaterial. As ECFMG uses the word campus in its common parlance, ECFMG asked Dr. Tulp what *he* meant by "campus" when he said that USAT did not have a campus in the United States, especially since Dr. Tulp's answer conflicted with information that USAT had been offering classes in the United States. SOF ¶¶ 22-33, 57. Dr. Tulp himself used the same common meaning of the word "campus" prior to this litigation. JA0254. The disputed facts are immaterial to the question of whether Dr. Tulp had notice and an opportunity to be heard in connection with his irregular behavior finding.

11. Nowhere in the rules or regulations of the ECFMG, is it stated who has the burden of proof at the hearing. Not reasonably disputed.

**RESPONSE:** Disputed but immaterial. ECFMG incorporates by reference its response to Paragraph 5. ECFMG's policies indicate the processes through which ECFMG presents the evidentiary basis underlying irregular behavior allegations and the process through which those alleged to have committed irregular behavior may respond to those allegations. SOF ¶3. This disputed fact is immaterial to the question of whether Dr. Tulp had notice and an opportunity to be heard in connection with his irregular behavior finding.

12. The ECFMG conducted the administrative hearing as if Dr. Tulp had the burden to prove his innocence without any evidence introduced against him. (Number 14 on Plaintiff's Appendix, Transcript of ECFMG Hearing for Dr. Tulp (11-28-18), PA0670-PA0702).

**RESPONSE:** This paragraph is disputed but not material. ECFMG incorporates by reference its responses to Paragraphs 5 and 11. Dr. Tulp did not have the burden of proof and was never told that he had the burden of proof. SOF ¶¶ 35, 37, 40, 42, 43, 45, 48, 51–55, 59–62.

ECFMG's policies indicate the processes through which ECFMG presents the evidentiary basis underlying irregular behavior allegations and the process through which those alleged to have committed irregular behavior may respond to those allegations. SOF ¶3. Substantial evidence supporting Dr. Tulp's irregular behavior finding was presented to the Medical Education Credentials Committee and disclosed to Dr. Tulp and his counsel before and during the irregular behavior proceeding. SOF ¶¶ 21–46. Dr. Tulp's reference to "evidence introduced" is disputed as misleading because ECFMG does not have a process whereby materials presented to the Medical Education Credentials Committee can be "introduced" at the irregular behavior proceedings. SOF ¶¶ 48, 52; JA0198. The disputed facts are immaterial to the question of whether Dr. Tulp had notice and an opportunity to be heard in connection with his irregular behavior finding.

Dated: June 20, 2019

Respectfully submitted,

*/s/ Elisa P. McEnroe*
Elisa P. McEnroe, PA Bar No. 206143
Matthew D. Klayman, PA Bar No. 319105
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:     +1.215.963.5917
Facsimile:      +1.215.963.5001
elisa.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

*Attorneys for the Educational Commission for Foreign Medical Graduates*